CLOSED, DISCMAG, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00507-TJW-CE

Rembrandt Technologies, LP v. Charter Communications, Inc., et al
Assigned to: Judge T. John Ward
Referred to: Magistrate Judge Charles Everingham
Cause: 35:271 Patent Infringement

Date Filed: 11/30/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Rembrandt Technologies, LP**

represented by **Max Lalon Tribble, Jr**
Susman Godfrey LLP
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/651-9366
Fax: 17136546666
Email: mtribble@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Wesley Spangler**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903-236-9800
Fax: 19032368787
Email: aspangler@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Brooke Ashley-May Taylor**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/516-3880
Fax: 206/516-3883
Email: btaylor@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114
Tyler, TX 75702

US
903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Collin Michael Maloney**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Edgar G Sargent**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/516-3804
Fax: 206/516-3883
Email: esargent@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Elizabeth L DeRieux**
Brown McCarroll
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 9032368787
Email: ederieux@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**James Patrick Kelley**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500

Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: patkelley@icklaw.com
*ATTORNEY TO BE NOTICED*

**Joseph Samuel Grinstein**
Susman Godfrey - Houston
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/651-9366
Fax: 7136546666
Email: jgrinstein@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Matthew R Berry**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/373-7394
Fax: 206/516-3883
Email: mberry@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Otis W Carroll, Jr**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: Fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702

903/531-3535
Fax: 9035339687
Email: rmparker@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Sidney Calvin Capshaw, III**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 19032368787
Email: ccapshaw@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Tibor L. Nagy**
Susman Godfrey - Houston
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/653-7850
Fax: 713/654-6102
Email: tnagy@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Charter Communications, Inc.**          represented by  **Allen Franklin Gardner**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597-8311
Email: allengardner@potterminton.com

*ATTORNEY TO BE NOTICED*

**Bradford P Lyerla**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: blyerla@marshallip.com
*ATTORNEY TO BE NOTICED*

**Charles Edward Juister**

Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: cjuister@marshallip.com
*ATTORNEY TO BE NOTICED*

**Gregory E Stanton**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: gstanton@marshallip.com
*ATTORNEY TO BE NOTICED*

**Jon-Thomas Bloch**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: jbloch@marshallip.com
*ATTORNEY TO BE NOTICED*

**Kevin D Hogg**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 317/474-0448
Email: khogg@marshallip.com
*ATTORNEY TO BE NOTICED*

**Margaret Lynn Begalle**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: Mbegalle@marshallip.com
*ATTORNEY TO BE NOTICED*

**Michael Edwin Jones**

Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597/8311
Fax: 9035930846
Email: mikejones@potterminton.com
*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: pstephens@marshallip.com
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: wkramer@marshallip.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charter Communications Operating, LLC**          represented by   **Allen Franklin Gardner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradford P Lyerla**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Edward Juister**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory E Stanton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon-Thomas Bloch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret Lynn Begalle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Edwin Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Coxcom, Inc.,**                    represented by  **Allen Franklin Gardner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leroy M Toliver**
Kilpatrick Stockton
1100 Peachtree St
Suite 2800
Atlanta, GA 30309
404/815-6483
Fax: 404/541-3274
Email: btoliver@kilpatrickstockton.com

*ATTORNEY TO BE NOTICED*

**Michael Edwin Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mitchell G Stockwell**
Kilpatrick Stockton LLP
1100 Peachtree St
Ste 2800
Atlanta, GA 30309-4530
404/815-6214
Fax: 14048156555
Email:
mstockwell@kilpatrickstockton.com
*ATTORNEY TO BE NOTICED*

**Tonya R Deem**
Kilpatrick Stockton LLP NC

1001 W Fourth Street
Winston-Salem, NC 27101
336-607-7485
Fax: 336-607-7500
Email: tdeem@kilpatrickstockton.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Coxcom, Inc.,**

**Counter Claimant**

**Charter Communications, Inc.**

**Counter Claimant**

**Charter Communications Operating,
LLC**

V.

**Counter Defendant**

**Rembrandt Technologies, LP**          represented by  **Tibor L. Nagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2006 | 1 | COMPLAINT with JURY DEMAND against Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 # 2 # 3 # 4 # 5)(ehs, ) Additional attachment(s) added on 12/1/2006 (ehs, ). (Entered: 12/01/2006) |
| 11/30/2006 | 2 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | | E-GOV SEALED SUMMONS Issued as to Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc.,. (ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | 3 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 12/01/2006) |
| 12/01/2006 | 4 | AMENDED COMPLAINT *(First Amended Complaint)* against all defendants, filed by Rembrandt Technologies, LP. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E) (DeRieux, Elizabeth) Additional attachment(s) added on 12/1/2006 (ehs, ). (Entered: 12/01/2006) |
| 12/04/2006 | | Filing fee: $ 350.00, receipt number 2-1-2128 (ch, ) (Entered: 12/05/2006) |

| 12/07/2006 | 5 | NOTICE of Attorney Appearance by Robert M Parker on behalf of Rembrandt Technologies, LP (Parker, Robert) (Entered: 12/07/2006) |
|---|---|---|
| 12/07/2006 | 6 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 12/07/2006) |
| 12/07/2006 | 7 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 12/07/2006) |
| 12/12/2006 | 8 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 12/12/2006) |
| 12/12/2006 | 9 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications, Inc. served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/12/2006 | 10 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications Operating, LLC served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/12/2006 | 11 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Coxcom, Inc., served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/21/2006 | 12 | MOTION for Extension of Time to File Answer re 4 Amended Complaint, by Charter Communications, Inc., Charter Communications Operating, LLC. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 12/21/2006) |
| 12/28/2006 | 13 | Consent MOTION for Extension of Time to File Answer re 4 Amended Complaint, by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order) (Jones, Michael) (Entered: 12/28/2006) |
| 12/28/2006 | 14 | APPLICATION to Appear Pro Hac Vice by Attorney Margaret Lynn Begalle for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 15 | APPLICATION to Appear Pro Hac Vice by Attorney Jon-Thomas Bloch for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 16 | APPLICATION to Appear Pro Hac Vice by Attorney Charles Edward Juister for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 17 | APPLICATION to Appear Pro Hac Vice by Attorney William Joseph Kramer for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 18 | APPLICATION to Appear Pro Hac Vice by Attorney Bradford P Lyerla for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 19 | APPLICATION to Appear Pro Hac Vice by Attorney Gregory E Stanton for Charter Communications, Inc. and Charter Communications |

| | | |
|---|---|---|
| | | Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 20 | APPLICATION to Appear Pro Hac Vice by Attorney Paul Bryan Stephens for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 28 | APPLICATION to Appear Pro Hac Vice by Attorney Kevin D Hogg for Rembrandt Technologies, LP. APPROVED (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Filing fee: $ 25., receipt number 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | 29 | APPLICATION to Appear Pro Hac Vice by Attorney Bradford P Lyerla for Charter Communications, Inc. and Charter Communications Operating, LLC.APPROVED (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Filing fee: $ 25., receipt number 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Filing fee: $ 25., receipt number 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Pro Hac Vice Filing fee paid by Juister; Fee: $25, receipt number: 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Pro Hac Vice Filing fee paid by Kramer; Fee: $25, receipt number: 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Pro Hac Vice Filing fee paid by Begalle; Fee: $25, receipt number: 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | 33 | APPLICATION to Appear Pro Hac Vice by Attorney Jon-Thomas Bloch for Charter Communications, Inc. and Charter Communications Operating, LLC. APPROVED (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Pro Hac Vice Filing fee paid by Bloch; Fee: $25, receipt number: 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | 34 | APPLICATION to Appear Pro Hac Vice by Attorney Paul Bryan Stephens for Charter Communications, Inc. and Charter Communications Operating, LLC.APPROVED (poa, ) (Entered: 01/04/2007) |
| 12/29/2006 | | Pro Hac Vice Filing fee paid by Margaret Begalle, Jon-Thomas Bloch, Charles Juister, William Kramer, Bradford Lyerla, Gregory Stanton, Paul Stephens; Fee: $175.00, receipt number: 6-1-8131 (ehs, ) (Entered: 12/29/2006) |
| 01/03/2007 | 21 | NOTICE of Attorney Appearance by Matthew R. Berry on behalf of Rembrandt Technologies, LP (Berry, Matthew) (Entered: 01/03/2007) |
| 01/03/2007 | 22 | NOTICE of Attorney Appearance by Brooke Ashley-May Taylor on behalf of Rembrandt Technologies, LP (Taylor, Brooke) (Entered: 01/03/2007) |
| 01/03/2007 | 23 | NOTICE of Attorney Appearance by Joseph Samuel Grinstein on behalf of Rembrandt Technologies, LP (Grinstein, Joseph) (Entered: 01/03/2007) |
| 01/03/2007 | 24 | NOTICE of Attorney Appearance by Sidney Calvin Capshaw, III on |

| | | |
|---|---|---|
| | | behalf of Rembrandt Technologies, LP (Capshaw, Sidney) Modified on 1/4/2007 (mpv, ). (Entered: 01/03/2007) |
| 01/03/2007 | 25 | NOTICE of Attorney Appearance by Andrew Wesley Spangler on behalf of Rembrandt Technologies, LP (Spangler, Andrew) (Entered: 01/03/2007) |
| 01/03/2007 | 26 | ORDER granting 12 Motion for Extension of Time to Answer re 4 Amended Complaint. The time for Defendant Charter to answer, move or otherwise respond is extended to 1/23/07 . Signed by Judge Leonard Davis on 1/3/07. (kjr, ) (Entered: 01/04/2007) |
| 01/03/2007 | 27 | ORDER granting 13 Motion for Extension of Time to Answer re 4 Amended Complaint. The time for Defendant Coxcom Inc. to answer, move or otherwise respond is extended to 1/23/07 . Signed by Judge Leonard Davis on 1/3/07. (kjr, ) (Entered: 01/04/2007) |
| 01/03/2007 | | Answer Due Deadline Updated for Charter Communications, Inc. to 1/23/2007; Charter Communications Operating, LLC to 1/23/2007; Coxcom, Inc., to 1/23/2007. (kjr, ) (Entered: 01/04/2007) |
| 01/04/2007 | 30 | DOCKETED IN ERROR. SEE CORRECT DOCUMENT #16*** <br><br> APPLICATION to Appear Pro Hac Vice by Attorney Charles Edward Juister for Charter Communications, Inc. and Charter Communications Operating, LLC.APPROVED (poa, ) Modified on 1/4/2007 (Entered: 01/04/2007) |
| 01/04/2007 | 31 | ***DOCKETED IN ERROR. SEE CORRECT DOCUMENT # 17*** <br><br> APPLICATION to Appear Pro Hac Vice by Attorney William Joseph Kramer for Charter Communications, Inc. and Charter Communications Operating, LLC. APPROVED (poa, ) Modified on 1/4/2007 (ch, ). (Entered: 01/04/2007) |
| 01/04/2007 | 32 | ***DOCKETED IN ERROR. SEE CORRECT DOCUMENT # 14*** <br><br> APPLICATION to Appear Pro Hac Vice by Attorney Margaret Lynn Begalle for Charter Communications, Inc. and Charter Communications Operating, LLC. APPROVED (poa, ) Modified on 1/5/2007 (ch, ). (Entered: 01/04/2007) |
| 01/11/2007 | 38 | APPLICATION to Appear Pro Hac Vice by Attorney Leroy M Toliver for Coxcom, Inc.. (ch, ) (Entered: 01/16/2007) |
| 01/11/2007 | | Pro Hac Vice Filing fee paid by Toliver; Fee: $25, receipt number: 2-1-2200 (ch, ) (Entered: 01/16/2007) |
| 01/11/2007 | 39 | APPLICATION to Appear Pro Hac Vice by Attorney Mitchell G Stockwell for Coxcom, Inc.. (ch, ) (Entered: 01/16/2007) |
| 01/11/2007 | | Pro Hac Vice Filing fee paid by Stockwell; Fee: $25, receipt number: 2- |

| | | |
|---|---|---|
| | | 1-2201 (ch, ) (Entered: 01/16/2007) |
| 01/12/2007 | 40 | APPLICATION to Appear Pro Hac Vice by Attorney Edgar G Sargent for Rembrandt Technologies, LP. (ch, ) (Entered: 01/19/2007) |
| 01/12/2007 | | Pro Hac Vice Filing fee paid by Sargent; Fee: $25, receipt number: 2-1-2207 (ch, ) (Entered: 01/19/2007) |
| 01/15/2007 | 35 | NOTICE of Attorney Appearance by Otis W Carroll, Jr on behalf of Rembrandt Technologies, LP (Carroll, Otis) (Entered: 01/15/2007) |
| 01/15/2007 | 36 | NOTICE of Attorney Appearance by Collin Michael Maloney on behalf of Rembrandt Technologies, LP (Maloney, Collin) (Entered: 01/15/2007) |
| 01/15/2007 | 37 | NOTICE of Attorney Appearance by James Patrick Kelley on behalf of Rembrandt Technologies, LP (Kelley, James) (Entered: 01/15/2007) |
| 01/22/2007 | 41 | Consent MOTION for Extension of Time to File Answer re 4 Amended Complaint, by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order) (Jones, Michael) (Entered: 01/22/2007) |
| 01/23/2007 | 42 | ANSWER to Amended Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Charter Communications, Inc., Charter Communications Operating, LLC.(Jones, Michael) (Entered: 01/23/2007) |
| 01/23/2007 | 43 | CORPORATE DISCLOSURE STATEMENT filed by Charter Communications, Inc., Charter Communications Operating, LLC identifying Charter Communications, Inc. as Corporate Parent. (Jones, Michael) (Entered: 01/23/2007) |
| 01/23/2007 | 44 | ORDER granting 41 Motion for Extension of Time to Answer. Answer deadline extended to 1/26/07 . Signed by Judge Leonard Davis on 1/23/07. (ehs, ) (Entered: 01/23/2007) |
| 01/26/2007 | 45 | MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof* by Coxcom, Inc.,. (Attachments: # 1 Declaration of J. Spalding# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3A-C# 5 Exhibit 3D-E# 6 Exhibit 4# 7 Exhibit 5A-C# 8 Exhibit 6# 9 Exhibit 7# 10 Exhibit 8A-D# 11 Exhibit 9# 12 Exhibit 10A-B# 13 Text of Proposed Order Re: Personal Jurisdiction# 14 Text of Proposed Order Re: Subject Matter Jurisdiction# 15 Text of Proposed Order Re: Transfer to Delaware)(Jones, Michael) (Entered: 01/26/2007) |
| 01/26/2007 | 46 | MOTION to Change Venue/Transfer case *Contained in #45; proposed order attached to #45* by Coxcom, Inc.,. (mpv, ) (Entered: 01/29/2007) |
| 01/29/2007 | 47 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Charter Communications, Inc., Charter Communications Operating, LLC (Gardner, Allen) (Entered: 01/29/2007) |
| 01/29/2007 | 48 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Coxcom, Inc., (Gardner, Allen) (Entered: 01/29/2007) |
| 01/31/2007 | 49 | NOTICE of Attorney Appearance by Tibor L. Nagy on behalf of |

| | | |
|---|---|---|
| | | Rembrandt Technologies, LP (Nagy, Tibor) (Entered: 01/31/2007) |
| 02/02/2007 | 50 | MOTION for Extension of Time to File Response/Reply as to 45 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Nagy, Tibor) (Entered: 02/02/2007) |
| 02/05/2007 | 51 | ORDER granting 50 Rembrandt Technologies, LP to respond to the motion to dismiss filed by dft CoxCom, Inc is moved from 2/12/07 to 2/23/07. Signed by Judge Leonard Davis on 2/5/07. (djh, ) (Entered: 02/05/2007) |
| 02/05/2007 | 52 | NOTICE by Rembrandt Technologies, LP *Notice of Related Action Currently Pending Before The Honorable T. John Ward* (Nagy, Tibor) (Entered: 02/05/2007) |
| 02/12/2007 | 53 | *Plaintiff's* ANSWER to Counterclaim *of Defendants, Charter Communications, INc., Charter Communications Operating, LLC and Coxcom, Inc.* by Rembrandt Technologies, LP.(Nagy, Tibor) (Entered: 02/12/2007) |
| 02/13/2007 | 54 | ORDER - the court Transfers this case to the Honorable T. John Ward. Signed by Judge Leonard Davis on 2/13/07. (ch, ) (Entered: 02/13/2007) |
| 02/14/2007 | 55 | APPLICATION to Appear Pro Hac Vice by Attorney Tonya R Deem for Coxcom, Inc.(FEE PAID). (ch, ) (Entered: 02/15/2007) |
| 02/23/2007 | 56 | RESPONSE in Opposition re 45 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof TO COXCOM, INC.'S MOTION TO DISMISS* filed by Rembrandt Technologies, LP. (Attachments: # 1 Affidavit of Tibor L. Nagy# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E.1# 7 Exhibit E.2# 8 Exhibit F# 9 Exhibit G# 10 Exhibit H# 11 Exhibit I# 12 Exhibit J)(Nagy, Tibor) (Entered: 02/23/2007) |
| 03/05/2007 | 57 | REPLY to Response to Motion re 45 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof* filed by Coxcom, Inc.,. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Jones, Michael) (Entered: 03/05/2007) |
| 03/08/2007 | 58 | SUR-REPLY to Reply to Response to Motion re 45 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof* filed by Rembrandt Technologies, LP. (Nagy, Tibor) (Entered: 03/08/2007) |
| 03/09/2007 | 59 | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # 1 MDL Motion for Transfer and Consolidation# 2 Motion Ex. A# 3 Motion Ex. B# 4 MDL Memorandum# 5 MDL Exhibit List# 6 MDL Notice of Appearance# 7 |

| | | |
|---|---|---|
| | | MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 60 | Additional Attachments to Main Document: 59 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDL Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 MDL Ex. 17# 18 MDL Ex. 18# 19 MDL Ex. 19# 20 MDL Ex. 20# 21 MDL Ex. 21# 22 MDL Ex. 22# 23 MDL Ex. 23# 24 MDL Ex. 24# 25 MDL Ex. 25# 26 MDL Ex. 26# 27 MDL Ex. 27# 28 MDL Ex. 28# 29 MDL Ex. 29# 30 MDL Ex. 30# 31 MDL Ex. 31# 32 MDL Ex. 32# 33 MDL Ex. 33# 34 MDL Ex. 34# 35 MDL Ex. 35# 36 MDL Ex. 36# 37 MDL Ex. 37# 38 MDL Ex. 38# 39 MDL Ex. 39# 40 MDL Ex. 40# 41 MDL Ex. 41# 42 MDL Ex. 42# 43 MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/29/2007 | 61 | NOTICE by Coxcom, Inc., re 45 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof of Supplemental Authority Supporting its Motion to Transfer* (Jones, Michael) (Entered: 03/29/2007) |
| 03/30/2007 | 62 | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # 1 Exhibit Discovery Order and Docket Control Order) (Taylor, Brooke) (Entered: 03/30/2007) |
| 04/05/2007 | 63 | NOTICE by Rembrandt Technologies, LP re 60 Additional Attachments to Main Document,,,, 59 Notice (Other), Notice (Other) *Notice of Filing Opposition to CoxComs Motion for Transfer and Consolidation* (Attachments: # 1 Exhibit Rembrandts Brief in Opposition to CoxComs Motion For Transfer and Consolidation# 2 Exhibit Exhibit List# 3 Exhibit Opposition Brief Exh 1# 4 Exhibit Opposition Brief Exh 2# 5 Exhibit Opposition Brief Exh 3# 6 Exhibit Opposition Brief Exh 4# 7 Exhibit Opposition Brief Exh 5# 8 Exhibit Opposition Brief Exh 6# 9 Exhibit Opposition Brief Exh 7# 10 Exhibit Opposition Brief Exh 8# 11 Exhibit Opposition Brief Exh 9# 12 Exhibit Opposition Brief Exh 10# 13 Exhibit Exhibit 11# 14 Exhibit Exhibit 12# 15 Exhibit Opposition Brief Exh 13# 16 Exhibit Response to CoxComs Motion for Transfer and Consolidation# 17 Exhibit Reasons Why Oral Argument Should Be Heard# 18 Exhibit Proof of Service)(Taylor, Brooke) (Entered: 04/05/2007) |
| 04/18/2007 | 64 | ORDER - referring case to Magistrate Judge Charles Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedings pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/18/07. (ch, ) (Entered: 04/18/2007) |
| 04/18/2007 | 65 | NOTICE by Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |

| 04/19/2007 | 66 | ORDER- REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
|---|---|---|
| 04/19/2007 | 67 | DOCKET CONTROL ORDER Respond to Amended Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007. Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/24/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs to be exchanged by parties 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/24/2007 | 68 | NOTICE by Rembrandt Technologies, LP *Of Proposed Protective Order* (Attachments: # 1 Text of Proposed Order Proposed Protective Order) (Taylor, Brooke) CORRECTED PROPOSED PROTECTIVE ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| 04/24/2007 | 69 | NOTICE by Rembrandt Technologies, LP *Re Electronic Production* (Taylor, Brooke) (Entered: 04/24/2007) |
| 04/25/2007 | | NOTICE re 68 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER ADDED BY CLERK (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 70 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 | | TRANSCRIPT of Proceedings held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: 05/03/2007) |
| 05/03/2007 | 72 | NOTICE by Charter Communications, Inc., Charter Communications Operating, LLC *of Disclosures* (Gardner, Allen) (Entered: 05/03/2007) |
| 05/04/2007 | 73 | NOTICE of Disclosure by Coxcom, Inc.,, Coxcom, Inc., *Notice of Service of Initial Disclosures* (Stockwell, Mitchell) (Entered: 05/04/2007) |
| 05/04/2007 | 74 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
| 05/07/2007 | 75 | NOTICE of Disclosure by Rembrandt Technologies, LP (Berry, Matthew) (Entered: 05/07/2007) |
| 05/23/2007 | 76 | NOTICE of Disclosure by Rembrandt Technologies, LP (Taylor, Brooke) (Entered: 05/23/2007) |
| 06/04/2007 | 77 | Joint MOTION to Amend/Correct *Docket Control Order* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order Order Granting Motion to Amend)(Taylor, Brooke) (Entered: 06/04/2007) |

| 06/06/2007 | 78 | ORDER granting 77 Motion to Amend/Correct. Docket Control Order is amended to move date to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/12/2007 | 79 | NOTICE of Disclosure by Rembrandt Technologies, LP *Regarding Compliance with Paragraph 3(b) of the Discovery Order* (Berry, Matthew) (Entered: 06/12/2007) |
| 06/13/2007 | 80 | **PLEASE IGNORE - PLEADING REFILED AS DOC #82**NOTICE of Disclosure by Coxcom, Inc., (Gardner, Allen) Modified on 6/14/2007 (rml, ). (Entered: 06/13/2007) |
| 06/14/2007 | 81 | NOTICE of Disclosure by Charter Communications, Inc., Charter Communications Operating, LLC *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) (Entered: 06/14/2007) |
| 06/14/2007 | 82 | ***REPLACES #80***<br><br>NOTICE of Disclosure by Coxcom, Inc., *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) Modified on 6/14/2007 (mpv, ). (Entered: 06/14/2007) |
| 06/14/2007 | | ***FILED IN ERROR. PLEASE IGNORE Document # 80, Notice of disclosure. DOCUMENT REFILED AS #82.***<br><br>(rml, ) (Entered: 06/14/2007) |
| 06/21/2007 | 83 | NOTICE by Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/25/2007 | 84 | Interdistrict transfer to the District of Delaware, Wilmington DE. Pursuant to letter Elizabth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and letter were mailed to the Federal Blding, Lockbox 18, 844 N. King Street,Wilmington, DE (ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/29/2007 09:21:32 | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00507-TJW-CE |
| **Billable Pages:** | 9 | **Cost:** | 0.72 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, L.P.<br>                    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br>CHARTER COMMUNICATIONS<br>OPERATING, LLC, and COXCOM, INC.,<br>                    Defendants. | CASE NO. 2:06-CV-507 [TJW] |

## DEFENDANT COXCOM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant CoxCom files this Reply to Rembrandt's Opposition and in further support of its motion to dismiss.

### I.      ARGUMENT AND LEGAL AUTHORITY

**A.      Dismissal is Appropriate Under the First to File Rule.**

1.      Federal Circuit Law Applies the First to File Rule and Does Not Require the Same Patents at Issue.

While the Federal Circuit has recognized a few exceptions to the generally-applicable first to file rule, it continues to enforce the rule and only recognizes exceptions when there are additional facts in the case that would make it unjust or inefficient to continue the first-filed case. *See, e.g.*, *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) ("[t]here must . . . be sound reason that would make it unjust or inefficient to continue the first-filed action), *overruled in part on other grounds by, Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (the first to file rule should generally be followed in patent cases absent a "sound reason" that would make proceeding unjust or unreasonable).  There are no such facts in this case.  In fact, Rembrandt has sued Cablevision for infringement of the '903 Patent and other patents in the District of Delaware.  (Mot. to

1

Dismiss, Ex. 7.)  That action is pending in the same judicial district and before the same judge as

CoxCom's first-filed action.  Moreover, Judge Steele, of the District of Delaware, has already

expressed an interest in at least coordinating discovery between the various Rembrandt actions

pending in Delaware.  (Exhibit 1 at 3-4.)

 The Federal Circuit has not held, as Rembrandt urges, that "the same patents and the

same parties" are required to constitute parallel actions for the purposes of the first to file rule.

(Opp'n. at 4.)  Rembrandt's "same patents and same parties" test stems from language in which

the Federal Circuit defined a term for use in its opinion.  *Id.; see Lab. Corp. of Am. Holdings v.*

*Chiron Corp.*, 384 F.3d 1326 (Fed. Cir.  2004).  However, the Federal Circuit did <u>not</u> hold,

because the question was not presented, that actions require the same patents and the same

parties to be suitable for first to file treatment.  *See Lab. Corp. of Am. Holdings*, 384 F.3d at

1332-33.  If the first-filed action "can resolve the various legal relations in dispute and afford

relief from the controversy that gave rise to the proceeding, and absent sound reason for a change

of forum," the action should proceed.  *Genentech*, 998 F.2d at 938.  In this case, and in the

Delaware Action, all of the patents are directed to the same functionality, operability,  and

communications step.  Specifically, the patents are directed to facilitating communications

between a modem, a receiver, and a controller, and to providing high speed internet access

through the cable system with cable modems communicating with head-ends.  Therefore, the

Delaware court must resolve the same or substantially similar issues to address the invalidity and

non-infringement of the '903 Patent, as those to be addressed for the patents at issue here.

  2. <u>Filing On the Same Day Does Not Prevent Application of the First to File Rule,</u>
    <u>and Rembrandt's Cited Case Law is Distinguishable.</u>

 Rembrandt argues that the first to file rule does not apply because the two lawsuits were

filed in the same day, with CoxCom's declaratory judgment action filed four hours prior to this

2

action.  (Opp'n. at 5-6.)  In making its argument, Rembrandt relies on several district court

opinions, while ignoring <u>controlling</u> Federal Circuit precedent.  (*Id.* at 5 n.15.)  Each of the cases

cited by Rembrandt precede *Lab. Corp. of Am. Holdings*, in which the Federal Circuit affirmed

the district court's order staying a second-filed, infringement action that was <u>filed four and one</u>

<u>half hours</u> after a declaratory judgment action.  384 F. 3d at 1327.  Moreover, unlike the instant

action, none of the cases cited by Rembrandt are patent cases and thus are not governed by

Federal Circuit precedent.  Finally, although Rembrandt asserts that *Beverlly Jewerlly Co., Ltd.*

*v. Tacori Enter.*, No. 1:06-cv-1967, 2006 WL 3304218 (N.D. Ohio Nov. 13, 2006), is an outlier,

it is consistent with Federal Circuit law as set forth in *Lab. Corp. of Am. Holdings.*

     3.    <u>This Case Substantially Overlaps With the Delaware Action, and Application of</u>
            <u>the First to File Rule is Appropriate.</u>

Continuing its erroneous mantra that the first to file rule only applies when the actions

involve exactly the same parties and exactly the same patents, Rembrandt, relies on *Cummins-*

*Allison Corp. v. Glory, Ltd.*, Civ. A. 2-03-CV-358TJ, 2004 WL 1635534 (E.D. Tex. May 26,

2004) and *Datamize, Inc. v. Fidelity Brokerage Services, LLC*, No. 2:03-CV-321-DF, 2004 WL

1683171 (E.D. Tex. Sept. 5, 2003), to contend that the Fifth Circuit's "substantial overlap" test is

as narrow as the non-existent "same parties, same patents" test it seeks to attribute to the Federal

Circuit.  (Opp'n. at 6-8.)  CoxCom does not dispute that Federal Circuit law controls.

*Genentech*, 998 F.2d at 937.  But, there is no practical difference between the Federal Circuit and

Fifth Circuit standards.  Indeed, this district applied the Fifth Circuit standard in both *Cummins-*

*Allison* and *Datamize*, demonstrating that it and the Federal Circuit standard are substantially the

same, and, likely, are virtually identical.  *See Cummins-Allison Corp. v. Glory, Ltd.*, No. 2:03-

CV-358TJ, 2004 WL 1635534 (E.D. Tex. May 26, 2004) and *Datamize, Inc. v. Fidelity*

*Brokerage Services, LLC*, No. 2:03-CV-321-DF, 2004 WL 1683171 (E.D. Tex. Sept. 5, 2003).

3

Most importantly, *Cummins-Allison* and *Datamize* are distinguishable from the instant action for determining whether or not the first to file rule is applicable. For example, in *Datamize*, although the patents at issue were related, the court concluded that the two opposing suits involved "different defendants, . . . different accused products, and a different industry." *Datamize*, 2004 WL 1683171, at *4. Thus, there was "[n]o substantial overlap" because the accused products were products from different industries. *Id.* at *5 (emphasis added). In contrast to *Datamize*, this action and the Delaware Action involve the same parties (CoxCom and Rembrandt), the same accused activity (providing high-speed internet services), and at least one of the same patents (the '903 Patent).[1] Moreover, this action and the Delaware Action accuse the same technology and the same industry standard—DOCSIS.

In *Cummins-Allison*, the court held that "[t]he cases need not be identical to be duplicative." 2004 WL 1635534, at *2. While Rembrandt is correct that the court declined to transfer a suit with different but overlapping patents, the court's ruling was based on considerations of judicial efficiency. *Id.* at *4. In the first Illinois action, discovery was only a week away from the completion when the plaintiff requested leave to amend its complaint to add the three patents at issue in the later cases. The Illinois court found that it would not be in the interest of judicial efficiency to add those patents at that stage of the litigation. The plaintiff then instituted an infringement action in Texas for the patents it was not allowed to add in Illinois. The defendant filed a subsequent declaratory judgment action in Illinois over the same three

---

[1] Tellingly, Rembrandt states at least four times throughout its Response that it "voluntarily added the '903 patent to this suit the next day as a prophylactic measure and for reasons for judicial economy." (Opp'n. at 2,4, and 6.) This basically self-serving statement is made without further explanation or evidentiary support. Rembrandt cannot escape that it filed suit in both Delaware and Texas prior to filing this action against CoxCom. Rembrandt, in amending its complaint, also added the '903 Patent to its suits against Charter and Comcast, neither of which had filed declaratory judgment actions. Therefore, Rembrandt's continual statements that it amended its complaint to protect itself and for the Court's best interests are dubious at best.

4

patents.  The judge in that action set a scheduling order, but deferred the decision of which case should go forward to the *first-filed* case in Texas.  *Id.* at *3.  The Texas court found that it had jurisdiction between itself and  subsequent second action filed in Illinois based on the first to file rule.  However, it noted with approval that the discovery, depositions, and claim constructions made in the prior Illinois case would be helpful in its case.  *Id.*

In this action, however, the parallel Delaware action has not proceeded beyond the complaint, answer, and introductory motion stages.  No discovery has been taken, and no scheduling order has been issued.  The cases are at the same point.  Therefore, Rembrandt's reliance on these two cases is misplaced, and the first to file rule is applicable to this case and its parallel Delaware Action.

4.    The Action Can be Successfully Adjudicated in Delaware.

Rembrandt also contends that the first to file rule does not apply because there are other cases pending in this district involving Rembrandt and, therefore, dismissal and transfer would result in waste and duplication.  (Opp'n. at 9-10.)  However, Rembrandt has filed related litigation in Delaware as well, rendering this argument inapplicable.  (Mot. to Dismiss, Exs. 7 and 8A-8D.)

Rembrandt nonetheless seeks to bolster this claim by citing an Order by Judge Folsom in *Visto Corp. v. Microsoft Corp.*, No. 2:05-CV-546 (DF), denying a motion to transfer.  In that case, the plaintiff, Visto, had a long history of filing cases in this District, and this Court's knowledge of the technology created efficiencies, which justified keeping all of the subsequently-filed cases here.  *See* Exhibit 2 at 6, 8, attached hereto.  Notably, and unlike the instant action, the earlier Visto cases were filed years before the actions at issue, and one of them had even completed trial.  Ex. 2 at 3.  Here, while Rembrandt has filed other cases in this district,

5

the ones involving the same patents at issue here were either filed the same day as this case or a month earlier. *See Rembrandt v. Comcast*, No. 2:06-cv-506-TJW (filed on the same day); *Rembrandt v. Time Warner Cable*, No. 2:06-cv-369-TJW (filed a month earlier). This Court, therefore, does not have the same technical advantage that justified the denial of the transfer in *Visto*. Thus, there is no substantial institutional knowledge and background regarding the Patents In Suit that justifies making an exception to the first to file rule and not transferring the matter to Delaware.

**B.      Dismissal is Also Appropriate Because This Court Lacks Personal Jurisdiction Over CoxCom.**

 1. <u>CoxCom is Not Purposefully Directing Activity at Texas or Toward the Residents of Texas.</u>

In 2003, with the exception of a POP node in Dallas, CoxCom assigned all of its Texas assets to Cox Southwest. (Spalding Decl. ¶ 7.) As a result, CoxCom does no business in Texas, owns no assets in Texas, keeps no records in Texas, has no employees in Texas, and does not own or operate any cable systems in Texas. (*Id.* ¶¶ 4, 6.) CoxCom's actions in Texas have not been "continuous and systematic," and, in fact, have been <u>intentionally discontinued</u>.

 2. <u>The Activities of Affiliates of Cox Communications are Irrelevant to Whether This Court Should Exercise Jurisdiction Over CoxCom.</u>

Absent evidence of an alter ego arrangement, the activities of a parent company are irrelevant in establishing personal jurisdiction over a subsidiary—and vice versa. *3D Sys., Inc. v. Aarotech Lab., Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998) (examining jurisdiction based on the specific activities of the respective companies "[o]n its own"); *Hanson Pipe & Prods., Inc. v. Bridge Techs. LLC*, 351 F. Supp. 2d 603, 611-12 (E.D. Tex. 2004), *aff'd*, 160 Fed. Appx. 380 (5th Cir. 2005). Thus, actions of CoxCom's affiliates are irrelevant to resolution of this motion.

US2000 9802751.5 C8490-331049

Rembrandt also claims the POP node in Dallas evidences that CoxCom is directing

activity toward Texas sufficient to justify the exercise of personal jurisdiction.  Again, however,

Rembrandt is in error.  The POP node cannot support the exercise of jurisdiction because it is not

a continued activity directed toward a Texas resident.  (Spalding Decl. ¶ 5.)  Moreover, the

internet node is not related to the DOCSIS communications that occur between a cable modem

and the cable modem termination system in the head-end (*id.* ¶ 5), which are the methods and

systems at issue in this litigation (*see* Am. Compl. ¶¶ 17, 23, 29, and 35 (describing Patents in

Suit)).  The purpose of the node, which is implemented by computer servers in leased space in

Dallas, is to connect with CoxCom's national internet backbone to carry traffic from and to its

cable systems that are located in several (non-Texas) metro areas throughout the country.

In any event, Judge Clark, <u>whose findings Rembrandt did not challenge</u>, addressed

similar arguments against CoxCom by a patentee and found that

> [t]his POP is a transport backbone node for a national IP network and is located
> in leased office space in Dallas.  The POP consists of a network of circuits and
> equipment for connecting internet protocol traffic traveling across the nation to
> and from CoxCom's systems located outside of Texas.  It is undisputed that the
> node operates only to carry internet protocol traffic through Texas, not to any
> Texas residents.[2]  In fact, there is no evidence to suggest that CoxCom does any
> business in Texas at all.

(Mot. to Dismiss, Ex. 1 at 6.)  The law is clear that interconnecting national or international

networks through assets in Texas does not support personal jurisdiction.  *See Access Telecom,*

*Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717-718 (5th Cir. 1999) (holding that leasing

---

[2]  Rembrandt states that the POP node carried Internet traffic to CoxCom customers in various
Texas cities.  (Opp'n. at 17).  However, Rembrandt has provided insufficient evidentiary support
for this allegation that contradicts the declaration of John Spalding (Spalding Decl. ¶ 5) and the
findings of Judge Clark.  Indeed, all Rembrandt did was to cite to a whitepaper – reviewing the
paper shows it actually <u>supports</u> both Mr. Spalding's testimony and Judge Clark's findings by
describing how the internet backbone provides for a national internet traffic transport network to
support its Voice over Internet Protocol services, not the technology at issue, here. (*See* Opp'n. at
17 n. 66.)

[telephone] lines in Texas "for the purpose of connecting two points in Mexico . . . [did] not constitute doing business in Texas").  Finding *Access Telecom* persuasive, Judge Clark also reasoned that "[t]he POP only operates to transfer digitized packets of information as part of a national network, and it is not directly related to any business activity in Texas.  This is not the type of activity which is so substantial and of such a nature to justify the exercise of general jurisdiction."  (Mot. to Dismiss Ex. 1 at 6.)

Indeed, Rembrandt has expressly avoided asserting that the POP node relates to its claims of infringement in such a way as to support a claim of specific personal jurisdiction.  Finally, the purchase of the computer servers used by the POP node and the purchase of related services (such as the space occupied by the servers) also do not support personal jurisdiction.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 408 (1984) ("[m]ere purchases, even if occurring at regular intervals, are not enough to warrant a state's assertion of . . . jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions"); *Shaffer v. Heitner*, 433 U.S. 186, 213 (1977) (ownership of property in forum state unrelated to claim did not support jurisdiction).

3.    Exercising Personal Jurisdiction Over CoxCom Would be Unreasonable and Does Not Comply With Due Process.

 Even if the Court were to find that CoxCom is subject to personal jurisdiction in Texas (which CoxCom denies), the exercise of such jurisdiction would be both unreasonable and unfair.  *See HollyAnne Corp. v. TFT,Inc.*, 199 F.3d 1304 (Fed. Cir. 1999); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.* 148 F.3d 1355 (Fed. Cir. 1998).

When considering the plaintiff's interest in obtaining convenient and effective relief, courts examine "the convenience and effectiveness of relief from the plaintiff's perspective, as

8

generally the first party to file suit chooses the forum." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1367-68 (Fed. Cir. 2006).

None of Rembrandt's assertions regarding the importance of Texas as a venue, however, are persuasive. CoxCom no longer conducts business in Texas, therefore it cannot conduct any allegedly-infringing activities there. Furthermore, the State of Texas has no distinct interest in protecting Rembrandt. Rembrandt does not practice the patents it owns, and has no business in Texas other than filing suits here. Rembrandt's assertions that Texas should protect technology development within its borders, when applied to Rembrandt, a New Jersey limited partnership with offices a short thirty miles from the District of Delaware, are disingenuous and unpersuasive. More importantly, according to Rembrandt's own website, it is not in the business of developing technology; its only business is instead to acquire alre<u>ady developed</u> technology and sue or license patents on same. (Mot. to Dismiss Ex. 4.) To implement this business plan, Rembrandt has <u>sued in Delaware</u>, and is also relying on that court to protect its rights.

Given CoxCom's intentional sale of its Texas assets, it would be unfair to subject CoxCom to continued jurisdiction in Texas. That is especially true given that this action can and should proceed in Delaware, where CoxCom was incorporated, where Rembrandt has filed suit enforcing its patents, and where both parties will consequently find the litigation more convenient.

## II. CONCLUSION

For the reasons set forth above, CoxCom respectfully submits that it would be improper for this Court to exercise either subject matter or personal jurisdiction over it and renews its request to be dismissed from this action, or, in the alternative, transfer this action to the District of Delaware.

9

This the 5th day of March 2007.

Mitchell G. Stockwell
mstockwell@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555 (Facsimile)

*/s/ Michael E. Jones*

State Bar. No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and contemporaneously served upon all counsel who have consented to electronic service on this the 5th day of March 2007. Other counsel shall be served by first class mail.

*/s/ Michael E. Jones*

US2000 9802751.5 C8490-331049

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

REMBRANDT TECHNOLOGIES, LP

      Plaintiff,

      v.

CABLEVISION SYSTEMS CORPORATION,
and CSC HOLDINGS, INC.

      Defendants.

C.A. No. 06-635-GMS

## JOINT STATUS REPORT

In accordance with the Court's Notice of Scheduling Conference, dated January 31, 2007 (D.I. 15), counsel for Rembrandt Technologies, LP ("Rembrandt") and counsel for Cablevision Systems Corporation, and CSC Holdings, Inc. ("Cablevision") submit this Joint Status Report in preparation for the Status and Scheduling Conference before the Court on February 13, 2007. Attached for the Court's consideration is a chart summarizing the parties' proposed schedule for this action. (Exhibit A).

    **1.**    **JURISDICTION AND SERVICE**

The parties agree that this Court has jurisdiction over the subject matter of, and the parties to, this action and that the defendants have been properly served.

    **2.**    **SUBSTANCE OF THE ACTION**

        **(a)**    **The Parties' Claims and Defenses**

Plaintiff Rembrandt brought this action against Cablevision alleging infringement of U.S. Patent Nos. 5,243,627 ("the '627 patent"); 5,852,631 ("the '631 patent"); 5,719,858 ("the '858 patent"); 4,937,819 ("the '819 patent"); and 5,008,903 ("the '903 patent") (collectively "the Rembrandt patents"). Rembrandt alleges that Cablevision, by their provision of high speed internet and related services to cable television subscribers, has infringed and continues to infringe the '631, '858, '819, and '903 patents. Rembrandt also alleges that Cablevision, by

1

their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard, has infringed and continues to infringe the '627 patent. Rembrandt further alleges that Cablevision's infringement of the Rembrandt patents has been willful and seeks monetary and other damages it has incurred as a result of Cablevision's willful infringement of the Rembrandt patents. Rembrandt also seeks the entry of a permanent injunction enjoining Cablevision's continued infringement of the Rembrandt patents.

Cablevision denies that it infringes any of the above five patents and further asserts that those patents are invalid and/or unenforceable. Cablevision has brought counterclaims seeking declarations of non-infringement and/or invalidity and/or unenforceability with respect to each of Rembrandt's patents. In the event that Cablevision is found to infringe any valid and enforceable claim of Rembrandt's patents, however, Cablevision submits that Rembrandt will be unable to satisfy the standards recently articulated by the Supreme Court in *eBay Inc. v. MercExchange L.L.C.*, 126 S. Ct. 1837 (2006), for injunctive relief.

### (b)    The Patents and Products In Suit

The titles of the patents-in-suit and the areas of technology to which they pertain (as described in the "Field of the Invention" sections of the patents) are:

- The '627 patent - Signal point interleaving technique - "The present invention relates to the transmission of digital data over band-limited channels."

- The '631 patent - System and method for establishing link layer parameters based on physical layer modulation - "The present invention generally relates to data communication protocols, and more particularly, to presetting the link layer parameters per the physical layer modulation in a protocol stack for modems."

- The '858 patent - Time-division multiple-access method for packet transmission on shared synchronous serial buses - "The present invention relates to data communications, and more particularly, to communications systems that have channelized network access, and may transport both synchronous data and variable-bit-rate data such as frame relay (hereafter referred to as packet data), in a time-division multiplexed format."

- The '819 patent - Time orthogonal multiple virtual dce for use in analog and digital networks - "This invention relates to an apparatus and method for a master unit in a multidrop network to communicate to and from a plurality of remote units, using a plurality of host applications using half duplex polled protocols, through the use of time division multiple access techniques."

- The '903 patent - Adaptive transmit pre-emphasis for digital modem computed from noise spectrum - "This invention relates to an apparatus for determining a frequency-dependent signal-to-noise ratio in a communications network so as to allow proper equalization in a transmit pre-emphasis mode."

For each of the patents, there may be multiple products in dispute relating to Cablevision's provision of digital television, voice, and data services. Further, two separate standards, "ATSC" and "DOCSIS," are likely to be implicated by Rembrandt's claims. ATSC ("Advance Television System Committee") is a standard that relates to the receipt and broadcast of digital television signals. Rembrandt's Complaint alleges that the Cablevision infringes the '627 patent through its receipt and retransmission of signals that comply with the ATSC standard. DOCSIS ("Data-Over-Cable Service Interface Specifications") is a specification that describes the operational parameters of equipment that is used for cable networks. Rembrandt alleges that DOCSIS-compliant equipment infringes the '631, '858, '819, and '903 patents.

### (c)     Related Litigations

There are currently eleven other lawsuits pending relating to one or more of the Rembrandt patents at issue here, including six lawsuits in the Eastern District of Texas and five lawsuits in the District of Delaware.[1] Of the Delaware cases, four of the other suits

---

[1]     In one of the recently-filed Texas lawsuits asserting the '903 patent, *Rembrandt Technologies, LP v. Charter Communications, Inc.* et al. (E.D. Tex. 2:06-cv-507), Defendant CoxCom has made a motion to transfer the case to the District of Delaware. That motion is likely to be fully briefed later this month.

relate to the '627 patent,[2] and the final one relates to the '903 patent.[3] Although this Court has not yet issued Notices of Scheduling Conferences in the five Delaware suits, it may be efficient for discovery to be coordinated in the related Delaware cases to some extent.

### (d)  Additional Information Provided By Cablevision

Cablevision notes that none of the five patents in this action are related, and none of the patents cites to any of the others. The five asserted patents contain, in total, more than 100 claims. Although Rembrandt has not yet identified the claims that it asserts that Cablevision infringes, based upon Rembrandt's allegations in the Complaint and in other proceedings, Rembrandt may attempt to assert dozens of claims in this action. There are seven inventors named on the five patents; of those seven, there is only one "overlapping" inventor whose name appears on two of the five patents. In addition, the patents in suit involve disparate and complex technologies, will implicate unique infringement, validity, and enforceability issues, and are likely to involve different witnesses and other discovery.

### 3.  IDENTIFICATION OF ISSUES

The parties agree that the issues to be decided in this matter include at least the following:

1)  whether Cablevision has directly or indirectly infringed one or more claims of the Rembrandt patents literally or under the doctrine of equivalents;

2)  whether any infringement by Cablevision of any claims of the Rembrandt patents has been willful;

3)  whether any of the asserted claims of the Rembrandt patents are invalid;

---

[2]  *Rembrandt Technologies, LP v. CBS Corp.*, Case No. 06-727-GMS (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, Case No. 06-729-GMS (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, Case No. 06-730-GMS (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group* et al., Case No. 06-731 (GMS) (D. Del.).

[3]  *CoxCom, Inc. v. Rembrandt Technologies, LP*, Case No. 06-721-GMS (D. Del.). Rembrandt has moved to dismiss CoxCom's Complaint for lack of subject matter jurisdiction.

4)      whether Rembrandt's claims for damages are limited and/or barred under the doctrine of laches;

5)      whether Rembrandt's enforcement of any of its patent rights is limited and/or barred under the doctrine of estoppel;

6)      whether Rembrandt's enforcement of any of its patent rights is limited and/or barred due to the existence of any express or implied license and/or patent exhaustion;

7)      whether Rembrandt's claims for damages are limited and/or barred by the patent notice statute (35 U.S.C. § 287(a));

8)      whether Rembrandt's claims are limited and/or barred under the doctrines of patent misuse or unclean hands;

9)      the damages to which Rembrandt is entitled if Cablevision is found to have infringed any valid and enforceable claim of the Rembrandt patents; and

10)      whether Rembrandt is entitled to a permanent injunction enjoining Cablevision's alleged infringement of the Rembrandt patents.

### 4.      NARROWING OF ISSUES

The parties expect that they may be able to narrow the issues as discovery in this case proceeds.

### 5.      RELIEF

Rembrandt requests that this Court award Rembrandt damages adequate to compensate it for such infringement and enter a permanent injunction enjoining Cablevision from making, using, offering for sale and selling products that infringe the Rembrandt patents. According to Rembrandt, the appropriate measure of damages in this case is a reasonable royalty. Rembrandt further requests that the Court enter judgment against Cablevision declaring that Cablevision has infringed the Rembrandt patents and that Cablevision's conduct has been willful, and awarding Rembrandt treble damages sustained as a result of Cablevision's willful infringement.

Rembrandt also seeks recovery of attorney's fees and costs due to the exceptional nature of this case in accordance with 35 U.S.C. § 285.

Cablevision seeks declaratory judgments that each of the patents-in-suit is not infringed and/or invalid and/or unenforceable. Cablevision denies that Rembrandt is entitled to any relief. Cablevision also seeks attorney's fees and costs, due to the exceptional nature of this case, in accordance with 35 U.S.C. § 285.

### 6. AMENDMENT OF PLEADINGS

The parties are not aware of any amendments needed to the pleadings at this time, but reserve the right to amend their pleadings within the time period set forth in the schedule entered by the Court.

### 7. JOINDER OF PARTIES

The parties are not aware of any additional parties that should be joined in this action at this time. The parties, however, reserve the right to move to join parties, if appropriate, within the time period set forth in the schedule entered by the Court.

### 8. DISCOVERY

**Scheduling of Litigation Events.**

The parties' agreement as to the identification and timing of deadlines and events in this action is set forth for the Court's consideration in Exhibit A.

The parties are mindful of the Court's interest in proceeding expeditiously. The parties respectfully submit that the proposed schedule takes account of that interest and is necessary and appropriate, given the number and complexity of the issues raised by Rembrandt's patents, the technology, and the accused products. At present, Rembrandt believes that it will require discovery on at least the following issues:

A. the design, development, and operation of the accused products and services;

B. the identification of the asserted claim(s) and Cablevision's alleged

infringement of those claims;

    C.    documents, testimony, and expert opinion materials regarding, infringement, willful infringement, damages and damages amounts.

    D.    the factual basis for each party's claims, affirmative defenses, and counterclaims, including any opinion of counsel upon which any party intends to rely;

    E.    expert and third party discovery on the above-listed items.

At present, Cablevision believes that it will require discovery on at least the following additional issues:

    F.    the validity of the asserted claims and the enforceability of the asserted patents;

    G.    the conception and reduction to practice of the claimed inventions;

    H.    the prosecution of the patents at issue;

    I.    prior art relating to the technology covered by the patents;

    J.    Rembrandt and/or its predecessors-in-interest's participation in the standard-setting processes for the ATSC and/or DOCSIS standards;

**Limitations on Discovery.** Rembrandt and Cablevision propose that the parties limit discovery as follows:

    1)    **Fact Depositions.**    At this stage of the case, the parties agree that the limitations of depositions contained in FRCP 30(a)(2)(A) should be modified as follows: each side shall be permitted to take a maximum of 175 hours of depositions by fact witnesses, including 30(b)(6) depositions. Unless otherwise agreed to by the parties, the deposition of an individual non-30(b)(6) witness is limited to one day of seven hours of actual examination. No deposition of any witness shall exceed seven hours of examination in a single day *provided*, however, that: (A) a deposition of an individual inventor shall not exceed fourteen hours over two days, unless that inventor is a named inventor on more than one patent in suit, in which the deposition of such individual inventor may continue for an additional seven

hours over an additional day for each patent in suit on which he or she is named in excess of one; and (B) there shall be no specific hour limit with respect to depositions conducted pursuant to FRCP 30(b)(6), and such depositions may proceed for as many hours as reasonably necessary.

2)    In addition, Cablevision believes that no more than 75 of the 175 hours of fact depositions per side should be depositions of parties (i.e., depositions of Cablevision or Rembrandt employees). Rembrandt believes that there should be no such limitation and to the extent any limitation is necessary, it should be to third party discovery.

3)    Requests for Admissions shall be limited to fifty (50) per side, excluding Requests for Admissions directed at authenticating documents; and

4)    Interrogatories shall be limited to fifty (50) per side.

**9.    ESTIMATED TRIAL LENGTH**

The parties estimate that the trial of this case will take a total of twelve (12) days. The parties propose that the trial be scheduled at the court's convenience, consistently with the proposed schedule set forth in Exhibit A.

**10.    JURY TRIAL**

Both parties seek a jury trial on all issues that are so triable to a jury.

**11.    SETTLEMENT**

The parties have not yet explored the possibility of settlement, but are willing to do so at the appropriate opportunity.

**12.    OTHER MATTERS**

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary and will attempt to agree on the form of such an order.

**13.    CONFIRMATION OF RULE 26(f) TELECONFERENCE.**

Counsel for the parties have conferred about each of the above matters.

WOMBLE CARLYLE SANDRIDGE
 & RICE, PLLC

/s/ Kevin M. Baird
George Pazuniak (# 478)
Kevin M. Baird (# 4219)
James M. Lennon (# 4570)
AnnaMartina Tyreus (# 4771)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Tel:  (302) 252-4324
Fax:  (302) 661-7725
kbaird@wcsr.com

OF COUNSEL:
Timothy G. Barber
Womble Carlyle Sandridge & Rice, PLLC
One Wachovia Center
301 South College Street, Suite 3500
Charlotte, NC 28202-6037

John F. Morrow, Jr.
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC 27101

Barry S. Goldsmith
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, 4th Floor
Tysons Corner, VA 22182-2738

*Counsel for Plaintiff Rembrandt
Technologies, LP*


February 9, 2007

RICHARDS, LAYTON & FINGER, P.A.

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19899
farnan@rlf.com

Josh A. Krevitt (admitted *pro hac vice*)
JKrevitt@gibsondunn.com
Charles J. Boudreau (admitted *pro hac vice*)
CBoudreau@gibsondunn.com
Gibson, Dunn & Crutcher LLP
200 Park Avenue
47th Floor
New York, NY  10166

David Segal (admitted *pro hac vice*)
DSegal@gibsondunn.com
Gibson, Dunn & Crutcher LLP
Jamboree Center
4 Park Plaza, Suite 1400
Irvine,  California  92614

Amanda Tessar (admitted *pro hac vice*)
atessar@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1801 California St., Suite 4200
Denver, CO 80202

*Counsel for Defendants Cablevision Systems
Corporation, and CSC Holdings, Inc.*

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VISTO CORPORATION, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:05-CV-546 (DF) |
| | § | |
| MICROSOFT CORPORATION, | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## ORDER

Before the Court are Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a) (Dkt. No. 21), Plaintiff's Opposition to Defendant's Motion (Dkt. No. 23), Defendant's Reply in Support of Defendant's Motion (Dkt. No. 29), and Plaintiff's Surreply to Defendant's Motion (Dkt. No. 30). The Court has reviewed the applicable law and facts of this case and for the following reasons Defendant's Motion is DENIED.

### (I)  BACKGROUND

This is a patent infringement case brought by Visto Corporation ("Visto" or "Plaintiff") against Microsoft Corporation ("Microsoft" or "Defendant"). Visto is incorporated under the laws of Delaware with its principal place of business in California. Microsoft is incorporated under the laws of Washington with its principal place of business in Washington. Visto is a provider of personal and corporate wireless messaging solutions to mobile operators for personal and corporate use. In its suit, Visto alleges that Microsoft has infringed three patents held by Visto: U.S. Pat. No. 6,085,192 ("'192 Patent"); U.S. Pat. No. 6,708,221 ("'221 Patent"); and U.S. Pat. No. 6,151,606 ("'606 Patent"). Generally speaking, the inventions covered by these

patents allow for the secure access and synchronization of various networks.   Visto's allegations assert that various Microsoft products and services infringe these patents without license or authority.  Visto filed its suit against Microsoft on December 14, 2005.

In the current motion Microsoft seeks a transfer of this case to the Northern District of California.  Microsoft points out that *Visto v. Sproqit*, 3:04-cv-651 (N.D. Cal.), is currently pending in that district and was filed on February 17, 2004.  *See* Dkt. No. 21 at 1.  Microsoft further notes that since *Visto v. Sproqit* involves two of the three patents in this case, transfer is appropriate to avoid substantial overlap between the two cases.  *See id.* at 3.  Microsoft supports this position by arguing that the private convenience interests of the parties favor transfer and that various statements made by Visto in relation to the *Visto v. Sproqit* case demonstrate that the Northen District of California is Visto's home forum.  *See id.* at 7.

Visto argues that Microsoft has not met its burden of demonstrating to this Court that transfer is proper.  *See* Dkt. No. 23 at 3.  Visto states that its statements in the *Visto v. Sproqit* case did not directly relate to venue issues and thus should not be construed against it in this action.  *See id.* at 9.  Visto also argues that neither public nor private interests favor transfer.  *See id.* at 3.  Finally, Visto notes that it has filed a number of other patent suits in the East District of Texas.  *Id.* at 2-3.

The Court notes that in fact, Visto has either brought, or is a party in, no fewer than seven patent cases in this district.  These cases involve a number of different defendants and include *Visto v. Seven Networks*, Case No. 2:03-cv-333; *Visto v. Infowave*, Case No. 2:03-cv-332; *Visto v. Smartner Info.*, Case No. 2:05-cv-91; *Visto v. Good Technology*, Case No. 2:06-cv-39; *Visto v. Research in Motion*, Case No. 2:06-cv-181; and *Seven Networks v. Visto*, Case No. 2:05-cv-365.

2

The *Visto v. Seven Networks* and *Visto v. Infowave* cases were both filed on September 23, 2003.

The *Infowave* case is now closed and the *Seven Networks* case has already gone to trial but

remains open.  However, the various other cases are still pending, though they were filed after

Visto filed the California case on February 17, 2004.

### (II) APPLICABLE LAW

In order to foster efficiency, convenience, and the general principle of comity between the

federal courts, Fifth Circuit law allows for transfer of a case under both the "first-to-file" rule and

the venue statute found in 28 U.S.C. §1404(a).  The "first-to-file" rule is based on "principles of

comity and sound judicial administration."  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947,

950 (5th Cir. 1997); *see generally West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d

721, 729 (5th Cir. 1985).  The "first-to-file" rule "comes into play when a plaintiff files similar

lawsuits in two different federal districts."  *Dillard v. Merrill Lynch, Pierce, Fenner & Smith,

Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992).  The rule allows a district court to dismiss, stay,

or transfer a case where "issues presented can be resolved in an earlier-filed action pending in

[the first filed] court."  *West Gulf*, 751 F.2d at 729.

On the other hand, 28 U.S.C. §1404(a) allows for transfer of a case by a district court to

avoid waste, expense, and inconvenience.  *See In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678,

688 (E.D. Tex. 1999) (citing *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 197

(S.D.Tex.1994)).  Along these lines §1404(a) reads:

> For the convenience of the parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might
> have been brought.

28 U.S.C. § 1404(a)

The purpose of the statute is to give district courts discretion to evaluate venue issues on a case-by-case basis in light of convenience of the parties and costs to the judicial system. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The first step in determining a motion under § 1404(a) "is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004). If so, a court must then determine whether an action should be transferred by examining both public and private factors. *See id.*; *see also In re Triton*, 70 F. Supp. 2d at 688. The private factors, which relate to the convenience of the litigants, include:

> (1) the plaintiff's choice of forum; (2) the relative ease of access to the sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and, (5) the possibility of delay and prejudice if transfer is granted.

*Id.* (citing *Mortenson v. Maxwell House Coffee Co.*, 879 F. Supp. 54, 56 (E.D. Tex. 1995) and *Walter Fuller Aircraft Sales v. Republic of Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992)).

The public factors, which reflect the "public interest in the fair and efficient administration of justice," consist of:

> (1) the relative backlog and other administrative difficulties in the two jurisdictions; (2) the fairness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute; (3) the local interest in adjudicating local disputes; and, (4) the appropriateness of having the case in a jurisdiction whose law will govern the dispute in order to avoid difficult problems in conflicts of laws.

*Id.*

In a motion to transfer venue under § 1404(a) the moving party bears a heavy burden of demonstrating why the factors "'clearly favor such a change.'" *Id.* (quoting *TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 411 (E.D. Tex.1998)). In meeting its burden a defendant may not merely make unfounded assertions, but instead must "establish relevant venue facts by

4

affidavit, deposition or otherwise." *Id.*; *see also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973) (vacating district court's convenience transfer that was based not on supported evidence but only on "facts and conclusions asserted in defendants' motion").

## (III) APPLICATION

### (A)    The First-to-File Rule and Substantial Overlap

The "first-to-file" rule may affect an action when there is "substantial overlap" between it and a pending action in another federal district court. *See Datamize, Inc. v. Fidelity Brokerage Services, LLC, et al.*, 2004 WL 1683171 (E.D. Tex. 2004). As noted, the rule allows a district court to dismiss, stay, or transfer a case where "issues presented can be resolved in an earlier-filed action pending in [the first filed] court." *West Gulf*, 751 F.2d at 729. Microsoft, however, never affirmatively argues that this Court should transfer the case under the "first-to-file" rule. Instead Microsoft asserts that "substantial overlap" between this case and *Visto v. Sproqit* supports transfer under § 1404(a) and the convenience factors. Microsoft principally relies on two "first-to-file" rule cases: *Charles E. Hill & Assocs., Inc. v. Amazon.com, Inc.*, Case No. 2:02-cv-186 (E.D. Tex. 2003), and *Datamize, Inc. v. Fidelity Brokerage Services, LLC, et al.*, 2004 WL 1683171 (E.D. Tex. Apr. 22, 2004). In its motion to transfer Microsoft labors to distinguish this case from *Datamize* and to draw on similarities shared with *Hill & Assocs.* For example, Microsoft argues that the substantial overlap concepts analyzed in those cases mandate transfer here because this case involves two patents which are also involved in *Visto v. Sproqit. See* Dkt. No. 21 at 3-4. Microsoft fails to address, however, the primary difference between those cases and the one at bar. Both *Hill & Assocs.* and *Datamize* were the only suits filed in this district. Here, however, Visto has filed several actions. The Court finds that this fact makes the

arguments associated with the "first-to-file" rule far less persuasive, if not inapplicable, in this case.  The primary reason for this conclusion is that the Eastern District of Texas has a number of cases pending which involve both Visto and at least some of the patents in this case.  Microsoft, however, makes no argument that all of these cases were filed after the *Visto v. Sproqit* action in California.  In fact, two of the Eastern District of Texas cases, *Visto v. Seven Networks* and *Visto v. Infowave*, were filed well in advance of *Visto v. Sproqit.*  The former involves two of the same three patents before the Court in this action.  Thus, Microsoft has not adequately demonstrated that the current action "substantially overlaps" with the California case any more than the other actions involving Visto in this district.  Consequently, the "first-to-file" rule and any possible overlap carry little weight in the current case and certainly do not mandate transfer.

**(B)  § 1404(a) Convenience Factors**

The initially inquiry in resolving a motion to transfer venue under § 1404(a) is whether the district court to which the movant requests transfer is a district in which the case could have been initially filed.  *See In re Volkswagen*, 371 F.3d at 203.  The present case is a patent infringement case governed by the venue rules in 28 U.S.C. §§ 1391 & 1400.  The Court finds, and the parties do not contest, that venue would have been proper had this case been brought in the Northern District of California.  As a result, the Court must move to the second stage of analysis, the private and public factors.

*(1)  Private Factors*

In evaluating a motion to transfer under §1404(a) the Court takes into account private considerations including (1) the plaintiff's choice of forum; (2) the relative ease of access to the sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4)

the place of the alleged wrong; and, (5) the possibility of delay and prejudice if transfer is granted.  The Court finds that in this case these factors do not favor transfer.

          (a)      Plaintiff's Choice of Forum

      The first factor is Visto's choice of forum.  As a general rule, the plaintiff's "right to choose a forum is 'well-established,' and his choice is usually highly esteemed."  *See In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d at 688 (quoting *Texas Instruments, Inc. v. Micron Semiconductor*, 815 F. Supp. 994, 996 (E.D. Tex. 1993)).  The basis for this deference arises from the adversary system itself and affords counsel the opportunity to serve his client's interests by selecting a forum that is most conducive to his cause.  *See id.* at 689 (quoting *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983)).  While this factor is neither conclusive nor determinative, *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003), in most cases the plaintiff's choice of forum "should not be lightly disturbed."  *In re Triton*, 70 F. Supp. 2d at 689.

      In its motion Microsoft argues that Visto's choice of forum should be given little weight in light of past arguments made by Visto.  *See* Dkt. No. 21 at 7.  Microsoft notes that the parties in *Visto v. Sproqit* were originally involved in a declaratory judgment action brought by Sproqit against Visto in the Minnesota District Court and the *Visto v. Sproqit* case was filed in California only after the Minnesota action.  Microsoft draws attention to the fact that when Sproqit moved for dismissal of the later-filed California action Visto argued that dismissal would be improper because the Northern District of California was its home forum.  *See id.* at 8.  Thus, Microsoft argues, the choice of forum factor is of little weight in this case because Visto concedes that its home forum is the Northern District of California.  *See id.*

Visto argues that the issues in the *Visto v. Sproqit* case are readily distinguishable.  *See* Dkt. No. 23 at 9.  Visto notes that *Visto v. Sproqit*, the California action, and *Sproqit v. Visto*, the Minnesota action, are classic examples of a "race to the courthouse" in patent litigation.  *See id.* Furthermore, Visto notes that it was not subject to personal jurisdiction in Minnesota and that, in fact, the *Sproqit v. Visto* case was eventually dismissed on those grounds.  *See id.*  As a result, Visto asserts that its argument in *Visto v. Sproqit* merely requested its own choice of venue as opposed to another forum where Visto was not even subject to personal jurisdiction.  *Id.*  Thus, Visto argues that its "position taken in *Sproqit* case does not compel that all future patent infringement cases involving the patents in that suit be litigated in California."  *Id.* at 10.

Given the facts of this case, the Court finds Visto's argument persuasive.  First, Visto's statements in the *Visto v. Sproqit* action are unique in that they were an attempt to avoid transfer of that action to a district which did not have personal jurisdiction over it.  Further, even if California is Visto's "home forum," as Microsoft alleges, it does not permanently preclude Visto from choosing another forum when it feels that it is in its best interest.  *Cf. In re Triton*, 70 F. Supp. 2d at 689.  That is exactly what Visto has done in this case.  Visto is a party to six currently pending actions in the East District of Texas.  All of these cases involve various patents held by Visto and many of the cases involve some or all of the same patents.  While the Court recognizes the expertise of the Northern District of California in regards to patent litigation, it does not find that district to be the only possible venue for Visto's claims.  The Court finds that Visto's statements in *Visto v. Sproqit* are not sufficient to outweigh Visto's choice of this forum to pursue its claims.  *See id.*  At a minimum, Visto's choice of this forum is a factor that weighs against transfer.  *See In re Horseshoe*, 337 F.3d at 434.

8

(b) Cost of Obtaining Attendance of Witnesses

The second private convenience factor involves the convenience and associated costs of witnesses attending proceedings in this district. Microsoft asserts that many of the inventors named on the patents in this suit are no longer employed by Visto and live in California. In support of this assertion Microsoft has provided the Declaration of Khoa B. Nguyen, a paralegal at Weil, Gotshal & Manges LLP. *See* Dkt. No. 21 at 7. The declaration lists the internet research done concerning the inventors of the patents and the current residences of those inventors. The declaration asserts that most, if not all, of the inventors who are no longer employed by Visto reside in California. As a result, Microsoft raises concerns about the convenience of this action for those witnesses and the ability of the Court to compel their attendance.

In meeting its burden Microsoft must not merely make unfounded assertions, but instead must "establish relevant venue facts by affidavit, deposition or otherwise." *Z-Tel Comm. v. SBC Comm.*, 331 F. Supp. 2d 567, 571 (E.D. Tex. 2004). Visto properly points out that the information relied on in the Nguyen declaration is suspect at best. The webpages submitted with the declaration do not have the actual addresses of the inventors and also present employment information that is up to five years old. The Court finds that this information is not sufficient to meet Microsoft's burden on this issue. Furthermore, the Court notes that even if the information is accurate, Microsoft has presented no evidence that the witnesses would be unable or unwilling to attend. As a result, the Court finds that this factor does not favor transfer.

(c) Ease of Access to the Sources of Proof

Aside from referring to Visto's statements in *Visto v. Sproqit* that Visto's home forum is in Northern California and that many of its documents are there, Microsoft has not established

9

any facts showing that the parties will have difficulty transporting or accessing any documents or other evidence.  Given this lack of evidence Microsoft has not met its burden in relation to this factor.  As a result, this factor does not favor transfer.

(d) Place of the Alleged Wrong

Microsoft does not offer any evidence in relation to this factor.  In any event, Microsoft offers its products and services throughout the country.  As a result, this District is just as likely as any other federal district to be a convenient forum under this factor.  Consequently, the Court finds that this factor does not favor transfer.

(e) Delay and Prejudice if Transfer is Granted

Microsoft argues that transfer of this case to the Northern District of California will facilitate efficiency and avoid delay since that court also has *Visto v. Sproqit* before it.  On the other hand, Visto points out that cases in this district typically move along faster than those in the Northern District of California.  In response, Microsoft notes that transfer would allow coordination of this case with the California case because two of the three patents involved in this case are at issue in the California case.  Microsoft argues that this could foster judicial economy during claim construction proceedings.  The Court, however, notes that two of the three patents are also involved in the Eastern District of Texas case, *Visto v. Seven Networks*.  At the present time claim construction has already occurred in both *Visto v. Sproqit* and *Visto v. Seven Networks*.  Thus, neither district is necessarily advantageous as Microsoft argues.  Finally, Visto argues that "transfers of venue typically result in delay."  *See* Dkt. No. 23 at 7.  However, delay and prejudice associated with transfer is only relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence."  *See In re*

10

*Horseshoe*, 337 F.3d at 434.  The Court finds that no such circumstances are necessarily present here and that there has certainly been no effort to demonstrate them by clear and convincing evidence.  Thus, the Court concludes that this factor is neutral at best and may even favor transfer.  Notwithstanding this conclusion, the Court finds that the private factors aggregately weigh against transfer.

### *(2)  Public Factors*

Microsoft does not present any reasons why the public factors favor transfer.  Instead Microsoft ostensibly treats the "substantial overlap" concepts found in the "first-to-file" rule as a public factor supporting transfer.  For the reasons discussed above, the "first-to-file" rule does not warrant transfer in this case.  In addition, even if the Court treats the "substantial overlap" overlap argument as a factor to consider, the Court finds that the traditional §1404(a) public interest factors are more applicable and persuasive in this case.  Those factors, as follows, do not favor transfer in this case.

### (a)  Backlog and Other Administrative Difficulties

Defendant does not affirmatively present any evidence regarding this factor.  As a result, the Court notes that the defendant has not met its burden of establishing that this factor supports transfer.  The Court further notes, however, that even if Defendant had presented evidence on this factor, it is still unlikely to support transfer.  For example, Plaintiff notes that the Eastern District of Texas routinely brings cases to trial seven to thirteen months faster than the Northern District of California.  *See* Dkt. No. 23 at 7 & Exh. F.  Furthermore, transfer of this case may lead to various administrative difficulties given the delay often associated with transfers of venue.  *See Z-Tel*, 331 F. Supp. 2d at 578.  Given that Microsoft has presented no evidence that transfer

11

of this case will not lead to such a backlog or that the Northern District of California is any better

suited than this Court to adjudicate this case, the Court finds that this factor does not favor

transfer.

        (b)      The Fairness of Placing the Burdens of Jury Duty on the Citizens of the
                         State with the Greater Interest in the Dispute

      Microsoft has presented no evidence that this factor is in issue or supports transfer. The

Court finds that, given the national distribution of Microsoft's products and services, the citizens

of this District have just as equal an interest in the resolution of this action as do citizens of any

other forum. Thus, the Court finds that the burden placed on potential jurors in this District is on

par with the burden of potential jurors in Northern California. As a result, this factor does not

favor transfer.

        (c) Local Interest in Adjudicating Local Disputes

      For the same reasons, the Court notes that citizens in this District have a substantial

interest in correcting any wrongdoing involved in this case. *See In re Triton*, 70 F. Supp. 2d at

691. Microsoft has not presented any evidence to the contrary. The Court finds that this factor

does not favor transfer.

        (d) Conflict of Laws

      The final public interest factor involves the appropriateness of having the case in a

jurisdiction in light of any potential problems in conflicts of laws. It is unlikely that any conflict

of law difficulties will arise in the case given the statutory nature of patent litigation. Also, the

Federal Circuit will review any substantive issues arising in this case, regardless of which district

court hears the case. In this respect this District will be no different from any other federal

district court.  Since Microsoft has presented no evidence to the contrary the Court notes that this

factor also does not weigh in favor of transfer.  Consequently, the Court finds that the public

factors, as a whole, weigh against transfer.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant's Motion to Transfer

Venue (Dkt. No. 21) is hereby **DENIED**.

**SIGNED this 27th day of September, 2006.**


DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | Case No. 2:06CV-507-TJW |
| v. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC and COXCOM, INC. | ) | |
| | ) | |
| *Defendants* | ) | |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION
## TO COXCOM, INC.'S MOTION TO DISMISS

I.  **Federal Circuit Law Does Not Support CoxCom's Strained Interpretation of the First-To-File Rule**

The parties agree that Federal Circuit law controls whether the first-to-file rule applies to this case. Furthermore, Rembrandt agrees that the question of whether the first-to-file rule applies only when the same parties and the same patents are involved was not presented in *Laboratory Corporation*. That case, like every other case in which the Federal Circuit has held the first-to-file rule applied, and unlike this case, in fact involved the same parties and ***the same patents***.[1] The only court to squarely address the question presented here, where the two cases do *not* involve the same patents, has held that, under Federal Circuit law, the first-to-file rule does not apply.

In that case, *Thales Airborne Systems S.A. v. Universal Avionics Systems Corp.*, Thales Airborne Systems S.A. and Thales Avionics S.A. (collectively, "Thales") sued Universal Avionics Systems Corporation ("Universal") in the District of Delaware on December 12, 2005.[2] Thales alleged infringement of two of its patents relating to its terrain awareness and warning systems ("TAWS"). An hour later on that same day Universal sued Thales in the District of New Jersey, seeking a declaratory judgment of invalidity and non-infringement of these same two patents and of two additional patents that related to the TAWS technology but that "arguably involve different aspects of this broad category of technology than do the" two patents that Thales asserted.[3] The Delaware court granted-in-part and denied-in-part Thales's motion to enjoin the New Jersey action: the court enjoined Universal's proceeding with the New Jersey action as to the same two patents Thales had asserted but refused to enjoin Universal's proceeding as to the other two

---

[1] *Laboratory Corporation of America Holdings v. Chiron Corp.,* 384 F.3d 1326, 1328 (Fed. Cir. 2004).

[2] 2006 WL 1749399 (D. Del.) (slip).

[3] *Id.* at *4.

patents.   In its analysis concerning Thales's motion for an injunction, the court stated the

following:

> The parties spend much of their briefs arguing over whether the first-filed rule
> applies to actions filed within hours of one another, while comparatively little
> argument is made over **whether the first-filed rule applies when the second action
> involves additional patents**….Plaintiffs cite several cases for the proposition that
> only the same general subject matter between the two actions is needed if
> additional claims are raised in a subsequently-filed action. None of the cases cited
> are Federal Circuit patent cases, however, and while the Federal Circuit has a
> strong preference for adhering to the first-filed rule, its application seems **limited to
> actions "involving the same patents."** *Laboratory Corporation,* 384 F.3d at 1328.[4]

*Thales* was decided by the District of Delaware and is the prevailing law in that district on

this point. *See also APV North America, Inc. v. Sig Simonazzi North America, Inc.,* 295 F.Supp.2d

393, 398 (D. Del. 2002) (holding, where first-filed action involved five patents and second-filed

action involved same five patents and, in addition, claims relating to four other patents involving

related technology, that the two actions were "not the same" and that therefore "the first-filed rule

is inapplicable to this case").   In other words, **even the Delaware court which CoxCom wants to

hear this case does not consider the Delaware Action to be the "first-filed" case.**   Despite

Rembrandt's emphasizing this point in its opposition, CoxCom's reply brief simply ignores this

issue and does not address *Thales* at all.

## II.     This Action And The Delaware Action Do Not Substantially Overlap

Even if this Court disagrees with the *Thales* court's interpretation of *Laboratory

Corporation*, this action and the Delaware Action do not substantially overlap.   The lawsuit

Rembrandt filed in this Court on November 30, 2006 asserted that CoxCom and two other

companies infringed four of Rembrandt's patents.   The lawsuit CoxCom filed against Rembrandt

four hours earlier involved only a fifth patent, the '903 patent, that was not originally asserted in

---

[4] *Id.* (emphasis added).

this action and that Rembrandt voluntarily added to this suit the next day. The '903 patent has different inventors, a different specification, and expressly teaches different technology:

| Patent / Inventors | Title | Filed / Issued | Abstract |
|---|---|---|---|
| 5,008,903<br><br>• William Betts<br>• James DesRosiers | Adaptive transmit pre-emphasis for digital modem computed from noise spectrum | May 25, 1989<br>April 16, 1991 | An apparatus and method calculates pre-emphasis coefficients for a transmitting modem based upon the noise spectrum as it is received at the receiving modem…. |
| 5,710,761<br><br>• Robert Scott | Error Control negotiation based on modulation | May 31, 1995<br>Jan. 20, 1998 | A modem dynamically selects the type of error-control negotiation sequence as a function of a negotiated parameter of the physical layer. In one embodiment of the invention, a modem selects between error-control negotiation sequences as a function of the type of modulation negotiated in the physical layer…. |
| 5,778,234<br><br>• Gideon Hecht<br>• Kurt Holmquist<br>• Donald Snoll | Method for downloading programs | July 24, 1997<br>July 7, 1998 | A modified version of the operating communication program of a stored program controlled apparatus is downloaded by first downloading a segment of the new package of programs which contains the essential portion of the new programs…. |
| 6,131,159<br><br>• Gideon Hecht<br>• Kurt Holmquist<br>• Donald Snoll | System for downloading programs | May 8, 1992<br>Oct. 10, 2000 | A modified version of the operating communication program of a stored program controlled apparatus is installed with the aid of a downloadable start address specification means, optionally realized with an EEPROM memory…. |
| 6,950,444<br><br>• Kurt Holmquist<br>• Joseph Chapman | System and method for a robust preamble and transmission delimiting in a switched-carrier transceiver | Aug. 11, 2000<br>Sep. 27, 2005 | A method and system for robust delimiting of transmitted messages in switched-carrier operation in which a preamble precedes each communication message with the preamble comprising symbols transmitted at a rate lower than that of the following data…. |

The only relationship between the '903 patent and the four patents that Rembrandt originally decided to include in this lawsuit is that, as CoxCom put it, they all involve "the same accused activity (providing high-speed internet services)."[5]  The mere fact that the '903 patent and the four patents that motivated this lawsuit all relate to "high-speed internet services" is insufficient to establish "substantial overlap."[6]

Indeed, CoxCom's argument to the contrary is self-defeating.  If such an attenuated link were sufficient to establish substantial overlap, then Civil Action No. 06CV223-TJW (hereinafter the "06cv223 action"), which Rembrandt filed against CoxCom and others in this district on June 1, 2006, is the "first-filed" action to both this case and the Delaware Action.  The 06cv223 case involves three patents that are infringed by "high-speed internet services."[7]  Under CoxCom's strained interpretation of "substantial overlap," which no court has ever adopted, the 06cv223 case is "first-filed."

### III.    Judicial Economy Will Be *Dis*served By The Dismissal Of This Action

With respect to the first-to-file rule, the Federal Circuit has expressly "cautioned **against** rigid mechanical solutions to questions of forum, stressing the importance of conservation of judicial resources and the comprehensive disposition of litigation."[8]  Instead, it has stated the general rule as follows:

---

[5] Reply at 4.

[6] *See, e.g.*, *APV North America, Inc. v. Sig Simonazzi North America, Inc.,* 295 F.Supp.2d 393, 397 (D. Del. 2002) ("In this case, however, the addition of the APV patents not only involves claims not asserted in Texas, but it also involves facts not involved in the Texas action.   Specifically, the additional APV patents involve the entire structure of a bakery conveyor, while the Sig Simonazzi patents deal more specifically with the magnetic grids for holding the baking pans to the conveyor. Thus, while the inventions are not entirely unrelated, they do involve different technologies and thus, different facts.").

[7] 06cv223 Complaint at 23, 29 and 35.

[8] *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) (internal citations and quotations omitted and emphasis added).

The general rule favors the forum of the first-filed action, whether or not it is a declaratory action. **Exceptions**, however, **are not rare**, and are made when justice or expediency requires, as in any issue of choice of forum.[9]

That same emphasis on substance over form is what motivated Judge Folsom's opinion in *Visto*. Although two of Visto's six other cases had been pending in this district for two years when the case before Judge Folsom was filed, that fact is not what drove Judge Folsom's decision—indeed, *none* of those other six cases were pending before Judge Folsom. Instead, *Visto* stands for precisely the point that Rembrandt is making in this case: if one accepts CoxCom's strained interpretation of the first-to-file rule, then CoxCom has not and cannot show that this action "substantially overlaps" with the Delaware Action any more than it overlaps with the other, earlier-filed actions involving Rembrandt in this district:

> Here, however, Visto has filed several actions. The Court finds that this fact makes the arguments associated with the "first-to-file" rule far less persuasive, if not inapplicable, in this case. **The primary reason for this conclusion is that the Eastern District of Texas has a number of cases pending which involve both Visto and at least some of the patents in this case.** Microsoft, however, makes no argument that all of these cases were filed after the *Visto v. Sproqit* action in California. In fact, two of the Eastern District of Texas cases, *Visto v. Seven Networks* and *Visto v. Infowave*, were filed well in advance of *Visto v. Sproqit*. The former involves two of the same three patents before the Court in this action. Thus, <u>**Microsoft has not adequately demonstrated that the current action "substantially overlaps" with the California case any more than the other actions involving Visto in this district.**</u> Consequently, the "first-to-file" rule and any possible overlap carry little weight in the current case and certainly do not mandate transfer.[10]

*Visto* is thus directly on point. Indeed, the facts in this case are even more compelling in Rembrandt's favor: *all* of Rembrandt's other cases in this district are pending before this same Court and not another judge. Dismissing this case and forcing Rembrandt to refile in Delaware— where *none* of the four patents that motivated this action are in suit—will needlessly require that

---

[9] *Id.* at 937 (emphasis added).

[10] *Visto v. Microsoft*, No. 2:05CV546-DF at *5-6 (E.D. Tex. Sept. 27, 2006) (emphasis added).

court to replicate exactly the same work which this Court will already be doing in the 06cv369 case, which was filed over two months before the Delaware Action and which involves *the same five patents*. That is the opposite of judicial economy.

### IV. *Laboratory Corporation* Did Not Hold That The First-Filed Rule Necessarily Applies When Two Actions Are Filed On The Same Day

CoxCom implies that *Laboratory Corporation* addressed the question of whether the first-filed rule applies when two actions are filed on the same day. It did not. *Laboratory Corporation* involved a declaratory judgment action filed in Delaware and a patent infringement action involving the *same* patents filed four hours later in California. The Delaware court denied the defendant's motion to dismiss, stay or transfer and granted the plaintiff's motion to enjoin the California action. The defendant appealed the order granting the injunction but "did not appeal the denial of its motion to dismiss, stay or transfer the Delaware action."[11]

The Federal Circuit affirmed the district court's order granting the injunction. In doing so, it apparently agreed with the appellant's argument that it "need not reach th[e] issue" of whether the district court should have departed from the first-filed rule because that issue was "not appealable."[12] Accordingly, nothing in the Federal Circuit's decision deals with the issue of whether the first-filed rule applies when two actions are filed on the same day. Instead, the Federal Circuit simply affirmed the injunction because the appellant failed to identify any abuse of discretion in the district court's decision to grant it:

> Chiron fails to point out a clear error of judgment, error of law, or clearly erroneous factual finding underlying the district court's decision to enjoin the California action . . . . ***District courts are granted broad latitude in managing the cases before them.*** We decline to find an abuse of discretion when the district court

---

[11] *Laboratory Corporation*, 384 F.3d at 1332.

[12] Appellee's Brief, 2003 WL 24305495 (Fed. Cir.) at *21.

made an informed determination as to how it would manage the litigation pending before it based on sound reasoning and identified facts.[13]

*Laboratory Corporation* does not stand for the proposition that a district court must rigidly follow the first-to-file rule, as CoxCom suggests, even when the two cases are filed the same day. On the contrary, the Federal Circuit's decision emphasized the *broad latitude* that district courts are afforded in managing the cases before them.  What is more, CoxCom's assertion that "[e]ach of the cases cited by Rembrandt precede *Lab. Corp. of Am. Holdings*" is simply false: two of the district court opinions Rembrandt cited were decided after *Laboratory Corporation*.[14]  And at least one of the cases cited by CoxCom itself, *800-FLOWERS, Inc. v. Intercontinental Florist, Inc.*, expressly espouses the same principle that Rembrandt urges here:

> It is well established that district courts need not slavishly adhere to the first filed rule, and that where circumstances dictate, great significance should not be placed upon the dates the actions were filed.  As the eminent Judge Weinfeld noted, "the courts should be concerned with what the interests of justice require and not with who won the race."[15]

The Federal Circuit has never adopted the "rigid" view of the first-to-file rule espoused by CoxCom, either in *Laboratory Corporation* or in any other case.  The principles discussed in the cases Rembrandt cited—and in *800-FLOWERS*—are more consistent with the "broad latitude" the Federal Circuit has expressly stated district courts have to manage their dockets.  Although, for the reasons previously discussed, Rembrandt believes the first-to-file rule does not apply to this action

---

[13] *Laboratory Corporation*, 384 F.3d at 1332-33 (emphasis added).

[14] *See F.D.I.C. v. Bank of New York*, --- F.Supp.2d ----, 2007 WL 273481 at *10 (D.D.C.) ("the interests of justice...clearly militate against application of the first-filed rule when, as here, the time period between the filing of the two suits is only a matter of hours"); *Lockheed Martin Corp. v. L-3 Communications Corp.*, 405 F.Supp.2d 1381, 1383 (N.D. Ga. 2005) ("This court recognizes that the first-filed rule should not be mechanically applied, especially in light of the fact that the two actions at issue here were filed on the same date, merely hours apart. Thus, it would be appropriate to depart from the general rule if there is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action.").

[15] *800-FLOWERS, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 , 133 (S.D.N.Y. 1994) (internal citations omitted), cited by CoxCom at MTD 8.

at all, this Court should follow the *Ontel* line of cases[16] and disregard the first-to-file rule here, where there were virtually simultaneous filings.

## V.    CoxCom Has Made No Showing That Venue Is Inappropriate In This District

CoxCom bears the burden of establishing that Rembrandt's choice of venue should be disturbed.[17]   The private and public factors that are weighed in making this determination are well known and include, *inter alia*, the "relative ease of access to sources of proof," the "availability of the compulsory process to secure witnesses' attendance," the "willing witnesses' cost of attendance," and "the forum's familiarity with the governing law."[18]   While CoxCom has mentioned transfer as an alternative to the dismissal it seeks under the first-to-file rule, it has failed to demonstrate or even discuss the balance of the relevant private and public factors with respect to venue—instead, it has focused exclusively on its argument that this case should be dismissed under the "first-to-file" rule.

Plaintiffs have a "well-established" right to choose a forum, which choice should not be disturbed "unless the balance is strongly in favor of the defendant."[19]   Here, CoxCom has failed to make any showing at all, and so it certainly has failed to show that the balance is strongly in its favor.  CoxCom's summary request to transfer this case must be denied.

---

[16] *Ontel Products, Inv. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1153 (S.D.N.Y. 1995) (noting that the first-to-file rule "is usually disregarded where the competing suits were filed merely days apart" and holding that, where "the lawsuits were both filed on the *same* day, the first-filed rule is inapplicable") (*citing Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir.1978) (emphasis in original).

[17] *Symbol Technologies, Inc. v. Metrologic Instruments, Inc.*, 450 F.Supp.2d 676, 678 (E.D. Tex. 2006).

[18] *FCI USA, Inc. v. Tyco Electronics Corp.*, 2006 WL 2062426 at *1 (E.D. Tex.).

[19] *Paltalk Holdings, Inc. v. Microsoft Corporation*, 2:06-cv-367-DF, Order of Feb. 5, 2007 at 3, *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

## VI.    There Is No "Business Decision" Exception To Personal Jurisdiction

In claiming that this court has no jurisdiction over it, CoxCom simply ignores that there is no dispute that it committed acts in Texas that Rembrandt alleges infringed its patents. As even CoxCom admits, "CoxCom historically provided internet service in Texas."[20]   Rembrandt's opposition emphasized that CoxCom cannot simply walk away from personal jurisdiction in Texas because it made a "business decision."   Specifically, the law is clear that "one cannot defeat personal jurisdiction by a move away from the state in which the underlying events took place."[21]  *CoxCom has failed to cite any authority to the contrary*—its reply simply ignores this point and blindly asserts that "CoxCom's actions in Texas…have been <u>intentionally discontinued</u>."[22]   But that assertion is irrelevant: under the uncontested precedent CoxCom cannot defeat personal jurisdiction by simply moving away from the site of its prior infringing activities.   To hold otherwise is to hold that a party can commit any tort in Texas, but avoid being sued here simply by making a decision never to thereafter return to Texas.  That clearly is not the law.

Finally, in its opposition Rembrandt noted that the *USA Video* case is distinguishable because in that case Cox represented that *neither it nor any of its affiliates had ever offered video-on-demand services in Texas*, the basis for the alleged patent infringement.[23]   Notably, Cox admitted that "using the accused video-on-demand services within Texas could show that Cox purposefully directed its actions toward Texas residents."[24]   Here, in contrast, CoxCom *admits*

---

[20] Mot. at 9.

[21] *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987).

[22] Reply at 6 (emphasis in original).

[23]  USA Video Motion at 9, Nagy Aff. ¶11, Exh. J.

[24]  *Id.*

that it "provided internet service in Texas."[25]  But CoxCom's reply simply ignores this glaring distinction between *USA Video* and this case.  Instead, CoxCom limits its reply on this issue to a discussion of why its Dallas POP node is insufficient to establish specific personal jurisdiction.  But that argument is a straw man: Rembrandt has never relied on the POP node to establish specific personal jurisdiction.  Instead, Rembrandt consistently has relied on the contacts CoxCom has chosen to ignore in its personal jurisdiction briefing: the undisputed fact that "CoxCom historically provided internet service in Texas,"[26] the alleged acts of infringement in this lawsuit.  CoxCom has failed to cite any authority to support its suggestion that its having "intentionally discontinued" this infringing activity somehow makes it immune from personal jurisdiction in Texas.  Rembrandt's contention that its allegations are more than sufficient to establish specific personal jurisdiction therefore stand uncontroverted.[27]

## VII.    Conclusion

CoxCom has failed to identify a single authority that supports its strained application of the first-to-file rule to this case.  Similarly, CoxCom's reply leaves Rembrandt's assertion that there is no "business decision" exception to personal jurisdiction uncontroverted, so that CoxCom's admittedly having "historically provided internet service in Texas"[28] definitively establishes specific personal jurisdiction in this matter.  The motion to dismiss should be denied.

---

[25] Mot. at 9.

[26] *Id.*

[27] *Beverly Hills Fan Co.,* 21 F.3d at 1565, *citing Burger King,* 471 U.S. at 472-73.

[28] Mot. at 9.

Dated:  March 8, 2007.                    Respectfully submitted,


By: _/s/ Tibor L. Nagy_____
    Max L. Tribble, Jr., Lead Attorney
    State Bar No. 20213950
    Email: mtribble@susmangodfrey.com
    Tibor L. Nagy
    State Bar 24041562
    Email: tnagy@susmangodfrey.com
    Edgar Sargent
    WA State Bar No. 28283
    Email: esargent@susmangodfrey.com
    Brooke A.M. Taylor
    WA State Bar No. 33190
    Email: btaylor@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1000 Louisiana Street, Suite 5100
    Houston, TX 77002
    Telephone:  (713) 651-9366
    Facsimile: (713) 654-6666


    Charles Ainsworth
    charley@pbatyler.com
    Robert Christopher Bunt
    rcbunt@pbatyler.com
    Robert M Parker
    rmparker@pbatyler.com
    PARKER BUNT & AINSWORTH
    100 E Ferguson, Suite 1114
    Tyler, TX 75702
    Telephone (903) 531-3535
    Facsimile (903) 533-9687


    Sidney Calvin Capshaw, III
    ccapshaw@mailbmc.com
    Elizabeth L DeRieux
    ederieux@mailbmc.com
    Andrew Wesley Spangler
    aspangler@mailbmc.com
    BROWN MCCARROLL - LONGVIEW
    1127 Judson Rd., Ste 220
    PO Box 3999
    Longview, TX 75606-3999
    Telephone (903) 236-9800

Facsimile (903) 236-8787

Otis W Carroll, Jr
Fedserv@icklaw.com
James Patrick Kelley
patkelley@icklaw.com
Collin Michael Maloney
fedserv@icklaw.com
**IRELAND CARROLL & KELLEY**
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone (903) 561-1600
Facsimile (903) 581-1071

Franklin Jones, Jr
**JONES & JONES - MARSHALL**
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
9039383360 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. *See* Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(b) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by e-mail on this the 8th day of March, 2007.

/s/ Tibor L. Nagy

Tibor L. Nagy

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:05-CV-443-TJW |
| | ) |
| COMCAST CORPORATION, COMCAST | ) |
| CABLE COMMUNICATIONS, LLC, | ) |
| COMCAST OF PLANO, LP, | ) |
| | ) |
|     Defendants | ) |
| _____ | ) |

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:06-CV-506-TJW |
| | ) |
| COMCAST CORPORATION, COMCAST | ) |
| CABLE COMMUNICATIONS, LLC, | ) |
| COMCAST OF PLANO, LP, | ) |
| | ) |
|     Defendants | ) |
| _____ | ) |

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:06-CV-047-TJW |
| | ) |
| SHARP CORPORATION and SHARP | ) |
| ELECTRONICS CORP. | ) |
| | ) |
|     Defendants | ) |
| _____ | ) |

**REMBRANDT TECHNOLOGIES, LP**    )
    )
      **Plaintiff,**    )
    )
**v.**    ) **Case No. 2:06-CV-369-TJW**
    )
**TIME WARNER CABLE, INC.**    )
    )
      **Defendant**    )
_____  )


**REMBRANDT TECHNOLOGIES, LP**    )
    )
      **Plaintiff,**    )
    )
**v.**    ) **Case No. 2:06-CV-224-TJW**
    )
**TIME WARNER CABLE, INC.**    )
    )
      **Defendant**    )
_____  )


**REMBRANDT TECHNOLOGIES, LP**    )
    )
      **Plaintiff,**    )
    )
**v.**    ) **Case No. 2:06-CV-507-TJW**
    )
**CHARTER COMMUNICATIONS, INC.,**  )
**CHARTER COMMUNICATIONS**    )
**OPERATING, LLC, COXCOM,**    )
**INC., CSC HOLDINGS, INC., and**    )
**CABLEVISION**    )
**SYSTEMS CORPORATION**    )
    )
      **Defendants**    )
_____  )

REMBRANDT TECHNOLOGIES, LP    )
    )
    **Plaintiff,**    )
    )
**v.**    ) **Case No. 2:06-CV-223-TJW**
    )
**CHARTER COMMUNICATIONS, INC.,**    )
**CHARTER COMMUNICATIONS**    )
**OPERATING, LLC, COXCOM,**    )
**INC., CSC HOLDINGS, INC., and**    )
**CABLEVISION**    )
**SYSTEMS CORPORATION**    )
    )
    **Defendants**    )
_____    )

### NOTICE OF FILING MOTION FOR TRANSFER AND CONSOLIDATION OF REMRBANDT TECHNOLOGIES, LP PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407

PLEASE TAKE NOTICE that, pursuant to J.P.M.L. Rule 5.2(b), on March 9th, 2007, CoxCom, Inc. filed its Motion for Transfer and Consolidation of the Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation in Washington, D.C.  CoxCom, Inc. is a named defendant in both *Rembrandt Technologies, LP v. Charter Communications, Inc., et. al.*; Civil Action No. 2:06-CV-507, and *Rembrandt Technologies, LP v. Charter Communications, Inc., et. al.*; Civil Action No. 2:06-CV-223, both pending before Judge T. John Ward in the Eastern District of Texas.  Enclosed with this Notice are copies of the motion for transfer and consolidation and all documents in support thereof.

Dated: March 9th, 2006.

Respectfully Submitted

KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555 (facsimile)
Mstockwell@kilpatrickstockton.com
Sgriffin@kilpatrickstockton.com

*Mitchell G. Stockton*

Mitchell G. Stockton
R. Scott Griffin

Tonya R. Deem
KILPATRICK STOCKTON
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7300
(336) 607-7500 (facsimile)
tdeem@kilpatrickstockton.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
PO Box 359
Tyler, Texas  75710
Telephone:  903-597-8311
Facsimile:  903-593-0846

**ATTORNEYS FOR COXCOM, INC**.

## CERTIFICATE OF SERVICE

The Undersigned certifies that a copy of the NOTICE OF FILING MOTION FOR

TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES, LP

PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407 was filed electronically in

compliance with local rule CV-5(a) and contemporaneously served by first class mail on all

counsel of record in the above-captioned cases.


Mitchell G. Stockton
KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555 (facsimile)
mstockton@kilpatrickstockton.com

**ATTORNEY FOR COXCOM, INC**.

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:<br><br>Rembrandt Technologies, LP Patent Litigation | MDL Docket No. |

## MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

**Attorneys For COXCOM, INC.**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation (the "Panel"), Defendant CoxCom, Inc. ("CoxCom")[1]

moves the Panel for an Order: (1) transferring fourteen (14) related patent infringement

actions filed by or against Rembrandt Technologies, LP ("Rembrandt") (the "Actions"), as

well as any actions that may subsequently be filed by or against Rembrandt, asserting similar

or related claims to the District of Delaware.[2]

In support of this Motion, CoxCom states the following, as more fully explained in

the accompanying Memorandum of Law:

1.      This Motion seeks the transfer and consolidation of fourteen related actions for

patent infringement filed by Rembrandt against twenty-nine defendants[3] (the "Actions"),  ten

of which were filed within the last six months.  The Actions have been filed in three judicial

districts:  the Eastern District of Texas; the District of Delaware; and the Southern District of

New York.

---

[1] CoxCom is a defendant in the recently filed cases of *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) (Marshall Division) and *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-507-TJW (E.D. Tex.) (Marshall Division).  CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom, Inc. v. Rembrandt Technologies, L.P.*, No. 06-721-GMS (D. Del.).
[2] As explained more fully in the accompanying Memorandum of Law, CoxCom moves for consolidation of all 14 related patent infringement actions, but suggests that, because of the illogical way in which the claims were grouped in the 14 cases, the most convenient, just and efficient administration of these actions would be achieved if the transferee court severed from the consolidated action those claims asserting the '627 patent for separate treatment and conduct. Claims relating to the '627 patent implicate completely different technology and activity (receipt and transmission of broadcast television signals through ATSC-compliant equipment) than the rest of the claims (which implicate high speed internet services through DOCSIS-compliant equipment).
[3] The Actions were initially filed against twenty-nine defendants, but claims asserted against Cox Communications, Inc. and Cox Enterprises, Inc. were voluntarily dismissed.  See *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.).

2

2.      Pursuant to Rule 7.2(a)(ii) of the Rules of the Panel, a schedule of the Actions is attached hereto as Exhibit A.

3.      Plaintiff Rembrandt is a limited partnership organized under the laws of the State of New Jersey with its principal place of business in Bala Cynwyd, Pennsylvania. Rembrandt is a company that invests in patents, but does not practice them. Instead, it acquires rights to patents and sues entities it believes infringe upon those patents.

4.      Rembrandt has initiated two waves of patent litigation relating to:  (a) the receipt and transmission over the cable television systems of digital terrestrial broadcast signals that comply with the ATSC[4] Digital Television Standard; and (b) the provision of high speed internet services through the use of DOCSIS[5]-compliant equipment.

5.      Rembrandt filed the Actions in two waves, apparently as it became the assignee of the various patents in suit.  The first wave of litigation (the "Rembrandt I" litigation) includes nine cases against fifteen current defendants spanning three industries (cable, television broadcast, and manufacturing) and asserts infringement of up to five patents.  One of the five patents asserted in the Rembrandt I litigation, U.S. Patent No. 5,243,627 (the "'627 patent"), is asserted against each of the Rembrandt I defendants.  The '627 patent relates to the receipt and transmission of ATSC-compliant television broadcast signals.  The remaining four patents asserted in the Rembrandt I litigation do not relate to the transmission of television signals.  Instead, the remaining four patents relate to the provision of high speed internet service through the use of DOCSIS-compliant cable modems and related equipment.  The second wave of litigation (the "Rembrandt II" litigation) includes

---

[4]      "Advanced Television System Committee"
[5]      "Data-Over-Cable Service Interface Specifications"

3

three cases filed by Rembrandt in the Eastern District of Texas against seven cable service providers (all of whom are also defendants in the Rembrandt I litigation), a declaratory judgment action filed by CoxCom in the District of Delaware, and an action filed in the Southern District of New York. The Rembrandt II litigation asserts infringement of five patents relating to the provision of high speed internet service and accuses the same DOCSIS-compliant equipment that is accused in the Rembrandt I litigation.

6. But for the claim of infringement of the '627 patent, all of the claims in the Rembrandt I and Rembrandt II actions relate to the provision of high speed internet and related services through the use of DOCSIS-compliant cable modems and related equipment.

7. For the Panel's convenience, a table identifying the asserted patents, the actions in which they have been asserted and the industry standards that are accused is attached to the Motion as Exhibit B.

8. There have been no substantive orders issued in any of the Actions and no claim construction hearings have been held.

9. In each of the Actions, defendants already have asserted, or may be expected to assert, overlapping defenses that some or all of the various asserted patent claims are not valid and/or not enforceable (i.e., void for inequitable conduct and/or prosecution laches) under the patent laws.

10. In each of the Actions, Rembrandt alleges that the defendants infringe its patents by virtue of their compliance with industry standards, either the ATSC standard with respect to the '627 patent or the DOCSIS standard with respect to the other patents in suit. Therefore, the Actions involve identical infringement allegations regarding the patents and the defendants may be expected to assert overlapping non-infringement defenses.

4

11.     Transfer and consolidation of these Actions is necessary to:  (a) eliminate the potential for inconsistent rulings on critical pretrial motions, including but not limited to, claim construction rulings; (b) eliminate the burden of duplicative discovery on common issues; (c) prevent inconsistent pretrial rulings; (d) avoid the unnecessary use of judicial resources; and (e) reduce the overall costs and burdens for all of the parties.  Moreover, because the Actions assert infringement based on compliance with industry standards, the effect of having inconsistent rulings regarding industry standards would be significant and deleterious.

12.     Due to the many overlapping patents, the Actions in this litigation involve common questions of fact.  Each of the Actions involves allegations of infringement, invalidity and enforceability issues common to the overlapping patents.  All the Actions can be expected to share factual and legal questions concerning such matters as the technology underlying the patents, the scope and content of the prior art, claim construction, the prosecution histories of the asserted patents and any inequitable conduct and/or unreasonable delays (prosecution laches) committed during their prosecution, and/or issues of infringement involving the patents.

13.     The claims relating to the provision of high speed internet service and related services accuse the same DOCSIS-compliant equipment—cable modems and related equipment used by the cable service provider defendants in providing high speed internet service.  However, because some of these claims are asserted in the Rembrandt I actions while others are asserted in the Rembrandt II actions and because seven of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, it is expected that the cable service provider defendants and the third parties who supply and

5

manufacture the accused equipment will be subjected to burdensome and inefficient discovery as they are forced to respond to overlapping and duplicative discovery requested in the separate actions.

14.     Further, the question of damages will present many other common issues of fact among the Actions.  Because Rembrandt is not a competitor of the defendants, Rembrandt can be expected to seek damages in the form of a reasonable royalty, which involves consideration of multiple factors as set forth in the seminal case of *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971).  Because many of these factors relate to the specific patent or patent owner involved in the case, each patent for which Rembrandt seeks damages will present numerous common factual issues.  Moreover, because the claims relating to the provision of high speed internet services straddle both Rembrandt I and Rembrandt II actions, because the claims accuse the same equipment, and because seven of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, there is a risk that Rembrandt may receive inflated damages.

15.     Of the fourteen actions currently at issue, at least six are pending before Judge Gregory Sleet in the District of Delaware.  These six actions assert five of the nine patents at issue in the Actions and implicate both of the accused industry standards.  As such, Judge Sleet has the opportunity to gain familiarity with the patents, technology and industry standards at issue.

16.     Judge Sleet has presided over a number of complex patent litigation cases in the past and has demonstrated an understanding and ability to effectively administer this type

6

of complex litigation. Moreover, Judge Sleet has already indicated an interest in at least coordinating the six actions pending in Delaware.

17.     Consolidation and transfer before Judge Sleet in the District of Delaware is appropriate.

WHEREFORE CoxCom requests that this Panel enter an order transferring the Actions, as well as any actions that may subsequently be filed by or against Rembrandt asserting similar or related claims to the District of Delaware and consolidating those actions for coordinated pretrial proceedings.

This the 9th day of March 2007.

Respectfully Submitted:

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

**Attorneys for COXCOM, INC.**

US2000 9823191.1

**Exhibit A**
**SCHEDULE OF ACTIONS**

| NO. | NAME OF ACTION | DISTRICT COURT/ DIVISION | DATE ACTION FILED | CIVIL ACTION NUMBER | JUDGE ASSIGNED |
|---|---|---|---|---|---|
| 1. | Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation | U.S.D.C., Eastern District of Texas/Marshall Division | 02/03/06 | 2:06-cv-047 | T. John Ward |
| 2. | Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP | U.S.D.C., Eastern District of Texas/Marshall Division | 09/16/05 | 2:05-cv-443 | T. John Ward |
| 3. | Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP | U.S.D.C., Eastern District of Texas/Marshall Division | 11/30/06 | 2:06-cv-506 | T. John Ward |
| 4. | Rembrandt Technologies, LP v. Time Warner Cable, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 06/01/06 | 2:06-cv-224 | T. John Ward |
| 5. | Rembrandt Technologies, LP v. Time Warner Cable, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 09/13/06 | 2:06-cv-369 | T. John Ward |
| 6. | Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation | U.S.D.C., Eastern District of Texas/Marshall Division | 06/01/06 | 2:06-cv-223 | T. John Ward |
| 7. | Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; and CoxCom, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 11/30/06 | 2:06-cv-507 | T. John Ward |

| NO. | NAME OF ACTION | DISTRICT COURT/ DIVISION | DATE ACTION FILED | CIVIL ACTION NUMBER | JUDGE ASSIGNED |
|---|---|---|---|---|---|
| 8. | Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc. | U.S.D.C., District of Delaware | 10/13/06 | 1:06-cv-635 | Gregory M. Sleet |
| 9. | CoxCom, Inc. v. Rembrandt Technologies, LP | U.S.D.C., District of Delaware | 11/30/06 | 1:06-cv-721 | Gregory M. Sleet |
| 10 | Rembrandt Technologies, LP v. CBS Corporation | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-727 | Gregory M. Sleet |
| 11 | Rembrandt Technologies, LP v. NBC Universal, Inc. | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-729 | Gregory M. Sleet |
| 12 | Rembrandt Technologies, LP v. ABC, Inc. | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-730 | Gregory M. Sleet |
| 13 | Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-731 | Gregory M. Sleet |
| 14 | In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP | U.S. Bankr. Court and U.S.D.C., Southern District of New York | 01/11/07 | Bankr: 02-41729 U.S.D.C.: 1:07-cv-214 | Bankr: Robert E. Gerber U.S.D.C.: William H. Pauley III |

## EXHIBIT B
## Rembrandt Litigation

| Patent | Rembrandt v. Sharp (2:06-cv-047-TJW) | Rembrandt v. Comcast (2:05-cv-443-TJW) | Rembrandt v. Comcast (2:06-cv-506-TJW) | Rembrandt v. Time Warner (2:06-cv-224-TJW) | Rembrandt v. Time Warner (2:06-cv-369-TJW) | Rembrandt v. Charter, et al. (2:06-cv-223-TJW) | Rembrandt v. Charter, et al. (2:06-cv-507-TJW) | Rembrandt v. Cablevision (1:06-cv-635-GMS) | CoxCom v. Rembrandt (1:06-cv-721-GMS) | Rembrandt v. CBS (1:06-cv-727-GMS) | Rembrandt v. NBC (1:06-cv-729-GMS) | Rembrandt v. ABC (1:06-cv-730-GMS) | Rembrandt v. Fox (1:06-cv-731-GMS) | Rembrandt v. Adelphia et al. (1:07-cv-214-WHP) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| '627 (5,243,627) | XXX | XXX | | | | | | XXX | | XXX | XXX | XXX | XXX | |
| '631 (5,852,631) | XXX | XXX | | | | XXX | | XXX | | | | | | |
| '858 (5,719,858) | XXX | XXX | | | | XXX | | XXX | | | | | | |
| '819 (4,937,819) | XXX | XXX | | | | XXX | | XXX | | | | | | |
| '761 (5,710,761) | | | XXX | XXX | XXX | | XXX | | | | | | | XXX |
| '234 (5,778,234) | | | XXX | XXX | XXX | | XXX | | | | | | | XXX |
| '159 (6,131,159) | | | XXX | XXX | XXX | | XXX | | | | | | | XXX |
| '444 (6,950,444) | | | XXX | XXX | XXX | | XXX | XXX | | | | | | XXX |
| '903 (5,008,903) | | | XXX | XXX | XXX | | XXX | XXX | XXX | | | | | |

**Legend:**
Blue cases are pending in the E.D. Tex.
Gold cases are pending in the D. Del.
Purple case is pending in the S.D.N.Y.
Green patents implicate the ATSC industry standard.
Red patents implicate the DOCSIS industry standard.
Shaded columns indicate the Rembrandt I cases.
Clear columns indicate the Rembrandt II cases.

US3D00\9804785.1 C8490-331049

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | ) |
| | ) |
| Rembrandt Technologies, LP Patent | )  MDL Docket No. |
| Litigation | ) |
| | ) |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATION OF
REMBRANDT TECHNOLOGIES, LP PATENT LITIGATON
PURSUANT TO 28 U.S.C. § 1407**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**Attorneys For COXCOM, INC.**

# **TABLE OF CONTENTS**

I.     BACKGROUND OF THE LITIGATION ....................................................................1

III.    ARGUMENT ..........................................................................................................9

      A.    The Actions Present Many Common Questions of Fact .....................................9

      A.    Number of Related Cases And Parties Pending in Delaware ...........................16

      B.    Judge Sleet is Familiar with Patents ................................................................17

      C.    Delaware Docket is Less Congested ................................................................18

      D.    Delaware is Home Jurisdiction .........................................................................19

      E.    Policy Considerations Favor Transfer to Delaware ..........................................19

IV.    CONCLUSION .....................................................................................................20

US2000 9807131.4 C8490-331049

## TABLE OF ABBREVIATIONS

| Full Name | Abbreviation |
|---|---|
| CoxCom, Inc. | CoxCom |
| Rembrandt Technologies, LP | Rembrandt |
| Sharp Corporation and Sharp Electronics Corporation | Sharp |
| Time Warner Cable, Inc. | Time Warner |
| Charter Communications, Inc. and Charter Communications Operating, LLC, | Charter |
| Cablevision Systems Corporation and CSC Holdings, Inc. | Cablevision |
| Adelphia Communications Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP | Adelphia |
| Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano LP | Comcast |
| CBS Corporation | CBS |
| NBC Universal, Inc. | NBC |
| ABC, Inc. | ABC |
| Fox Entertainment Group, Inc. and Fox Broadcasting Company | Fox |
| Rembrandt I Patents: | Rembrandt I Patents: |
| U.S. Patent No. 5,243,627 | '627 Patent |
| U.S. Patent No. 5,852,631 | '631 Patent |
| U.S. Patent No. 5,719,858 | '858 Patent |
| U.S. Patent No. 4,937,819 | '819 Patent |
| Litigation initiated by Rembrandt in 2005 and 2006 involving the '627, '631, '858, and '819 patents. | Rembrandt I litigation |
| Rembrandt II Patents: | Rembrandt II Patents: |
| U.S. Patent No. 5,008,903 | '903 Patent |
| U.S. Patent No. 5,710,761 | '761 Patent |
| U.S. Patent No. 5,778,234 | '234 Patent |

iii

| U.S. Patent No. 6,131,159 | '159 Patent |
| U.S. Patent No. 6,950,444 | '444 Patent |
| Litigation initiated by Rembrandt in 2006 involving the '903, '761, '234, '159, and '444 patents. | Rembrandt II litigation |
| Data-Over-Cable Service Interface Specifications | DOCSIS |
| Advanced Television System Committee | ATSC |
| United States District Court for the Eastern District of Texas | E.D. Tex. |
| United States District Court for the District of Delaware | D. Del. |
| United States District Court for the Southern District of New York | S.D.N.Y. |

US2000 9807131.4 C8490-331049

**BRIEF IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION FOR COORDINATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendant CoxCom[1] submits this Memorandum of Law in Support of its Motion for Transfer and Consolidation of the Rembrandt Technologies, LP Patent Litigation pursuant to 28 U.S.C. §1407. CoxCom moves the Panel for an Order transferring and consolidating fourteen (14) related patent infringement actions filed by or against Rembrandt, as well as any actions that may subsequently be filed by or against Rembrandt, asserting similar or related claims to the District of Delaware.[2]

## I.      BACKGROUND OF THE LITIGATION

This Motion seeks transfer and consolidation of fourteen related actions for alleged patent infringement filed by or against Rembrandt in three District Courts, ten of which were filed within the last six months (collectively, the "Actions"). Nine of the Actions allege infringement of numerous overlapping patents relating to the provision of high speed internet services through the use of DOCSIS-compliant equipment. *See, e.g.*, Ex. 13 ¶¶ 19-36[3]; Ex.

---

[1] CoxCom is a defendant in the recently filed cases of *Rembrandt v. Charter, et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) and *Rembrandt v. Charter, et al.*, No. 2:06-CV-507-TJW (E.D. Tex.). CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom v. Rembrandt*, No. 06-721-GMS (D. Del.).

[2] CoxCom moves the Panel for consolidation of all 14 related patent infringement actions, but suggests that, because of the illogical way in which the claims are grouped in the 14 cases, the most convenient, just and efficient administration of these actions would be achieved if the transferee court severed from the consolidated action the claims of the '627 patent for separate treatment and conduct. Rembrandt asserts the claims of the '627 patent against completely different technology and activity (receipt and transmission of broadcast television signals through ATSC-compliant equipment) than the rest of the patent claims (which are asserted against high speed internet services through DOCSIS-compliant equipment).

[3] Except as otherwise indicted, references to Exhibits 1-42 refer to the Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation filed concurrently herewith. References to Exhibits A-B refer to the exhibits attached to the Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation.

15 ¶¶ 8-32.  Of these nine actions, four also allege infringement of a separate and distinct

patent, the '627 patent, relating to the receipt and transmission over the cable television

systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television

Standard.  S*ee, e.g.*, Ex.13 ¶¶ 13-18.  The five remaining actions allege infringement solely

of the '627 patent.  *See, e.g.*, Ex. 22 ¶¶ 6-12.   Pursuant to Rule 7.2(a)(ii) of the Rules of the

Panel, a schedule of the fourteen Actions is attached as Exhibit A to the Motion.

Due to the large number of overlapping patents asserted in the Actions and the fact

that Rembrandt contends that industry standards infringe the patents in suit, the Actions

present numerous common issues of fact and law regarding such matters as the technology

underlying the patents, the prior art, the construction of the patent claims, the validity,

enforceability and the alleged infringement of the patents, and the extent to which the

doctrine of prosecution history estoppel precludes any finding of infringement under the

doctrine of equivalents.  Accordingly, if the Actions are not transferred and consolidated,

needless expense and waste of judicial resources will be incurred as fourteen actions go

forward on separate tracks.  Moreover, without transfer and consolidation, there is a serious

risk of inconsistent pre-trial rulings (especially on the critical issues of claim construction

and prosecution history estoppel) and, thus, the distinct possibility of inconsistent judgments

on the merits.  Because the Actions assert infringement based on compliance with industry

standards, the effect of having inconsistent rulings regarding industry standards would be

significant and deleterious.

By contrast, consolidation in a single district, will conserve judicial resources, reduce

costs, prevent duplicative discovery and protect against inconsistent pre-trial rulings and

-2-

contradictory results.  Presumable for these reasons, even Rembrandt believes that transfer

and consolidation under 28 U.S.C. § 1407 is desirable.  Ex. 43 at Ex. C at 13:16-14:10.

## II.   FACTUAL BACKGROUND

### A.   Rembrandt

Rembrandt is a New Jersey limited partnership with its principal place of business in

Bala Cynwyd, Pennsylvania.  Ex. 20 ¶ 2.  Rembrandt is a non-practicing entity ("NPE")—a

firm that invests in patents for the purpose of litigating patent infringement and obtaining

royalties and licenses, but does not practice the patents.  *Id.* ¶¶ 7, 9.  According to its website,

Rembrandt "shoulders the legal, financial, and business risks associated with pursuing patent

pirates and provides the capital and expertise required to litigate complex patent

infringements." *Id.* ¶ 8.  To pursue such patent infringement litigation, Rembrandt maintains

a "staff of in-house professionals and outside consultants" that "includes scientists, inventors,

financial analysts, lawyers, and researchers who are expert at identifying the validity and

market value of patents and Intellectual Property (IP), and securing revenue for these

inventors and companies as well as Rembrandt's investors." *Id.*  In fact, Rembrandt

distinguishes itself from other NPEs by emphasizing its willingness and "ability to pursue

patent infringement." *Id.*  Rembrandt claims to have raised $150 million "to acquire patents

and litigate patent infringement." *Id.*

Rembrandt filed the Actions in two waves, apparently as it became the assignee of the

various patents in suit.  As a result, the Actions were not broken out in a logical fashion.

Instead, four of the actions assert two separate and unrelated sets of patents and accuse two

separate and unrelated industry standards.  Despite this timing issue, the two waves of

litigation ("Rembrandt I" and "Rembrandt II") overlap significantly with regard to the

-3-

alleged infringers and the accused activities as they relate to those patents implicating the

DOCSIS industry standard. Those cases asserting the '627 patent (implicating the ATSC

industry standard) also overlap with respect to the accused activities.

### B. The Present Actions

| NAME OF ACTION | DISTRICT COURT | CIVIL ACTION NUMBER |
|---|---|---|
| *Rembrandt I Litigation* | | |
| *Rembrandt Technologies, LP v. Sharp Corp., et al.* | E.D. Tex. | 2:06-cv-047 |
| *Rembrandt Technologies, LP v. Comcast Corp., et al.* | E.D. Tex. | 2:05-cv-443 |
| *Rembrandt Technologies, LP v. Time Warner Cable, Inc.* | E.D. Tex. | 2:06-cv-224 |
| *Rembrandt Technologies, LP v. Charter Commc'n, et al.* | E.D. Tex. | 2:06-cv-223 |
| *Rembrandt Technologies, LP v. Cablevision Sys., et al.* | D. Del. | 1:06-cv-635 |
| *Rembrandt Technologies, LP v. CBS Corp.* | D. Del. | 1:06-cv-727 |
| *Rembrandt Technologies, LP v. NBC Universal, Inc.* | D. Del. | 1:06-cv-729 |
| *Rembrandt Technologies, LP v. ABC, Inc.* | D. Del. | 1:06-cv-730 |
| *Rembrandt Technologies, LP v. Fox Entm't Group, Inc., et al.* | D. Del. | 1:06-cv-731 |
| | | |
| *Rembrandt II Litigation* | | |
| *Rembrandt Technologies, LP v. Comcast Corp., et al.* | E.D. Tex. | 2:06-cv-506 |
| *Rembrandt Technologies, LP v. Time Warner Cable, Inc.* | E.D. Tex. | 2:06-cv-369 |
| *Rembrandt Technologies, LP v. Charter Commc'n, et al.* | E.D. Tex. | 2:06-cv-507 |
| *CoxCom, Inc. v. Rembrandt Technologies, LP* | D. Del. | 1:06-cv-721 |
| *Rembrandt Technologies, LP v. Adelphia Commc'n Corp., et al.* | S.D.N.Y. | 1:07-cv-214 |

The Rembrandt I litigation includes nine cases against fifteen current defendants

spanning three industries (cable, television broadcast, and manufacturing) and asserts

infringement of up to five patents. One of the five patents asserted in the Rembrandt I

litigation, the '627 patent, is asserted against each of the fifteen current Rembrandt I

defendants. Rembrandt contends that the '627 patent covers the receipt and transmission of

ATSC-compliant television broadcast signals. *See, e.g.*, Ex. 13 ¶¶ 13-18. The remaining

four patents asserted in the Rembrandt I litigation do not relate to the transmission of

-4-

television signals.  Instead, Rembrandt asserts the remaining four patents against the

provision of high speed internet service through the use of DOCSIS-compliant cable modems

and related equipment.  Ex. 13 ¶¶ 19-36; *see also* Ex 19 at 1-3.

The Rembrandt II litigation includes three cases filed by Rembrandt in the E.D. Tex.

against seven cable service providers (all of whom are also defendants in the Rembrandt I

litigation), a declaratory judgment action filed by CoxCom in the D. Del., and an action filed

in the S.D.N.Y against Adelphia.[4]  In the Rembrandt II litigation, Rembrandt alleges

infringement of five patents based on the Defendants' provision of high speed internet

service and accuses the same DOCSIS-compliant equipment that is accused in the

Rembrandt I litigation.[5]  *See, e.g.*, Ex. 15 ¶¶ 8-32; *see also* Ex. 32 ¶¶ 20-28.

But for the claim of infringement based on the '627 patent, all of the infringement

claims in the Rembrandt I and Rembrandt II actions relate to the provision of high speed

internet and related services using DOCSIS-compliant cable modems and related equipment.

Because of the illogical way in which these actions were filed, it is necessary to consolidate

not only all of those cases asserting patents implicating the DOCSIS industry standard, but

also those cases asserting the '627 patent implicating the ATSC industry standard.

### 1.     The Rembrandt I Litigation.

#### a.     *Rembrandt v. Sharp, No. 2:06-cv-047 (E.D. Tex.).*

Rembrandt filed the *Sharp* action on February 3, 2006, in the E.D. Tex., asserting the

'627 patent.  *See* Ex. 1 ¶¶ 6-10.  As of March 6, 2007, the defendants have answered and

---

[4]  The lawsuit against Adelphia was initiated as an adversary proceeding filed in Adelphia's bankruptcy matter.  *See* Ex. 33.

[5] For the Panel's convenience, a table identifying the asserted patents, the actions in which they have been asserted and the industry standards which are accused is attached to the Motion as Exhibit B.

US2000 9807131.4

filed counterclaims, which also have been answered.  No discovery has been taken and no substantive orders have been issued.  *See* Ex. 2.  In fact, the court just presided over the initial case management conference on February 20, 2007.  *Id.*

### b. *Rembrandt v. Comcast, et al., No. 2:05-cv-443 (E.D. Tex.).*

Rembrandt filed the first *Comcast* complaint on September 16, 2005 in the E.D. Tex., asserting the '627 patent against the ATSC standard and three other patents ('631, '819, and '858) against DOCSIS.  *See* Ex. 3 ¶¶ 13-30.   There have been no substantive orders issued. *See* Ex. 4.  A claim construction hearing was to be held on February 8, 2007.  However, after granting a motion to disqualify Rembrandt's counsel, the court canceled the hearing, suspended all deadlines and ordered the parties to submit a proposed schedule after plaintiff retained new counsel and such counsel appeared in the case.  Ex. 5; Ex. 6.  No new schedule has yet been proposed to or issued by the court.  Ex. 4.

### c. *Rembrandt v. Time Warner, No. 2:06-cv-224 (E.D. Tex.)* **and** *Rembrandt v. Charter, et al., No. 2:06-cv-223 (E.D. Tex.).*

On June 1, 2006, Rembrandt filed actions in the E.D. Tex. against Time Warner, Charter, CoxCom and their respective related entities, asserting the same patents ('627, '631, '819, '858) Rembrandt asserted in the *Comcast* case.  *See* Ex. 9 ¶¶ 6-29; Ex. 13 ¶¶ 13-36.  As of March 6, 2007, the defendants have answered and filed counterclaims, which have been answered.  *See* Ex. 10; Ex. 14.  CoxCom moved to dismiss for lack of personal jurisdiction. *Id.*  No discovery has been taken and no substantive orders have been issued.  *Id.*; Ex. 10.

### d. *Rembrandt v. Cablevision, No. 1:06-cv-635 (D. Del.).*

On October 13, 2006, Rembrandt filed an action against Cablevision in the D. Del., asserting the same four patents ('627, '631, '819, '858) Rembrandt asserted in the prior E.D.

US2000 9807131.4

Tex. cases, and an additional patent (the '903 patent) against DOCSIS.  *See* Ex. 17 ¶¶ 8-37.

As of March 6, 2007, the defendants have answered and filed counterclaims, which also have

been answered.  *See* Ex. 18.  Within the last month, defendants have served written discovery

requests and their mandatory disclosures required by Rule 26(a) of the Federal Rules of Civil

Procedure.  *Id.*  No substantive orders have issued.  *Id.*

> ### e. *Rembrandt v. CBS, No. 1:06-cv-727 (D. Del.); Rembrandt v. NBC, No. 1:06-cv-729 (D. Del.); Rembrandt v. ABC, No. 1:06-cv-730 (D. Del.),* **and** *Rembrandt v. Fox, No. 1:06-cv-731 (D. Del.).*

On December 1, 2006, Rembrandt filed in the D. Del. four separate actions against

CBS, NBC, ABC and Fox broadcasting companies asserting the '627 patent.  *See* Ex. 22 ¶¶

6-12; Ex. 24 ¶¶ 6-12; Ex. 26 ¶¶ 6-12; Ex. 28 ¶¶ 7-13.  As of March 6, 2007, the defendants

have answered and filed counterclaims, which also have been answered.  *See* Ex. 23; Ex. 25;

Ex. 27; Ex. 29.  No discovery has been taken and no substantive orders have been issued.  *Id.*

## 2. The Rembrandt II Litigation.

### a. *Rembrandt v. Time Warner, No. 2:06-cv-369 (E.D. Tex.).*

On September 13, 2006, Rembrandt initiated a new wave of litigation against the

cable service providers with an action against Time Warner filed in the E.D. Tex., asserting

five additional patents against DOCSIS.  *See* Ex. 11 ¶¶ 11-35.  Specifically, Rembrandt's

complaint asserts infringement of the '761, '234, '159, '444 and '903 patents.  *Id.*  Time

Warner has answered and filed counterclaims, which have been answered.  *See* Ex. 12.  On

February 23, 2007, Rembrandt moved for leave to amend its complaint.  *Id.*  No discovery

has been taken and no substantive orders have been issued.  *Id.*

US2000 9807131.4

### b. *Rembrandt v. Comcast, No. 2:06-cv-506 (E.D. Tex.)* **and** *Rembrandt v. Charter, et al., No. 2:06-cv-507 (E.D. Tex.).*

On November 30, 2006, Rembrandt filed two more actions against cable companies Comcast, Charter, CoxCom, and their respective related entities, asserting infringement of the same five additional patents ('761, '234, '159, '444 and '903) against DOCSIS.  *See* Ex. 7 ¶¶ 6-30;  Ex. 15 ¶¶ 8-32.  As of March 6, 2007, the defendants have answered and filed counterclaims, which have been answered.  *See* Ex. 8; Ex. 16.  CoxCom has moved for dismissal or, in the alternative, to transfer to the D. Del.  *Id.*   No discovery has been taken and no substantive orders have been issued.  *Id.*; Ex. 16.

### c. *CoxCom  v. Rembrandt, No. 1:06-cv-721 (D. Del.).*

CoxCom filed a declaratory judgment action in the D. Del. on November 30, 2006, seeking declarations as to the noninfringement and invalidity as to the '903 patent.  *See* Ex. 20 ¶¶ 18-22.  The declaratory judgment action was filed four hours before Rembrandt filed suit against CoxCom in the E.D. Tex.  Rembrandt has moved to dismiss the action.  *See* Ex. 21.  No discovery has been taken and no substantive orders have been issued.  *Id.*

### d. *Rembrandt v. Adelphia, No. 1:07-cv-214 (S.D.N.Y.).*

On September 13, 2006, Rembrandt filed an adversary proceeding in the Adelphia bankruptcy action pending in the S.D.N.Y., asserting four of the DOCSIS patents asserted against the other cable companies (the '761, '234, '159, and '444 patents).  *See* Ex. 33 ¶¶ 18-37.  On January 10, 2007, Rembrandt moved to withdraw the reference to the bankruptcy court so that the litigation would proceed in the district court.  *See* Ex. 30.  Adelphia has filed an opposition to the motion.  *See Id.*.  The motion has not yet been resolved.  *Id.*

III.    **ARGUMENT**

Under 28 U.S.C. § 1407(a), civil actions "involving one or more common questions of fact," pending in different federal districts may be transferred to a single district for coordinated or consolidated pretrial proceedings.  Transfers are appropriate if the Panel determines that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.*  The Actions involved in this litigation easily satisfy each of these requirements.

A.    **The Actions Present Many Common Questions of Fact.**

The Panel has recognized that actions involving overlapping patents are particularly well-suited for consolidation under 28 U.S.C. §1407 because they, by their very nature, present many common questions of fact.  For example, in *In re Acacia Media Techs. Corp. Patent Litg.*, the Panel recognized that when overlapping patents are asserted in multiple actions, "[a]ll actions . . . can be expected to share factual and legal questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents."  360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005); *accord In re PharmaStem Therapeutics, Inc., Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005) (consolidating five actions asserting overlapping patents with a related unfair competition action); *In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380 (ordering consolidation of three actions dealing with cellular phone and/or modem products, on the basis that overlapping complex patents, "can thus be expected to share factual and legal questions concerning such matters as patent validity, prior art, obviousness and interpretation if various claims of the patents.").

-9-

Here, Rembrandt has asserted many overlapping patents in each of the Actions. Specifically, as shown in Exhibit B attached to the Motion:

- Four (4) patents ('761, '234, '159 and '444) have been asserted in four actions;
- Three (3) patents ('631, '858, and '819) have been asserted in four actions;
- One (1) patent ('903) has been asserted in five actions; and
- One (1) patent ('627) has been asserted in nine actions.

Due to the large number of overlapping patents asserted by Rembrandt in the Actions, this litigation involves many common questions of fact. Each of the Actions involve allegations of infringement, invalidity and enforceability issues common to the overlapping patents. The Actions, therefore, can be expected to share factual and legal questions concerning such matters as the technology underlying the patents, the scope and content of the prior art, claim construction, the prosecution histories of the asserted patents and any inequitable conduct and/or unreasonable delays (prosecution laches) committed during their prosecution, and/or issues of infringement involving the patents.

The Panel has routinely recognized that the issue of infringement are likely to raise common questions of fact in multidistrict patent litigation actions. *See In re Acacia Media Techs. Corp. Patent Litg.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005) (where overlapping patents are asserted in multiple actions it can be expected that they share factual and legal questions concerning issues such as infringement involving the patents); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) (ordering consolidation of six actions involving common infringement and invalidity contentions). Furthermore, when actions involve the same underlying technology, as these do here, claims of infringement as to each defendant will necessarily involve common questions of fact.

-10-

All of the Actions involve the same underlying technologies and industry standards—the provision of high speed internet services by virtue of DOCSIS-compliant modems and related equipment; or, in the case of the '627 patent, the receipt and transmission of ATSC-compliant television broadcast signals. Because the accused systems in each of the Actions is DOCSIS-compliant or ATSC-compliant, claims of infringement as to each defendant will necessarily involve common questions of fact, therefore making them appropriate for consolidation. *See* Ex. 43 at Ex. C at 5:22-7:20 (arguing that the DOCSIS standard infringes and, thus, any services that comply with the standard also infringe); *see also In re FMC Corp. Patent Litig.*, 422 F.Supp. 1163, 1165 (J.P.M.L. 1976) (finding that because all the defendants used the same product, common factual questions concerning the infringement issues were also present). In fact, Rembrandt recently acknowledged that the alleged infringing activity of any specific defendant is not unique. Instead, it is the defendants' compliance with the industry standards that is accused. *See* Ex. 43 at Ex. C at 5:22-7:9.

Further, the question of damages will present many other common issues of fact among the Actions. Because Rembrandt is not a competitor of the defendants, Rembrandt is expected to seek damages in the form of a reasonable royalties *see, e.g.*, Ex. 42, which involves consideration of multiple factors as set forth in the seminal case of *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971). Because many of these factors relate to the specific patent or patent owner involved in the case, each patent for which Rembrandt seeks damages will present numerous common factual issues. Also, Rembrandt has offered to license the '627 patent under reasonable terms and conditions on a non-discriminatory, non-exclusive basis. *See* Ex. 42. Thus, the terms and conditions of any such licenses will be common to all

-11-

of the defendants against whom the '627 patent has been asserted.  Moreover, because the claims relating to the provision of high speed internet services straddle both Rembrandt I and Rembrandt II actions, because the claims accuse the same equipment, and because seven of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, there is a risk that Rembrandt may receive overlapping damages for the same activity at issue in the Rembrandt I and Rembrandt II actions

 The Actions all involve common questions of fact; thus, transfer and consolidation would serve the convenience of the parties and witness and would promote the just and efficient conduct of the Actions.  Because of these common questions, centralization would eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

 **B.** **Transfer and Consolidation Would Serve the Convenience of the Parties.**

 There can be no question that consolidation and transfer to a single district would serve the convenience of the parties.  The claims relating to the provision of high speed internet and related services accuse the same DOCSIS-compliant equipment—cable modems and related equipment used by the defendants to provide high speed internet service.  However, because some of these claims are asserted in the Rembrandt I actions while other, related claims are asserted in the Rembrandt II actions and because many of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, it is expected that the cable service provider defendants and the third parties who supply and manufacture the accused equipment will be subjected to burdensome and inefficient discovery as they are forced to respond to overlapping and duplicative discovery requested in the separate actions.   For example, in *Rembrandt v. Comcast*, No. 2:05-CV-443 (E.D. Tex.),

-12-

Rembrandt has already served subpoenas on over forty (40) third party vendors seeking

identical discovery information regarding the accused DOCSIS-compliant devices supplied

to the defendants. *See* Ex. 41. Because the defendants in both Rembrandt I and Rembrandt

II rely on the same group of vendors and manufacturers to supply them with the accused

equipment, it is expected that Rembrandt will pursue the same information from each of the

third party vendors in each Action, resulting in unnecessary, duplicative discovery.

Unnecessary, duplicative discovery is exactly what 28 U.S.C. § 1407 was designed to

avoid. *In re Multidistrict Litig. Involving Frost Patent*, 316 F. Supp. 977, 979 (J.P.M.L.

1970) ("Section 1407 was intended to provide a procedure which would insure that

repetitious and duplicative discovery is avoided by providing that all related actions be

assigned to a single judge). Coordination of discovery in this case, however, would

eliminate this possibility. It would reduce the burden of both the defendants and plaintiff in

pursuing discovery on the many common issues. It will also benefit the third party vendors

and manufacturers, who may possess information relevant to each action, by avoiding the

possibility of having to engage in identical discovery efforts for each of the fourteen Actions.

Thus, it is clear that consolidation and transfer to a single district would serve the

convenience of the parties by avoiding costly and unnecessarily duplicative discovery.

### C. Transfer and Consolidation Would Promote Just and Efficient Conduct of the Actions.

As Rembrandt recently agreed during a hearing held in the Adelphia matter, transfer

and consolidation would also promote just and efficient conduct of the Actions. *See* Ex. 43

at Ex. C at 13:16-13:23. Without consolidation, the Actions would likely proceed in a

manner that is contrary to the meaning of judicial economy. If allowed to proceed

-13-

separately, these Actions will follow a costly and inefficient path, resulting in wasteful, duplicative discovery and create the potential for inconsistent pretrial rulings. By ordering consolidation, however, the Panel will ensure that the resources of the party and judiciary are used in their most judicious manner, avoiding the potential for conflicting rulings and inconsistent claim constructions.

Under *Markman v. Westview Instuments, Inc.*, it is the obligation of each district court to construe the claims of a patent as a matter of law. 517 U.S. 370, 388-91 (1996). While the prior claim constructions of other courts are relevant and persuasive authority, each district court must make its own judgment as to claim construction. *Texas Instruments, Inc. v. Linear Tech. Corp.*, 182 F. Supp. 2d 580, 589 (E.D. Tex. 2002). Here, given the large number of Actions asserting overlapping, complex patents in at least three different courts, the parties face the untenable prospect of several different claim constructions on identical claim terms. Such varying claim constructions could result in contradictory determinations on the core issues of infringement and invalidity. Consolidation is therefore necessary to ensure uniform application of the patent claims across all the Actions. *See In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) ("Centralization . . . is necessary in order to . . . prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claim construction . . . ."); *see also In re Mosaid Tech., Inc. Patent Litig.*, 283 F. Supp. 2d 1359, 1360 (J.P.M.L. 2003) (same).

As noted above, Rembrandt's assertion of so many overlapping patents means that the defendants will all pursue much of the same discovery to elicit facts to support their defenses. For example, all defendants can be expected to pursue documents and depositions supporting the defense of invalidity based on anticipation or obviousness, including

-14-

documents and depositions relating to the same prior inventions, prior printed publications, prior commercial sales and prior uses. *See* 35 U.S.C. §§ 102, 103. All defendants are also likely to see discovery relating to the enforceability of the asserted patents, including any inequitable conduct during their prosecution and/or unreasonable prosecution delays, which would result in a finding of prosecution laches. *See, e.g. Symbol Techs., Inc. v. Lemelson Med. Edu. & Research Found., L.P.*, 422 F.3d 1378, 1384-85, *amended on other grounds by* 429 F.3d 1051 (Fed. Cir. 2005). Furthermore, the defendants will also seek the same damages discovery relating to reasonable royalty factors, thereby resulting in duplicative and wasteful discovery efforts. Consolidation and coordination of the Actions for pretrial proceedings would therefore promote the just and efficient conduct of the Actions by avoiding wasteful and duplicative discovery efforts as well as inconsistent pretrial rulings.

Finally, but for the claim of infringement of the '627 patent, all of Rembrandt's infringement claims relate to the provision of high speed internet and related services by virtue of DOCSIS-compliant cable modems and related equipment. By consolidating all of the Actions in one forum, the transferee court will, at its discretion, be able to sever out and consolidate those claims relating to the '627 patent/ATSC standard, while preserving the consolidation of all the actions involving patents implicating the DOCSIS industry standard.

## III. THE DISTRICT COURT OF DELAWARE IS THE APPROPRIATE TRANSFEREE DISTRICT.

Consolidation and transfer to the District of Delaware, before Judge Gregory M. Sleet, is the most appropriate action. Factors considered by the Panel when selecting a particular transferee forum include: (1) the pendency in that district of a number of the actions; (2) the court's familiarity with the issues; (3) the district or judge's willingness to

-15-

accept responsibility for conducting coordinated or consolidated pretrial proceedings; and (4) the favorable status of the civil docket. *In re PharmaStem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005) (transfer to judge who was already familiar with the technology involved and who had related cases pending within his district); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (Panel gave weight to the judge's familiarity with the patents at issue, the pendency of 5 of the 6 actions within that district, and the judge's favorable caseload); *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) (transfer to judge who is more familiar with patents involved and related cases were in a more advanced stage of discovery); *In re Ampicillin Antitrust Litig.*, 315 F. Supp. 317, 319 (J.P.M.L. 1970) (stating that "availability of an experienced and capable judge familiar with the litigation is one of the more important factors in selecting a transferee forum"). The Panel also considers public and judicial policies when determining whether and where to consolidate separate proceedings pursuant to 28 U.S.C. § 1407.

## A. Number of Related Cases and Parties Pending in Delaware.

Of the fourteen actions currently at issue, at least six of the actions are currently pending before Judge Sleet in the District of Delaware. In situations where there are actions currently pending in a district, the Panel has expressed "a strong policy favoring the litigation of related claims in the same tribunal." *In re Koratron*, 302 F. Supp. 239, 243 (J.P.M.L. 1969); *see also In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380 (J.P.M.L. 2002); *In re CBS Color Tube Patent Litig.*, 329 F. Supp. 540 (J.P.M.L. 1971). Given the Panel's strong policy favoring transfer to forums where related cases are currently pending and given that a number of the actions are currently proceeding before Judge Sleet in the District of Delaware, transfer and consolidation in the District of Delaware is appropriate.

-16-

## B.     Judge Sleet is Familiar with the Patents.

More importantly, however, Judge Sleet is familiar with and has some understanding of the complex technology at issue in the Actions.  The Panel has repeatedly recognized that "the availability of an experienced and capable judge familiar with the litigation is one of the more important factors in selecting a transferee forum . . . ."  *In re Ampicillin Antitrust Litig.*, 315 F. Supp. 317, 319 (J.P.M.L. 1970).  This is especially true when dealing with patent litigation involving complex technologies.  *In re PharmaStem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362 (J.P.M.L. 2005) (transfer to district judge who was familiar with technologies involved); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380 (J.P.M.L. 2002) (ordering transfer to district judge who is familiar with the underlying issues); *In re Panty Hose Seaming Patent Litig.*, 402 F. Supp. 1401 (J.P.M.L. 1975) (judge's familiarity with patents in suit cited as only reason for transfer).

Here, each of the six actions currently pending before Judge Sleet assert claims relating to five of the nine patents at issue the Actions.  Moreover, the actions pending before Judge Sleet implicate both of the industry standards at issue—ATSC and DOCSIS.  As such, Judge Sleet has the opportunity to gain familiarity with a number of the patents at issue in the Actions.  Furthermore, Judge Sleet, having presided over a number of complex patent litigation cases in the past, including a multidistrict litigation matter *see* Ex. 35, has demonstrated an understanding and ability to effectively administer this type of complex patent litigation.  In fact, Judge Sleet has already indicated an interest in at least coordinating the six Rembrandt actions pending in Delaware.  *See* Ex. 19 at 3-4.  Thus, consolidation and transfer before Judge Sleet in the District of Delaware is most appropriate.

-17-

## C.      The Delaware Docket is Less Congested.

Of the three districts in which actions are currently pending, Delaware is the least

congested, making it the logical choice for transfer.  The Panel often considers the

congestion of the proposed docket when determining the appropriate transferee forum

pursuant to 28 U.S.C. § 1407.  *In re Laughlin Prods., Inc. Patent Litig.*, 240 F. Supp. 2d

1358, 1359 (J.P.M.L. 2003) (transfer to a district that "enjoys general caseload conditions . . .

with the present resources to devote time to pretrial matters" is preferable);  *In re*

*Compensation of Managerial, Professional & Technical Employees Antitrust Litig.*, 206 F.

Supp. 2d 1374 (J.P.M.L. 2002) (transfer to district not already burdened with a complex

docket was appropriate).  According to the *2005 Annual Report of the Administrative Office*

*of the United States Courts*, the number of civil cases pending in the D. Del. has decreased

more than twelve percent from 2005 to 2006.  *2005 Annual Report of the Administrative*

*Office of the United States Courts*, Table C.[6]  There has also been a corresponding 17.3%

decrease in the number of pending cases in the D. Del. in 2006, dropping from 1,733 cases in

2005 to 1,433 cases in 2006.  *Federal Judicial Caseload Statistics*, March 31, 2006,

Administrative Office of the United States Courts.[7]  Furthermore, based on the Federal

Docket reports, Judge Sleet currently has 64 patent cases pending, demonstrating his

familiarity with patent issues.[8]  Overall, it appears that the District of Delaware is less

---

[6]  The *2005 Annual Report of the Administrative Office of the United States Courts*, Table C provides
statistics for the 24-month period ending on March 31, 2006.   A copy of which is attached as Exhibit 36.

[7]  A copy of which is attached as Exhibit 37.

[8]  A copy of the docket for all patent cases pending before Judge Sleet is attached as Exhibit 38.

-18-

congested than either the E.D. Tex. or the S.D.N.Y.[9]  Thus, it is clear that Judge Sleet in the

has the docket, availability and resources necessary to handle this complex patent litigation.

### D.    Delaware is Home Jurisdiction to Many Defendants.

CoxCom, like most of the defendants involved in the Actions,[10] is incorporated in

Delaware.  As the home jurisdiction for most of the defendants, the D. Del. would be

convenient for parties, witnesses and discovery.  CoxCom and the other Delaware

corporations would be subject to jurisdiction in Delaware, therefore making venue and

jurisdiction proper, eliminating the possibility for expensive and time-consuming motions

practice.  Accordingly, the D. Del. is an appropriate venue for transfer and consolidation.

### E.    Policy Considerations Favor Transfer to Delaware.

Policy considerations also support consolidation in the D. Del.  The purpose behind

28 U.S.C. § 1407 is "'to promote the just and efficient conduct' of multidistrict actions, in

part, by 'eliminating the potential for conflicting contemporaneous rulings by coordinate

district and appellate courts.'"  *In re Air Crash off Long Island, New York*, 965 F. Supp. 5, 7

(S.D.N.Y. 1997) (quoting *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1179 (D.C. Cir.

1987)).  Cases moving forward in many different courts could subject the parties to differing

pre-trial judgments and rulings that could affect the final outcomes of the cases.  This could

---

[9] *See* the 2006 Federal Judicial Caseload Statistics for the United States District Court for the District of
Delaware, Eastern District of Texas and Southern District of New York, attached as Exhibits 37, 39, &
40, respectively.

[10] The following defendants are incorporated in Delaware: Comcast of Plano, LP; Time Warner Cable,
Inc.; Charter Communications, Inc.; Charter Communications Operating, LLC; CSC Holdings, Inc.;
Cablevision Systems Corp.; CBS Corporation; NBC Universal, Inc.; Fox Entertainment Group, Inc.; Fox
Broadcasting Company; Adelphia Communications Corporation; Century-TCI California, LP, Century-
TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings,
LLC; Parnassos Communications, LP; Parnassos Distribution Company I, LLC; Parnassos Distribution
Company II, LLC; Parnassos Holdings, LLC; Parnassos, LP; and Western NY Cablevision, LP.

result in inconsistent claim constructions and evidentiary rulings for identical claims, technology, and systems, which is contrary to the very purposes for which the multidistrict transfer and consolidation statute was created. As such, consolidation in Delaware before Judge Sleet, is preferable as it would serve to promote the interests of judicial economy and efficiency for which the statute was created by eliminating the possibility of inconsistent claim construction, pretrial rulings and duplicative discovery.

## IV.  CONCLUSION

For the foregoing reasons, and the reasons to be stated in any reply brief and any oral argument on this matter, CoxCom respectfully requests that the Panel grant its Motion for Transfer and Consolidation and order that the Actions be consolidated and transferred to United States District Court for the District of Delaware before Judge Sleet for coordinated pretrial proceedings.

Respectfully submitted, this the 9th day of March 2007.

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**Attorneys for COXCOM, INC.**

US2000 9807131.4

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:<br><br>Rembrandt Technologies, LP Patent Litigation | MDL Docket No. |

**EXHIBITS IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

1

In compliance with Rule 7.1(g) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation (the "Panel"), Defendant CoxCom, Inc. ("CoxCom")[1] herwith

submits copies of the following referenced exhibits in support of its Motion For Transfer and

Consolidation of Rembrandt Technologies Patent Litigation, file concurrently:

| | |
|---|---|
| Exhibit 1 | Plaintiff Rembrandt Technologies, LP Complaint, filed on February 3, 2006, in the matter of *Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation,* No. 2:06-cv-047 (E.D. Tex.) |
| Exhibit 2 | Docket Report in the matter of *Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation,* No. 2:06-cv-047 (E.D. Tex). |
| Exhibit 3 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement, filed on September 16, 2005, in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 4 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 5 | Memorandum Opinion and Order of Judge Ward filed February 8, 2007 Granting Motion to disqualify counsel Fish & Richardson in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 6 | Order of Judge Ward filed February 8, 2007 Granting Motion to suspend all deadlines pending appointment of new counsel for plaintiff in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 7 | Plaintiff Rembrandt Technologies, LP First Amended Complaint, filed on December 21, 2006, in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:06-cv-506 (E.D. Tex.) |
| Exhibit 8 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano,* |

---

[1] CoxCom is a defendant in the recently filed cases of *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) (Marshall Division) and *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-507-TJW (E.D. Tex.) (Marshall Division). CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom, Inc. v. Rembrandt Technologies, L.P.*, No. 06-721-GMS (D. Del.).

| | *LP*, No. 2:06-cv-506 (E.D. Tex.) |
|---|---|
| Exhibit 9 | Plaintiff Rembrandt Technologies, LP Complaint filed on June 1, 2006 in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, No. 2:06-cv-224 (E.D. Tex.) |
| Exhibit 10 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, No. 2:06-cv-224 (E.D. Tex.) |
| Exhibit 11 | Plaintiff Rembrandt Technologies, LP First Amended Complaint filed on February 23, 2007 in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, No. 2:06-cv-369 (E.D. Tex.) |
| Exhibit 12 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, No. 2:06-cv-369 (E.D. Tex.) |
| Exhibit 13 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement filed on June 1, 2006 in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation*, No. 2:06-cv-223 (E.D. Tex.) |
| Exhibit 14 | Docket sheet in the matter *Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation*, No. 2:06-cv-223 (E.D. Tex.) |
| Exhibit 15 | Plaintiff Rembrandt Technologies, LP First Amended Complaint filed December 1, 2006 in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc., Charter Communications Operating, LLC, and CoxCom, Inc.,* No. 2:06-cv-507 (E.D. Tex.) |
| Exhibit 16 | Docket Sheet in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc., Charter Communications Operating, LLC, and CoxCom, Inc.,* No. 2:06-cv-507 (E.D. Tex.) |
| Exhibit 17 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement filed on October 13, 2006 in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 18 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 19 | Joint Status Report filed on February 9, 2007 in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 20 | Plaintiff CoxCom, Inc. Complaint for Declaratory Judgment filed on November 30, 2006 in the matter of *CoxCom, Inc. v. Rembrandt Technologies, LP*, No. 1:06-cv-721 (D. Del.) |
| Exhibit 21 | Docket sheet in the matter of *CoxCom, Inc. v. Rembrandt Technologies, LP*, No. 1:06-cv-721 (D. Del.) |
| Exhibit 22 | Plaintiff Rembrandt Technologies, Inc. Complaint for Patent Infringement and Demand for Jury Trial filed on December 1, 2006 in the matter of |

3

| | |
|---|---|
| | *Rembrandt Technologies, LP v. CBS Corporation*, No. 1:06-cv-727 (D. Del.) |
| Exhibit 23 | Docket sheet in the matter of *Rembrandt Technologies, LP v. CBS Corporation*, No. 1:06-cv-727 (D. Del.) |
| Exhibit 24 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. NBC Universal, Inc.*, No. 1:06-cv-729 (D. Del.) |
| Exhibit 25 | Docket sheet in the matter of *Rembrandt Technologies, LP v. NBC Universal, Inc.*, No. 1:06-cv-729 (D. Del.) |
| Exhibit 26 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. ABC. Inc.*, No. 1:06-cv-730 (D. Del.) |
| Exhibit 27 | Docket sheet in the matter of *Rembrandt Technologies, LP v. ABC. Inc.*, No. 1:06-cv-730 (D. Del.) |
| Exhibit 28 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company*, No. 1:06-cv-731 (D. Del.) |
| Exhibit 29 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company*, No. 1:06-cv-731 (D. Del.) |
| Exhibit 30 | Plaintiff Rembrandt Technologies, LP's Motion to Withdraw the Reference to the Bankruptcy Court filed on January 11, 2007 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, No. 1:07-cv-214 (S.D. New York). |
| Exhibit 31 | Docket sheet in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP,* No. 1:07-cv-214 (S.D. New York). |
| Exhibit 32 | Preliminary Expert Report of Kevin C. Almeroth dated November 13, 2006 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP,* No. 1:07-cv-214 (S.D. New York). |

4

| | |
|---|---|
| Exhibit 33 | Plaintiff Rembrandt Technologies, LP's Complaint for Post-Petition Patent Infringement filed on September 13, 2006 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, Adversary Proceeding No. 06-1739 (S.D. New York). |
| Exhibit 34 | Docket sheet in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, Adversary Proceeding No. 06-1739 (S.D. New York). |
| Exhibit 35 | Transfer Order filed on February 16, 2005, I*n Re Pharmastem Therapeutics, Inc., Patent Litigation,* Judicial Panel on Multidistrict Litigation Case No. 1:05-md-01660. |
| Exhibit 36 | 2005 Annual Report of the Administrative Office of the United States Courts Table C: U.S. District Courts- Civil Cases Commenced, Terminated and Pending During the 12-month Periods Ending Marcy 31, 2005 and 2006. |
| Exhibit 37 | U.S. District Court Judicial Caseload Profile for the District of Delaware. |
| Exhibit 38 | Docket List of Pending Patent Cases in the District of Delaware before Judge Sleet. |
| Exhibit 39 | U.S. District Court Judicial Caseload Profile for the Eastern District of Texas. |
| Exhibit 40 | U.S. District Court Judicial Caseload Profile for the Southern District of New York. |
| Exhibit 41 | Declaration of Brian Ferrall |
| Exhibit 42 | February 14, 2007 Letter to counsel for Cox Communication, Inc. from Rembrandt |
| Exhibit 43 | Declaration of Eilish M. Cahalan in Support of Defendants' Memorandum in Opposition to Plaintiff's Motion to Withdraw the Reference to the Bankruptcy Court filed March 2, 2007 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP,* No. 1:07-cv-214 (S.D. New York). |

US2000 9814009.1 C8490-331049

This the 9th day of March 2007.

_____

Mitchell G. Stockwell
R. Scott Griffin
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

US2000 9814009.1 C8490-331049

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | ) |
| | ) |
| Rembrandt Technologies, LP Patent | ) MDL Docket No. |
| Litigation | ) |
| | ) |

**NOTICE OF APPEARANCE OF COUNSEL**
**REPRESENTING DEFENDANT COXCOM, INC.**

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the

following designated attorney is authorized to receive service of all pleadings, notices,

orders, and other papers relating to practice before the Judicial Panel on Multidistrict

Litigation on behalf of defendant CoxCom, Inc.  I am aware that only one attorney can be

designated for each party.

Dated:  March 9th, 2007.

By: _____

Mitchell G. Stockwell
KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6214
(404) 541-3403 (facsimile)

**Attorney for Defendant COXCOM,**
**INC**.

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: | ) |
| | ) |
| Rembrandt Technologies, LP Patent | )   MDL Docket No. |
| Litigation | ) |
| | ) |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 5.3 of the Rules of Procedure of the Judicial Panel for Multidistrict Litigation, Defendant Coxcom, Inc., through its attorneys, declares that Coxcom, Inc. is a wholly owned subsidiary of Cox Enterprises, Inc., a privately owned company.

Dated: March 9th, 2006.

By: _Mitchell G. Stockton_
Mitchell G. Stockton
KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555

**Attorney For Defendant:
COXCOM, INC**.

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:

Rembrandt Technologies, LP Patent
Litigation

MDL Docket No.

## CERTIFICATE OF SERVICE

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

## ATTORNEYS FOR COXCOM, INC.

US2000 9814326.1 C8490-331049

# CERTIFICATE OF SERVICE

I hereby certify that on 9th day of March, 2007, copies of the following documents:

1. Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

2. Memorandum of Law in Support Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

3. Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

4. Notice of Appearance of Counsel;

5. Corporate Disclosure Statement; and

6. Notice of Filing Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407 [for each party's respective case].

were served by U.S. Mail, postage pre-paid, upon the following parties and counsel on the

attached Service List.

I further certify that on the 9th day of March, 2007, pursuant to Rule 5.2(b) of the

Judicial Panel on Multidistrict Litigation, I caused to be served the following documents by

U.S. Mail, postage pre-paid:

1. Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

2. Memorandum of Law in Support Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

3. Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

4. Notice of Appearance of Counsel;

5. Corporate Disclosure Statement; and

US2000 9814326.1 C8490-331049

6. Notice of Filing Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407 [to District Courts for the following cases:].

### U.S. District Court for the Eastern District of Texas

Case No. 02:05-cv-443-TJW; Case No. 02:06-cv-047-TJW; Case No. 02:05-cv-223-TJW; Case No. 02:06-cv-224-TJW; Case No. 02:06-cv-369-TJW; Case No. 02:06-cv-506-TJW; Case No. 02:06-cv-507-TJW

### U. S. District Court for the District of Delaware

Case No. 1:06-cv-635-GMS; Case No. 1:06-cv-721-GMS; Case No. 1:06-cv-727-GMS; Case No. 1:06-cv-729-GMS; Case No. 1:06-cv-730-GMS; Case No. 1:06-cv-731-GMS

### U. S. District Court for the Southern District of New York
Case No. 1:07-cv-214-WHP

### U. S. Bankruptcy Court for the Southern District of New York
Case No. 06-01739-REG

The above documents were filed in electronic format using the CM/ECF system to the following United States District Courts: U.S. District Court for the Eastern District of Texas, Marshall Division; U. S. District Court for the Southern District of New York, Foley Square Division; and U. S. Bankruptcy Court for the Southern District of New York, Manhattan Division.

The above documents were sent in paper format via Federal Express to the Clerk of the Court of for the U. S. District Court for the District of Delaware, Wilmington Division for filing.

3

This the 9th day of March 2007.

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

**ATTORNEYS FOR COXCOM, INC.**

US2000 9814326.1 C8490-331049

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

Steven J. Balick, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@@ashby-geddes.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt Technologies LP*
*1:06-cv-00727 (D. Del.); 1:06-cv-00729 (D. Del.); 1:06-cv-00730 (D. Del.);*
*1:06-cv-00731 (D. Del.)*

Samuel Franklin Baxter, Esq.
PO Box O
Marshall, TX 75671
sbaxter@mckoolsmith.com
*Attorney for Plaintiff Rembrandt Technologies, LP 2:06-cv-000047 ( E.D. Tex.); 2:06-cv-00224 (E.D. Tex.);*
*Attorney for Plaintiff and Counter Defendant Rembrandt Technologies, LP 2:06-cv-00223 (E.D. Tex.); 2:05-cv-443 (E.D. Tex.)*

David J. Beck, Esq.
Beck Redden & Secrest
1221 McKinney Street, Suite 4500
One Huston Center
Houston, TX 77010
dbeck@brsfirm.com
ggannaway@brsfirm.com
*Attorney for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.)*

Denis Ticak, Esq.
Benesch Friedlander Coplan & Aronoff-Cleveland
2300 BP Tower
200 Public Square
Cleveland, OH 44114
dticak@bfca.com
*Attorney for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.)*

Elizabeth L. DeRieux, Esq.
Sidney Calvin Capshaw, III, Esq.
Andrew Wesley Spangler, Esq.
Brown Carroll - Longview
1127 Judson Road, Suite 220
PO Box 3999
Longview, TX 75606
ederieux@mailbmc.com
ccapshaw@mailbmc.com
aspangler@mailbmc.com
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.) 2:06-cv-00506 (E.D. Tex.)*

Gerald Levy, Esq.
Richard H. Brown, Esq.
Yukio Kashiba, Esq.
Day Pitney LLP
7 Times Square
New York, NY 10036-7311
glevy@pitneyhardin.com
rbrown@pitneyhardin.com
ykashiba@pitneyhardin.com
*Attorneys for Defendant and Counter Claimant Sharp Electronics Corp.*
*2:06-cv-000047 ( E.D. Tex.)*

Robert W. Faulkner, Esq.
JAMS
8401 North Central Expressway, Suite 610
Dallas, TX 75225
rfaulkner@jamsadr.com
*Mediator 2:05-cv-443 (E.D. Tex.)*

Amanda J. Tessar, Esq.
David A. Segal, Esq.
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Email: atessar@gibsondunn.com
Email: dsegal@gibsondunn.com
*Attorneys for Defendants and Counter Claimants Cablevision Systems Corporation and CSC Holdings Inc. 1:06-cv-00635 (D. Del.)*

Harry Lee Gillam, Jr., Esq.
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
gil@gillamsmithlaw.com
*Attorney for Defendants Comcast Corporation, Comcast Cable Communications, LLC and Comcast of Plano, LP 2:05-cv-443 (E.D. Tex.)*

Jennifer Haltom Doan, Esq.
Haltom and Doan LLP
6500 North Summerhill Road
Crown Executive Center Suite 1A
PO Box 6227
Texarkana, TX 75505
jdoan@haltomdoan.com
*Attorney for Defendants and Counter Claimants Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP, , 2:05-cv-443 (E.D. Tex.);*
*Attorney for Defendants and Counter Claimants Comcast Corporation, Comcast Cable Communications, LLC and Comcast of Plano, LP 2:06-cv-00506 (E.D. Tex.)*

1

**In re: Rembrandt Technologies, LP Patent Litigation Service List**
**Parties Represented by Counsel**

Otis W. Carroll, Jr., Esq.
Collin Michael Maloney, Esq.
James Patrick Kelley, Esq.
Ireland Carroll & Kelley
6101 S. Broadway, Suite 500
Tyler, TX 75703
fedserv@icklaw.com
patkelley@icklaw.com
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00506 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

Franklin Jones, Jr., Esq.
Jones & Jones – Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
maizieh@millerfirm.com
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00506 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

David S. Benyacar, Esq.
Michael A. Rogoff, Esq.
Kaye Scholer – New York
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com
mrogoff@kayescholer.com
*Attorneys for Defendant Time Warner Cable Inc. 2:06-cv-00224 (E.D. Tex.)*
*Attorneys for Movant Time Warner Cable, Inc. 2:05-cv-443 (E.D. Tex.)*

Daralyn J. Durie, Esq.
Leo L. Lam, Esq.
Matthias Andreas Kamber, Esq.
Steven K. Yoda, Esq.
Asim M. Bhansali, Esq.
Brian L. Ferrall, Esq.
Eric MacMichael, Esq.
Matthew M. Werdegar, Esq.
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111
ddurie@kvn.com
llam@kvn.com
mkamber@kvn.com
syoda@kvn.com
abhansali@svn.com
bferrall@kvn.com
emacmichael@kvn.com
mwerdegar@kvn.com
*Attorneys for Defendant and Counter Claimant Comcast Corporation Defendant and Counter Claimant Comcast Cable Communications, LLC, Defendant and Counter Claimant Comcast of Plano, LP 2:05-cv-443 (E.D. Tex.)*

Candice C. Decaire, Esq.
Leroy M. Toliver, Esq.
Mitchell G. Stockwell, Esq.
R. Scott Griffin, Esq.
Kilpatrick Stockton LLP – Atlanta
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
cdecaire@kilpatrickstockton.com
btoliver@kilpatrickstockton.com
mstockwell@kilpatrickstockton.com
sgriffin@kilpatrickstockton.com
*Attorneys for Defendant Coxcom, Inc. 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*
*Attorneys for Plaintiff Coxcom Inc. 1:06-cv-00721 (D. Del.)*

Tonya R. Deem, Esq.
Kilpatrick Stockton LLP
1001 W. Fourth Street
Winston-Salem, NC 27101
tdeem@kilpatrickstockton.com
*Attorney for Defendant Coxcom, Inc. 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*
*Attorney for Plaintiff Coxcom, Inc. 1:06-cv-00721 (D. Del)*

Bradford P. Lyerla, Esq.
Charles Edward Juister, Esq.
Gregory E. Stanton, Esq.
Jon-Thomas Bloch, Esq.
Kevin D. Hogg, Esq.
Margaret Lynn Begalle, Esq.
Paul Bryan Stephens, Esq.
William Joseph Kramer, Esq.
Marshall Gerstein & Borun
233 S. Wacker Dr.
6300 Sears Tower
Chicago, IL 60606-6357
blyerla@marshallip.com
cjuister@marshallip.com
gstanton@marshallip.com
jbloch@marshallip.com
khogg@marshallip.com
mbegalle@marshallip.com
pstephens@marshallip.com
wkramer@marshallip.com
*Attorneys for Defendants Charter Communications, Inc. and Charter Communications Operating, LLC 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

2

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

David Sochia, Esq.
Douglas A. Cawley, Esq.
Bradley Wayne Caldwell, Esq.
Jeffrey A. Carter, Esq.
McKool Smith- Dallas
300 Crescent Court, Suite 1500
Dallas, TX 75201
dcawley@mckoolsmith.com
dsochia@mckoolsmith.com
bcaldwell@mckoolsmith.com
jcarter@mckoolsmith.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-000047 ( E.D. Tex.)*
*Attorneys for Plaintiff Rembrandt Technologies, LP
2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-
cv-00223 (E.D. Tex.)*

John Franklin Garvish, II, Esq.
Travis Gordon White, Esq.
McKool Smith – Austin
300 W. 6th St
Ste 1700
Austin, TX 78701
jgarvish@mckoolsmith.com
gwhite@mckoolsmith.com
*Attorneys for Plaintiff Rembrandt Technologies, LP
2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-
cv-00223 (E.D. Tex.)*

Rodger Dallery Smith, II, Esq.
Leslie A. Polizoti, Esq.
Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
rdsefiling@mnat.com
lpolizoti@mnat.com
jbbefiling@mnat.com
*Attorneys for Plaintiff Coxcom Inc. 1:06-cv-00721 (D. Del)*
*Attorneys for Defendant Rembrandt Technologies LP 1:06-
cv-00721 (D. Del)*
*Attorneys for Defendant and Counter Claimant CBS
Corporation 1:06-cv-00727 (D. Del.)*
*Attorneys for Defendant and Counter Claimant NBC
Universal Inc.1:06-cv-00729 (D. Del.)*
*Attorneys for Defendant and Counter Claimant ABC
Inc.1:06-cv-00730 (D. Del.)*

William L. Anthony, Esq.
William W. Oxley, Esq.
Orrick Herrington & Sutcliff LLP
1000 Marsh Road
Menlo Park, CA 94025
wanthony@orrick.com
woxley@orrick.com
*Attorneys for Defendants and Counter Claimants Fox
Entertainment Group, Inc and Fox Broadcasting Company
1:06-cv-00731 (D. Del.)*

Charles Ainsworth, Esq.

Robert Christopher Bunt, Esq.
Robert M. Parker, Esq.
Parker Bunt & Ainsworth., P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
charlie@pbatyler.com
rcbunt@pbatyler.com
mparker@pbatyler.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-000047 ( E.D. Tex.) 2:06-cv-
00224 (E.D. Tex.); 2:06-cv-00223 (E.D. Tex.); 2:05-cv-443
(E.D. Tex.)*
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:06-
cv-00506 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

Allen Franklin Gardner, Esq.
Michael Edwin Jones, Esq.
Diane DeVasto, Esq.
Potter Minton, P.C.
110 N. College Street, Suite 500
Tyler, TX 75702
allengardner@potterminton.com
mikesjones@potterminton.com
dianedevasto@pottterminton.com
*Attorneys for Defendant and Counter Claimant Time
Warner Cable Inc.
2:06-cv-00224 (E.D. Tex.); 2:06-cv-00369 (E.D. Tex.)*
*Attorney for Movant Time Warner Cable, Inc.2:05-cv-443
(E.D. Tex.)*
*Attorneys for Defendant Coxcom, Inc.2:06-cv-00223 (E.D.
Tex.); LLC 2:06-cv-00507 (E.D. Tex.)*
*Attorneys for Counter Claimant Charter Communications,
Inc. and Counter Claimant Charter Communications
Operating, LLC 2:06-cv-00223 (E.D. Tex.)*
*Defendant Charter Communications, Inc. and Defendant
Charter Communications Operating, LLC 2:06-cv-00507
(E.D. Tex.)*

Richard L. Horowitz, Esq.
David Ellis Moore, Esq.
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants and Counter Claimants Fox
Entertainment Group Inc. and Fox Broadcasting Company
1:06-cv-00731 (D. Del.)*

3

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

Walter Thomas Henson, Esq.
Ramey & Flock
100 E. Ferguson, Suite 500
Tyler, TX 75702-0629
thenson@rameyflock.com
*Attorney for Defendant and Counter Claimant Sharp Corporation; Defendant and Counter Claimant Sharp Electronics Corp. 2:06-cv-000047 ( E.D. Tex.)*

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
farnan@rlf.com
*Attorneys for Defendants and Counter Claimants Cablevision Systems Corporation and CSC Holdings Inc. 1:06-cv-00635 (D. Del.)*

Max Lalon Tribble, Jr., Esq.
Joseph Samuel Grinstein, Esq.
Tibor L. Nagy, Esq.
Susman Godfrey LLP - Houston
1000 Louisiana Street, Ste 5100
Houston, TX 77002-5096
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
tangy@susmangodfrey.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt Technologies, LP 2:06-cv-00369 (E.D. Tex.) 2:06-cv-00506 (E.D. Tex.) LP 2:06-cv-00507 (E.D. Tex.)*
*Attorneys for Plaintiff Rembrandt Technologies, LP Adversary Proceeding 06-01739 (S.D .N. Y)*

Brooke Ashley-May Taylor, Esq.
Edgar G. Sargent, Esq.
Matthew R. Berry, Esq.
Susman Godfrey, LLP – Seattle
1201 Third Avenue, Suite 3100
Seattle, WA 98101
btaylor@susmangodfrey.com
esargent@susmangodfrey.com
mberry@susmangodfrey.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt Technologies, LP 2:06-cv-00506 (E.D. Tex.); 2:06-cv-00369 (E.D. Tex.);*
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:06-cv-00507 (E.D. Tex.); Adversary Proceeding 06-01739 (S.D .N. Y)*

Vineet Bhatia, Esq.
James L. Garrity, Jr.
Susman Godfrey LLP
590 Madison Ave., 8th Floor
New York, NY 10022
*Attorneys for Plaintiff Rembrandt Technologies, LP 1:07-cv-00214 (S.D.N.Y.); Attorney for Plaintiff and Counter Defendant Rembrandt Technologies, LP Adversary Proceeding 06-01739 (S.D .N. Y)*

Shellley C. Chapman, Esq.
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019-6099
maosbny@willkie.com
*Attorney for Defendants and Counter Claimants Adelphia Communications Corporation, Century-TCI California Communications, LP, Century-TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution II, LLC, Parnassos Holdings, LLC, Parnassos, L.P., Western NY Cablevision, LP Adversary Proceeding 06-01739 (S.D .N. Y)*

Kevin M. Baird, Esq.
James Michael Lennon, Esq.
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801
kbaird@wcsr.com
jlennon@wcsr.com
*Attorneys for Plaintiff Rembrandt Technologies LP 1:06-cv-00635 (D. Del.)*
*Attorneys for Defendant Rembrandt Technologies LP 1:06-cv-00721 (D. Del)*

4