CLOSED, DISCMAG, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00507-TJW-CE

| | |
|---|---|
| Rembrandt Technologies, LP v. Charter Communications, Inc., et al | Date Filed: 11/30/2006 |
| | Jury Demand: Plaintiff |
| Assigned to: Judge T. John Ward | Nature of Suit: 830 Patent |
| Referred to: Magistrate Judge Charles Everingham | Jurisdiction: Federal Question |
| Cause: 35:271 Patent Infringement | |

**Plaintiff**

| | | |
|---|---|---|
| **Rembrandt Technologies, LP** | represented by | **Max Lalon Tribble, Jr** |
| | | Susman Godfrey LLP |
| | | 1000 Louisiana Street |
| | | Ste 5100 |
| | | Houston, TX 77002-5096 |
| | | 713/651-9366 |
| | | Fax: 17136546666 |
| | | Email: mtribble@susmangodfrey.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Andrew Wesley Spangler**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903-236-9800
Fax: 19032368787
Email: aspangler@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Brooke Ashley-May Taylor**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/516-3880
Fax: 206/516-3883
Email: btaylor@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114
Tyler, TX 75702

US
903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Collin Michael Maloney**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Edgar G Sargent**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/516-3804
Fax: 206/516-3883
Email: esargent@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Elizabeth L DeRieux**
Brown McCarroll
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 9032368787
Email: ederieux@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**James Patrick Kelley**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500

Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: patkelley@icklaw.com
*ATTORNEY TO BE NOTICED*

**Joseph Samuel Grinstein**
Susman Godfrey - Houston
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/651-9366
Fax: 7136546666
Email: jgrinstein@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Matthew R Berry**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/373-7394
Fax: 206/516-3883
Email: mberry@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Otis W Carroll, Jr**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: Fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702

903/531-3535
Fax: 9035339687
Email: rmparker@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Sidney Calvin Capshaw, III**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 19032368787
Email: ccapshaw@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Tibor L. Nagy**
Susman Godfrey - Houston
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/653-7850
Fax: 713/654-6102
Email: tnagy@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Charter Communications, Inc.**                    represented by    **Allen Franklin Gardner**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597-8311
Email: allengardner@potterminton.com

*ATTORNEY TO BE NOTICED*

**Bradford P Lyerla**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: blyerla@marshallip.com
*ATTORNEY TO BE NOTICED*

**Charles Edward Juister**

Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: cjuister@marshallip.com
*ATTORNEY TO BE NOTICED*

**Gregory E Stanton**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: gstanton@marshallip.com
*ATTORNEY TO BE NOTICED*

**Jon-Thomas Bloch**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: jbloch@marshallip.com
*ATTORNEY TO BE NOTICED*

**Kevin D Hogg**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 317/474-0448
Email: khogg@marshallip.com
*ATTORNEY TO BE NOTICED*

**Margaret Lynn Begalle**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: Mbegalle@marshallip.com
*ATTORNEY TO BE NOTICED*

**Michael Edwin Jones**

Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597/8311
Fax: 9035930846
Email: mikejones@potterminton.com
*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: pstephens@marshallip.com
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: wkramer@marshallip.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charter Communications Operating, LLC**     represented by     **Allen Franklin Gardner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradford P Lyerla**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Edward Juister**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory E Stanton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon-Thomas Bloch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret Lynn Begalle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Edwin Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Coxcom, Inc.,**                    represented by  **Allen Franklin Gardner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leroy M Toliver**
Kilpatrick Stockton
1100 Peachtree St
Suite 2800
Atlanta, GA 30309
404/815-6483
Fax: 404/541-3274
Email: btoliver@kilpatrickstockton.com

*ATTORNEY TO BE NOTICED*

**Michael Edwin Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mitchell G Stockwell**
Kilpatrick Stockton LLP
1100 Peachtree St
Ste 2800
Atlanta, GA 30309-4530
404/815-6214
Fax: 14048156555
Email:
mstockwell@kilpatrickstockton.com
*ATTORNEY TO BE NOTICED*

**Tonya R Deem**
Kilpatrick Stockton LLP NC

1001 W Fourth Street
Winston-Salem, NC 27101
336-607-7485
Fax: 336-607-7500
Email: tdeem@kilpatrickstockton.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Coxcom, Inc.,**

**Counter Claimant**

**Charter Communications, Inc.**

**Counter Claimant**

**Charter Communications Operating, LLC**

V.

**Counter Defendant**

**Rembrandt Technologies, LP**          represented by  **Tibor L. Nagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2006 | 1 | COMPLAINT with JURY DEMAND against Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 # 2 # 3 # 4 # 5)(ehs, ) Additional attachment(s) added on 12/1/2006 (ehs, ). (Entered: 12/01/2006) |
| 11/30/2006 | 2 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | | E-GOV SEALED SUMMONS Issued as to Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc.,. (ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | 3 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 12/01/2006) |
| 12/01/2006 | 4 | AMENDED COMPLAINT *(First Amended Complaint)* against all defendants, filed by Rembrandt Technologies, LP. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E) (DeRieux, Elizabeth) Additional attachment(s) added on 12/1/2006 (ehs, ). (Entered: 12/01/2006) |
| 12/04/2006 | | Filing fee: $ 350.00, receipt number 2-1-2128 (ch, ) (Entered: 12/05/2006) |

| 12/07/2006 | 5 | NOTICE of Attorney Appearance by Robert M Parker on behalf of Rembrandt Technologies, LP (Parker, Robert) (Entered: 12/07/2006) |
| 12/07/2006 | 6 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 12/07/2006) |
| 12/07/2006 | 7 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 12/07/2006) |
| 12/12/2006 | 8 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 12/12/2006) |
| 12/12/2006 | 9 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications, Inc. served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/12/2006 | 10 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications Operating, LLC served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/12/2006 | 11 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Coxcom, Inc., served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/21/2006 | 12 | MOTION for Extension of Time to File Answer re 4 Amended Complaint, by Charter Communications, Inc., Charter Communications Operating, LLC. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 12/21/2006) |
| 12/28/2006 | 13 | Consent MOTION for Extension of Time to File Answer re 4 Amended Complaint, by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order) (Jones, Michael) (Entered: 12/28/2006) |
| 12/28/2006 | 14 | APPLICATION to Appear Pro Hac Vice by Attorney Margaret Lynn Begalle for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 15 | APPLICATION to Appear Pro Hac Vice by Attorney Jon-Thomas Bloch for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 16 | APPLICATION to Appear Pro Hac Vice by Attorney Charles Edward Juister for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 17 | APPLICATION to Appear Pro Hac Vice by Attorney William Joseph Kramer for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 18 | APPLICATION to Appear Pro Hac Vice by Attorney Bradford P Lyerla for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 19 | APPLICATION to Appear Pro Hac Vice by Attorney Gregory E Stanton for Charter Communications, Inc. and Charter Communications |

| | | |
|---|---|---|
| | | Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 20 | APPLICATION to Appear Pro Hac Vice by Attorney Paul Bryan Stephens for Charter Communications, Inc. and Charter Communications Operating, LLC. (ehs, ) (Entered: 12/29/2006) |
| 12/28/2006 | 28 | APPLICATION to Appear Pro Hac Vice by Attorney Kevin D Hogg for Rembrandt Technologies, LP. APPROVED (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Filing fee: $ 25., receipt number 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | 29 | APPLICATION to Appear Pro Hac Vice by Attorney Bradford P Lyerla for Charter Communications, Inc. and Charter Communications Operating, LLC.APPROVED (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Filing fee: $ 25., receipt number 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Filing fee: $ 25., receipt number 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Pro Hac Vice Filing fee paid by Juister; Fee: $25, receipt number: 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Pro Hac Vice Filing fee paid by Kramer; Fee: $25, receipt number: 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Pro Hac Vice Filing fee paid by Begalle; Fee: $25, receipt number: 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | 33 | APPLICATION to Appear Pro Hac Vice by Attorney Jon-Thomas Bloch for Charter Communications, Inc. and Charter Communications Operating, LLC. APPROVED (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | | Pro Hac Vice Filing fee paid by Bloch; Fee: $25, receipt number: 618131 (poa, ) (Entered: 01/04/2007) |
| 12/28/2006 | 34 | APPLICATION to Appear Pro Hac Vice by Attorney Paul Bryan Stephens for Charter Communications, Inc. and Charter Communications Operating, LLC.APPROVED (poa, ) (Entered: 01/04/2007) |
| 12/29/2006 | | Pro Hac Vice Filing fee paid by Margaret Begalle, Jon-Thomas Bloch, Charles Juister, William Kramer, Bradford Lyerla, Gregory Stanton, Paul Stephens; Fee: $175.00, receipt number: 6-1-8131 (ehs, ) (Entered: 12/29/2006) |
| 01/03/2007 | 21 | NOTICE of Attorney Appearance by Matthew R. Berry on behalf of Rembrandt Technologies, LP (Berry, Matthew) (Entered: 01/03/2007) |
| 01/03/2007 | 22 | NOTICE of Attorney Appearance by Brooke Ashley-May Taylor on behalf of Rembrandt Technologies, LP (Taylor, Brooke) (Entered: 01/03/2007) |
| 01/03/2007 | 23 | NOTICE of Attorney Appearance by Joseph Samuel Grinstein on behalf of Rembrandt Technologies, LP (Grinstein, Joseph) (Entered: 01/03/2007) |
| 01/03/2007 | 24 | NOTICE of Attorney Appearance by Sidney Calvin Capshaw, III on |

| | | |
|---|---|---|
| | | behalf of Rembrandt Technologies, LP (Capshaw, Sidney) Modified on 1/4/2007 (mpv, ). (Entered: 01/03/2007) |
| 01/03/2007 | 25 | NOTICE of Attorney Appearance by Andrew Wesley Spangler on behalf of Rembrandt Technologies, LP (Spangler, Andrew) (Entered: 01/03/2007) |
| 01/03/2007 | 26 | ORDER granting 12 Motion for Extension of Time to Answer re 4 Amended Complaint. The time for Defendant Charter to answer, move or otherwise respond is extended to 1/23/07 . Signed by Judge Leonard Davis on 1/3/07. (kjr, ) (Entered: 01/04/2007) |
| 01/03/2007 | 27 | ORDER granting 13 Motion for Extension of Time to Answer re 4 Amended Complaint. The time for Defendant Coxcom Inc. to answer, move or otherwise respond is extended to 1/23/07 . Signed by Judge Leonard Davis on 1/3/07. (kjr, ) (Entered: 01/04/2007) |
| 01/03/2007 | | Answer Due Deadline Updated for Charter Communications, Inc. to 1/23/2007; Charter Communications Operating, LLC to 1/23/2007; Coxcom, Inc., to 1/23/2007. (kjr, ) (Entered: 01/04/2007) |
| 01/04/2007 | 30 | DOCKETED IN ERROR. SEE CORRECT DOCUMENT #16*** <br><br> APPLICATION to Appear Pro Hac Vice by Attorney Charles Edward Juister for Charter Communications, Inc. and Charter Communications Operating, LLC.APPROVED (poa, ) Modified on 1/4/2007 (Entered: 01/04/2007) |
| 01/04/2007 | 31 | ***DOCKETED IN ERROR. SEE CORRECT DOCUMENT # 17*** <br><br> APPLICATION to Appear Pro Hac Vice by Attorney William Joseph Kramer for Charter Communications, Inc. and Charter Communications Operating, LLC. APPROVED (poa, ) Modified on 1/4/2007 (ch, ). (Entered: 01/04/2007) |
| 01/04/2007 | 32 | ***DOCKETED IN ERROR. SEE CORRECT DOCUMENT # 14*** <br><br> APPLICATION to Appear Pro Hac Vice by Attorney Margaret Lynn Begalle for Charter Communications, Inc. and Charter Communications Operating, LLC. APPROVED (poa, ) Modified on 1/5/2007 (ch, ). (Entered: 01/04/2007) |
| 01/11/2007 | 38 | APPLICATION to Appear Pro Hac Vice by Attorney Leroy M Toliver for Coxcom, Inc.. (ch, ) (Entered: 01/16/2007) |
| 01/11/2007 | | Pro Hac Vice Filing fee paid by Toliver; Fee: $25, receipt number: 2-1-2200 (ch, ) (Entered: 01/16/2007) |
| 01/11/2007 | 39 | APPLICATION to Appear Pro Hac Vice by Attorney Mitchell G Stockwell for Coxcom, Inc.. (ch, ) (Entered: 01/16/2007) |
| 01/11/2007 | | Pro Hac Vice Filing fee paid by Stockwell; Fee: $25, receipt number: 2- |

| | | |
|---|---|---|
| | | 1-2201 (ch, ) (Entered: 01/16/2007) |
| 01/12/2007 | 40 | APPLICATION to Appear Pro Hac Vice by Attorney Edgar G Sargent for Rembrandt Technologies, LP. (ch, ) (Entered: 01/19/2007) |
| 01/12/2007 | | Pro Hac Vice Filing fee paid by Sargent; Fee: $25, receipt number: 2-1-2207 (ch, ) (Entered: 01/19/2007) |
| 01/15/2007 | 35 | NOTICE of Attorney Appearance by Otis W Carroll, Jr on behalf of Rembrandt Technologies, LP (Carroll, Otis) (Entered: 01/15/2007) |
| 01/15/2007 | 36 | NOTICE of Attorney Appearance by Collin Michael Maloney on behalf of Rembrandt Technologies, LP (Maloney, Collin) (Entered: 01/15/2007) |
| 01/15/2007 | 37 | NOTICE of Attorney Appearance by James Patrick Kelley on behalf of Rembrandt Technologies, LP (Kelley, James) (Entered: 01/15/2007) |
| 01/22/2007 | 41 | Consent MOTION for Extension of Time to File Answer re 4 Amended Complaint, by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order) (Jones, Michael) (Entered: 01/22/2007) |
| 01/23/2007 | 42 | ANSWER to Amended Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Charter Communications, Inc., Charter Communications Operating, LLC.(Jones, Michael) (Entered: 01/23/2007) |
| 01/23/2007 | 43 | CORPORATE DISCLOSURE STATEMENT filed by Charter Communications, Inc., Charter Communications Operating, LLC identifying Charter Communications, Inc. as Corporate Parent. (Jones, Michael) (Entered: 01/23/2007) |
| 01/23/2007 | 44 | ORDER granting 41 Motion for Extension of Time to Answer. Answer deadline extended to 1/26/07 . Signed by Judge Leonard Davis on 1/23/07. (ehs, ) (Entered: 01/23/2007) |
| 01/26/2007 | 45 | MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof* by Coxcom, Inc.,. (Attachments: # 1 Declaration of J. Spalding# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3A-C# 5 Exhibit 3D-E# 6 Exhibit 4# 7 Exhibit 5A-C# 8 Exhibit 6# 9 Exhibit 7# 10 Exhibit 8A-D# 11 Exhibit 9# 12 Exhibit 10A-B# 13 Text of Proposed Order Re: Personal Jurisdiction# 14 Text of Proposed Order Re: Subject Matter Jurisdiction# 15 Text of Proposed Order Re: Transfer to Delaware)(Jones, Michael) (Entered: 01/26/2007) |
| 01/26/2007 | 46 | MOTION to Change Venue/Transfer case *Contained in #45; proposed order attached to #45* by Coxcom, Inc.,. (mpv, ) (Entered: 01/29/2007) |
| 01/29/2007 | 47 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Charter Communications, Inc., Charter Communications Operating, LLC (Gardner, Allen) (Entered: 01/29/2007) |
| 01/29/2007 | 48 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Coxcom, Inc., (Gardner, Allen) (Entered: 01/29/2007) |
| 01/31/2007 | 49 | NOTICE of Attorney Appearance by Tibor L. Nagy on behalf of |

| | | |
|---|---|---|
| | | Rembrandt Technologies, LP (Nagy, Tibor) (Entered: 01/31/2007) |
| 02/02/2007 | [50](#) | MOTION for Extension of Time to File Response/Reply as to [45](#) MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof* by Rembrandt Technologies, LP. (Attachments: # [1](#) Text of Proposed Order)(Nagy, Tibor) (Entered: 02/02/2007) |
| 02/05/2007 | [51](#) | ORDER granting [50](#) Rembrandt Technologies, LP to respond to the motion to dismiss filed by dft CoxCom, Inc is moved from 2/12/07 to 2/23/07. Signed by Judge Leonard Davis on 2/5/07. (djh, ) (Entered: 02/05/2007) |
| 02/05/2007 | [52](#) | NOTICE by Rembrandt Technologies, LP *Notice of Related Action Currently Pending Before The Honorable T. John Ward* (Nagy, Tibor) (Entered: 02/05/2007) |
| 02/12/2007 | [53](#) | *Plaintiff's* ANSWER to Counterclaim *of Defendants, Charter Communications, INc., Charter Communications Operating, LLC and Coxcom, Inc.* by Rembrandt Technologies, LP.(Nagy, Tibor) (Entered: 02/12/2007) |
| 02/13/2007 | [54](#) | ORDER - the court Transfers this case to the Honorable T. John Ward. Signed by Judge Leonard Davis on 2/13/07. (ch, ) (Entered: 02/13/2007) |
| 02/14/2007 | [55](#) | APPLICATION to Appear Pro Hac Vice by Attorney Tonya R Deem for Coxcom, Inc.(FEE PAID). (ch, ) (Entered: 02/15/2007) |
| 02/23/2007 | [56](#) | RESPONSE in Opposition re [45](#) MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof TO COXCOM, INC.'S MOTION TO DISMISS* filed by Rembrandt Technologies, LP. (Attachments: # [1](#) Affidavit of Tibor L. Nagy# [2](#) Exhibit A# [3](#) Exhibit B# [4](#) Exhibit C# [5](#) Exhibit D# [6](#) Exhibit E.1# [7](#) Exhibit E.2# [8](#) Exhibit F# [9](#) Exhibit G# [10](#) Exhibit H# [11](#) Exhibit I# [12](#) Exhibit J)(Nagy, Tibor) (Entered: 02/23/2007) |
| 03/05/2007 | [57](#) | REPLY to Response to Motion re [45](#) MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof* filed by Coxcom, Inc.,. (Attachments: # [1](#) Exhibit 1# [2](#) Exhibit 2)(Jones, Michael) (Entered: 03/05/2007) |
| 03/08/2007 | [58](#) | SUR-REPLY to Reply to Response to Motion re [45](#) MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof* filed by Rembrandt Technologies, LP. (Nagy, Tibor) (Entered: 03/08/2007) |
| 03/09/2007 | [59](#) | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # [1](#) MDL Motion for Transfer and Consolidation# [2](#) Motion Ex. A# [3](#) Motion Ex. B# [4](#) MDL Memorandum# [5](#) MDL Exhibit List# [6](#) MDL Notice of Appearance# [7](#) |

| | | |
|---|---|---|
| | | MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 60 | Additional Attachments to Main Document: 59 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDL Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 MDL Ex. 17# 18 MDL Ex. 18# 19 MDL Ex. 19# 20 MDL Ex. 20# 21 MDL Ex. 21# 22 MDL Ex. 22# 23 MDL Ex. 23# 24 MDL Ex. 24# 25 MDL Ex. 25# 26 MDL Ex. 26# 27 MDL Ex. 27# 28 MDL Ex. 28# 29 MDL Ex. 29# 30 MDL Ex. 30# 31 MDL Ex. 31# 32 MDL Ex. 32# 33 MDL Ex. 33# 34 MDL Ex. 34# 35 MDL Ex. 35# 36 MDL Ex. 36# 37 MDL Ex. 37# 38 MDL Ex. 38# 39 MDL Ex. 39# 40 MDL Ex. 40# 41 MDL Ex. 41# 42 MDL Ex. 42# 43 MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/29/2007 | 61 | NOTICE by Coxcom, Inc., re 45 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer, and Brief in Support Thereof of Supplemental Authority Supporting its Motion to Transfer* (Jones, Michael) (Entered: 03/29/2007) |
| 03/30/2007 | 62 | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # 1 Exhibit Discovery Order and Docket Control Order) (Taylor, Brooke) (Entered: 03/30/2007) |
| 04/05/2007 | 63 | NOTICE by Rembrandt Technologies, LP re 60 Additional Attachments to Main Document,,,, 59 Notice (Other), Notice (Other) *Notice of Filing Opposition to CoxComs Motion for Transfer and Consolidation* (Attachments: # 1 Exhibit Rembrandts Brief in Opposition to CoxComs Motion For Transfer and Consolidation# 2 Exhibit Exhibit List# 3 Exhibit Opposition Brief Exh 1# 4 Exhibit Opposition Brief Exh 2# 5 Exhibit Opposition Brief Exh 3# 6 Exhibit Opposition Brief Exh 4# 7 Exhibit Opposition Brief Exh 5# 8 Exhibit Opposition Brief Exh 6# 9 Exhibit Opposition Brief Exh 7# 10 Exhibit Opposition Brief Exh 8# 11 Exhibit Opposition Brief Exh 9# 12 Exhibit Opposition Brief Exh 10# 13 Exhibit Exhibit 11# 14 Exhibit Exhibit 12# 15 Exhibit Opposition Brief Exh 13# 16 Exhibit Response to CoxComs Motion for Transfer and Consolidation# 17 Exhibit Reasons Why Oral Argument Should Be Heard# 18 Exhibit Proof of Service)(Taylor, Brooke) (Entered: 04/05/2007) |
| 04/18/2007 | 64 | ORDER - referring case to Magistrate Judge Charles Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedings pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/18/07. (ch, ) (Entered: 04/18/2007) |
| 04/18/2007 | 65 | NOTICE by Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |

| 04/19/2007 | 66 | ORDER- REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
|---|---|---|
| 04/19/2007 | 67 | DOCKET CONTROL ORDER Respond to Amended Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007. Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/24/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs to be exchanged by parties 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/24/2007 | 68 | NOTICE by Rembrandt Technologies, LP *Of Proposed Protective Order* (Attachments: # 1 Text of Proposed Order Proposed Protective Order) (Taylor, Brooke) CORRECTED PROPOSED PROTECTIVE ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| 04/24/2007 | 69 | NOTICE by Rembrandt Technologies, LP *Re Electronic Production* (Taylor, Brooke) (Entered: 04/24/2007) |
| 04/25/2007 | | NOTICE re 68 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER ADDED BY CLERK (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 70 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 | | TRANSCRIPT of Proceedings held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: 05/03/2007) |
| 05/03/2007 | 72 | NOTICE by Charter Communications, Inc., Charter Communications Operating, LLC *of Disclosures* (Gardner, Allen) (Entered: 05/03/2007) |
| 05/04/2007 | 73 | NOTICE of Disclosure by Coxcom, Inc.,, Coxcom, Inc., *Notice of Service of Initial Disclosures* (Stockwell, Mitchell) (Entered: 05/04/2007) |
| 05/04/2007 | 74 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
| 05/07/2007 | 75 | NOTICE of Disclosure by Rembrandt Technologies, LP (Berry, Matthew) (Entered: 05/07/2007) |
| 05/23/2007 | 76 | NOTICE of Disclosure by Rembrandt Technologies, LP (Taylor, Brooke) (Entered: 05/23/2007) |
| 06/04/2007 | 77 | Joint MOTION to Amend/Correct *Docket Control Order* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order Order Granting Motion to Amend)(Taylor, Brooke) (Entered: 06/04/2007) |

| 06/06/2007 | 78 | ORDER granting 77 Motion to Amend/Correct. Docket Control Order is amended to move date to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/12/2007 | 79 | NOTICE of Disclosure by Rembrandt Technologies, LP *Regarding Compliance with Paragraph 3(b) of the Discovery Order* (Berry, Matthew) (Entered: 06/12/2007) |
| 06/13/2007 | 80 | **PLEASE IGNORE - PLEADING REFILED AS DOC #82**NOTICE of Disclosure by Coxcom, Inc., (Gardner, Allen) Modified on 6/14/2007 (rml, ). (Entered: 06/13/2007) |
| 06/14/2007 | 81 | NOTICE of Disclosure by Charter Communications, Inc., Charter Communications Operating, LLC *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) (Entered: 06/14/2007) |
| 06/14/2007 | 82 | ***REPLACES #80***<br><br>NOTICE of Disclosure by Coxcom, Inc., *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) Modified on 6/14/2007 (mpv, ). (Entered: 06/14/2007) |
| 06/14/2007 |  | ***FILED IN ERROR. PLEASE IGNORE Document # 80, Notice of disclosure. DOCUMENT REFILED AS #82.***<br><br>(rml, ) (Entered: 06/14/2007) |
| 06/21/2007 | 83 | NOTICE by Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/25/2007 | 84 | Interdistrict transfer to the District of Delaware, Wilmington DE. Pursuant to letter Elizabth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and letter were mailed to the Federal Blding, Lockbox 18, 844 N. King Street,Wilmington, DE (ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/29/2007 09:21:32 | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00507-TJW-CE |
| **Billable Pages:** | 9 | **Cost:** | 0.72 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | NO. 2:06cv507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| INC., ET AL | § | |

## ORDER

This case is referred to United States Magistrate Judge Chad Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedings pursuant to 28 U.S.C. § 636.

The referral magistrate judge is designated to hear and determine all pre-trial matters and motions in connection with such suits except those motions excepted in 28 U.S.C. § 636(b)(1)(A). The magistrate judge is designated to conduct hearings, including evidentiary hearings, and to submit to the presiding judge findings of fact and recommendations for the disposition of all matters excepted under 28 U.S.C. § 636 (b)(1)(A).    SIGNED this 18th day of April, 2007.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP )
)
     Plaintiff, )
)
v. ) Case No. 2:05-CV-443-TJW
)
COMCAST CORPORATION, ET AL. )
)
     Defendants. )
_____ )


REMBRANDT TECHNOLOGIES, LP )
)
     Plaintiff, )
)
v. ) Case No. 2:06-CV-506-TJW
)
COMCAST CORPORATION, ET AL. )
)
     Defendants. )
_____ )

REMBRANDT TECHNOLOGIES, LP )
)
     Plaintiff, )
)
v. ) Case No. 2:06-CV-369-TJW
)
TIME WARNER CABLE, INC. )
)
     Defendant. )
_____ )

REMBRANDT TECHNOLOGIES, LP )
)
     Plaintiff, )
)
v. ) Case No. 2:06-CV-224-TJW
)
TIME WARNER CABLE, INC. )

```
                                        )
        Defendant.                      )
                                        )
_____        )
                                        )
REMBRANDT TECHNOLOGIES, LP              )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )           Case No. 2:06-CV-507-TJW
                                        )
CHARTER COMMUNICATIONS, INC.,           )
ET AL.                                  )
                                        )
        Defendants.                     )
_____        )
                                        )
REMBRANDT TECHNOLOGIES, LP              )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )           Case No. 2:06-CV-223-TJW
                                        )
CHARTER COMMUNICATIONS, INC.,           )
ET AL.                                  )
                                        )
        Defendants.                     )
_____        )
```

<u>**NOTICE OF DEVELOPMENT**</u>

Defendants Charter Communications, Inc., Charter Communications Operating, LLC.,

CoxCom, Inc., and Time Warner Cable, Inc. provide this notice of development.  Attached is a

Notice of Hearing issued by the Judicial Panel on Multidistrict Litigation, calendaring for

hearing on May 31, 2007, the motion of CoxCom, Inc. for transfer and consolidation of the

Rembrandt Technologies, LP, patent litigation pursuant to 28 U.S.C. §1407.

Dated: April 18th, 2007.

Respectfully Submitted

/s/ Allen F. Gardner
Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
Diane V. DeVasto
Texas State Bar No. 05784100
dianedevasto@potterminton.com
Allen F. Gardner
Texas State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, P.C.
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone:     (903) 597-8311
Facsimile:     (903) 593-0846

**ATTORNEYS FOR CHARTER
COMMUNICATIONS, INC., LLP,
CHARTER COMMUNICATIONS
OPERATING, LLC, COXCOM, INC.,
AND TIME WARNER CABLE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 18th day of April, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail on this same date.

/s/ Allen F. Gardner
Allen F. Gardner

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

April 12, 2007

## NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a
hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          May 31, 2007

LOCATION OF HEARING SESSION:      Lloyd D. George United States Courthouse
                                  Courtroom 7C, 7th Floor
                                  333 Las Vegas Boulevard South
                                  Las Vegas, Nevada 89101

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument
must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral
argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session
for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral
  argument**, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral
Argument" must be returned to this office no later than **May 14, 2007.** Note the procedures governing Panel oral
argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on
Multidistrict Litigation." These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

c: Clerk, U.S. District Court for the District of Nevada

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

**APRIL 12, 2007**

JEFFERY N. LÜTHI
CLERK OF THE PANEL

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## *WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### HEARING SESSION ORDER

IT IS ORDERED that on May 31, 2007, a hearing session will be held in Las Vegas, Nevada, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

SCHEDULE OF MATTERS FOR HEARING SESSION
May 31, 2007 -- Las Vegas, Nevada


**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**


<u>MDL-1835 -- In re Brian L. Roberts Litigation</u>

Motion of plaintiff Brian L. Roberts for centralization of the following actions in the United States District Court for the Southern District of New York:

<u>Southern District of New York</u>

*Brian L. Roberts v. Sony Corp., et al.*, C.A. No. 1:06-6337

<u>District of Utah</u>

*Brian L. Roberts v. Sony, et al.*, C.A. No. 2:04-673


<u>MDL-1836 -- In re Mirapex Products Liability Litigation</u>

Motion of defendants Boehringer Ingelheim Pharmaceuticals, Inc., and Pfizer Inc. for centralization of the following actions in the United States District Court for the Southern District of New York or, in the alternative, the United States District Court for the District of Connecticut or other suitable United States district court:

<u>Northern District of California</u>

*Therese Bottiglieri v. Pfizer Inc., et al.*, C.A. No. 3:06-3248

<u>District of Maryland</u>

*William David Livingston, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
 C.A. No. 1:06-1887

<u>District of Minnesota</u>

*Gary Selinsky, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
 C.A. No. 0:06-873
*Robert M. Zwayer, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
 C.A. No. 0:06-874

Schedule of Matters for Hearing Session, Section A                                    p. 2
Las Vegas, Nevada


MDL-1836 (Continued)


    <u>District of Minnesota</u> (Continued)

*Michael A. Dubaich, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-875
*Donald J. Nelsen v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-876
*Larry Webb, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-898
*Timothy Harms v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-899
*Timothy L. Estep v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-900
*Mary Conway v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-901
*Dennis M. Scharpen, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-1206
*Gary E. Charbonneau, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-1215
*Todd R. Cain v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-1582
*Manuel A. Quintela, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-1675
*Thaddeus R. Fayard v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-2144
*Hylton H. Dodd v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-2145
*Michael W. Averitt, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-2194
*William F. Courtney, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-2546
*Richard I. Bloom, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-2577
*Joyce A. Anderson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-2578
*Kathleen R. Frye, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-2662
*Cynthia Harris, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-3009

Schedule of Matters for Hearing Session, Section A                    p. 3
Las Vegas, Nevada


MDL-1836 (Continued)


### District of Minnesota (Continued)

*Daniel M. Hayward, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3180
*Daniel F. Neal v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 0:06-3182*
*Peggy J. Bronson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3254
*Theresa R. Seaman, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3255
*Madeline J. Vingers v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3284
*Irene M. Conejo v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3519
*Melody S. Erickson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3526
*Alan Kite, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3527
*George P. Wagner v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3537
*Gordon J. Haughey, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3539
*Stella C. Rush, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3544
*Carl M. Milam, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3778
*Floyd Wayne Kanuch v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3839
*Rick James Berger v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4358
*Mark Mayer v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 0:06-4366*
*Resa King, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4502
*George Konrad v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4699
*Steven Purser, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4783

Schedule of Matters for Hearing Session, Section A                    p. 4
Las Vegas, Nevada


MDL-1836 (Continued)


      <u>District of Minnesota</u> (Continued)

*Barbara Goldman, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4784
*James Holmes, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4785
*Florene D. Saracco v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4827
*Greg Stutz v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-4828
*Thomas M. Celorie v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4868
*Maryann J. Deleo, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4869
*William Chamberlain, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4870
*Ronald P. Markel, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4871
*Hilarie Pearce v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-4944
*Linda Michels, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4945
*David Emery, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4946
*Richard Scott Brown v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4947
*William Gage, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4948
*Carolyn Paulette Shows, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-4949
*Michele C. Glancy, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:06-5123
*Tza Ping Aliya Lee, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
  C.A. No. 0:07-39

Schedule of Matters for Hearing Session, Section A                              p. 5
Las Vegas, Nevada


MDL-1836 (Continued)


### Western District of Missouri

*Wayne Jackson, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 4:06-969

### Western District of Washington

*Matthew Andresen, et al. v. Pfizer Inc., et al.,* C.A. No. 2:06-1413


## MDL-1837 -- In re BMW Subframe Marketing and Sales Practices Litigation

   Motion of plaintiff Scott Halperin for centralization of the following actions in the United
States District Court for the District of New Jersey:

### Central District of California

*Eric Bacca, et al. v. BMW of North America, LLC,* C.A. No. 2:06-6753

### Middle District of Florida

*Frances Perrone v. BMW of North America, LLC,* C.A. No. 8:06-2045

### Southern District of Mississippi

*Jaime Moore v. BMW of North America, LLC,* C.A. No. 4:06-139

### District of New Jersey

*Lyndsay Alpert, et al. v. BMW of North America, LLC,* C.A. No. 2:06-5198

Schedule of Matters for Hearing Session, Section A                                    p. 6
Las Vegas, Nevada


MDL-1838 -- In re TJX Companies, Inc., Customer Data Security Breach Litigation

Motion of plaintiffs Julie Buckley, et al., for centralization of the following actions in the United States District Court for the District of Massachusetts:

### Northern District of Alabama

*Jo Wood, et al. v. TJX, Inc., et al.*, C.A. No. 2:07-147

### District of Massachusetts

*Paula G. Mace v. TJX Companies, Inc.*, C.A. No. 1:07-10162
*Amerifirst Bank v. TJX Companies, Inc., et al.*, C.A. No. 1:07-10169
*Julie Buckley, et al. v. TJX Companies, Inc.*, C.A. No. 1:07-10209
*Thomas J. Gaydos v. TJX Companies, Inc., et al.*, C.A. No. 1:07-10217

### District of Puerto Rico

*Patricia Miranda, et al. v. TJX, Inc., et al.*, C.A. No. 3:07-1075


MDL-1839 -- In re Pro Tem Partners, Inc., and Semico Research Corp. Contract Litigation

Motion of Pro Tem Partners, Inc., for centralization of the following actions in the United States District Court for the District of Massachusetts:

### District of Arizona

*Semico Research Corp. v. Jan-Charles Fine, et al.*, C.A. No. 2:06-2475

### District of Massachusetts

*Pro Tem Partners, Inc. v. Semico Research Corp.*, C.A. No. 1:05-11822

Schedule of Matters for Hearing Session, Section A          p. 7
Las Vegas, Nevada

MDL-1840 -- In re Motor Fuel Temperature Sales Practices Litigation

      Motion of defendants Exxon Mobil Corp.; Hess Corp.; and Motiva Enterprises LLC for
centralization of the following actions in the United States District Court for the District of New
Jersey:

          Northern District of California

    *Mark Rushing, et al. v. Alon USA, Inc., et al.*, C.A. No. 3:06-7621

          District of Kansas

    *Zachary Wilson, et al. v. Ampride, Inc., et al.*, C.A. No. 2:06-2582
    *American Fiber & Cabling LLC., et al. v. BP Corp. North America, Inc., et al.*,
      C.A. No. 2:07-2053

          Western District of Kentucky

    *Keen Exploration, LLC, et al. v. Amoco Oil Co., et al.*, C.A. No. 5:07-14

          Western District of Missouri

    *Victor VanDyne v. Murphy Oil USA, Inc., et al.*, C.A. No. 2:06-4302
    *Ditzfeld Transfer, Inc. v. Pilot Travel Centers, LLC., et al.*, C.A. No. 2:07-4025
    *James Vanderbilt v. BP Corp. North America, Inc., et al.*, C.A. No. 4:06-1052
    *Brent Donaldson, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 4:07-93

          District of New Jersey

    *Richard Galauski, et al. v. Amerada Hess Corp., et al.*, C.A. No. 3:06-6005

          Western District of Oklahoma

    *Craig Massey, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 5:07-102
    *Cynthia J. Cary, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 5:07-155

          Western District of Tennessee

    *Diane Foster, et al. v. BP North America Petroleum, Inc., et al.*, C.A. No. 2:07-2059

Schedule of Matters for Hearing Session, Section A                    p. 8
Las Vegas, Nevada


## MDL-1841 -- In re Wells Fargo Loan Processor Overtime Pay Litigation

Motion of defendant Wells Fargo Home Mortgage for centralization of the following actions in the United States District Court for the District of Kansas:

### Northern District of California

*Mary Basore, et al. v. Wells Fargo Home Mortgage, et al.*, C.A. No. 3:07-461

### District of Kansas

*Trudy Bowne, et al. v. Wells Fargo Home Mortgage*, C.A. No. 2:06-2020


## MDL-1842 -- In re Kugel Mesh Hernia Patch Products Liability Litigation

Motion of plaintiffs Sonia Montiel, et al., for centralization of certain of the following actions in the United States District Court for the District of Rhode Island and motion of plaintiffs Lilyan Kathleen Hall, et al., for centralization of the following actions in the United States District Court for the Northern District of Alabama:

### Northern District of Alabama

*Lilyan Kathleen Hall, et al. v. Davol, Inc., et al.*, C.A. No. 3:07-480

### Eastern District of Arkansas

*Carolene Jean Carter v. Davol, Inc., et al.*, C.A. No. 4:06-1012

### Western District of Arkansas

*Mary Jane Campbell v. Davol, Inc., et al.*, C.A. No. 5:06-5154

### Eastern District of California

*Daniel Poston, et al. v. Davol, Inc.*, C.A. No. 2:07-32

### Northern District of Florida

*Jane R. Wilson v. Davol, Inc., et al.*, C.A. No. 3:06-541

Schedule of Matters for Hearing Session, Section A                    p. 9
Las Vegas, Nevada


MDL-1842 (Continued)


      <u>Central District of Illinois</u>

*James Daniel Mathien v. Davol, Inc., et al.*, C.A. No. 2:07-2031

      <u>Eastern District of Missouri</u>

*Timothy J. Edgar v. Davol, Inc.*, C.A. No. 4:06-1471

      <u>District of New Jersey</u>

*Jenine Von Essen v. C.R. Bard, Inc., et al.*, C.A. No. 2:06-4786

      <u>Eastern District of New York</u>

*Thomas D. Hyland, et al. v. Davol, Inc., et al.*, C.A. No. 2:07-1054

      <u>Southern District of New York</u>

*Sophia Katechis, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-2098

      <u>Northern District of Ohio</u>

*Richard H. Sayler, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-765

      <u>District of Rhode Island</u>

*Sonia Montiel, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-64

      <u>Middle District of Tennessee</u>

*George Andrew Luffman v. C.R. Bard, Inc., et al.*, C.A. No. 3:07-243

Schedule of Matters for Hearing Session, Section A                    p. 10
Las Vegas, Nevada


MDL-1843 -- In re Schering Marketing and Sales Practices Litigation

    Motion of plaintiff United American Insurance Company for centralization of the
following actions in the United States District Court for the Eastern District of Pennsylvania:

        District of New Jersey

*International Brotherhood of Teamsters Local No. 331 Health & Welfare Trust Fund v.
   Schering-Plough Corp.*, C.A. No. 2:06-5774

        Eastern District of Pennsylvania

*Blue Cross & Blue Shield of Alabama v. Schering-Plough Corp., et al.*,
   C.A. No. 2:07-568
*United American Insurance Co. v. Schering-Plough Corp., et al.*, C.A. No. 2:07-702


MDL-1844 -- In re Air Crash Near Peixoto de Azeveda, Brazil, on September 29, 2006

    Motion of plaintiff Zita Swensson de Mattos for centralization of the following actions in
a single United States district court:

        Central District of California

*Maria Jose Miranda Bermudes Abreu, et al. v. ExcelAire Service, Inc., et al.*,
   C.A. No. 2:07-1296

        Middle District of Florida

*Suely de Castro Alves Miranda, etc. v. Joseph Lepore, et al.*, C.A. No. 6:07-283

        Eastern District of Missouri

*Bianca Pi Hancock, etc. v. ExcelAire Services, Inc., et al.*, C.A. No. 4:07-372

        Eastern District of New York

*Patricia Abrahim Barbosa Garcia, et al. v. ExcelAire Service, Inc., et al.*,
   C.A. No. 1:06-5964
*Mario De Abreu Lleras, et al. v. ExcelAire Service, Inc., et al.*, C.A. No. 2:06-6083

Schedule of Matters for Hearing Session, Section A                    p. 11
Las Vegas, Nevada


MDL-1844 (Continued)


### Southern District of New York

*Zita Swensson de Mattos, etc. v. ExcelAire Services, Inc., et al.*, C.A. No. 1:07-948


### MDL-1845 -- In re ConAgra Peanut Butter Products Liability Litigation

Motion of plaintiffs Grady Ware, et al., for centralization of certain of the following actions in the United States District Court for the Northern District of Georgia; motion of plaintiffs Thomas B. Price, Annie Blackwell, and Jamie S. Jeffords for centralization of certain of the following actions in the United States District Court for the District of South Carolina; and motion of plaintiff Pamela Gateley, etc., for centralization of certain of the following actions in a single United States district court:

### Middle District of Florida

*Marion Caldarera v. ConAgra Foods, Inc., et al.*, C.A. No. 8:07-384

### Southern District of Florida

*Charles Stafford v. ConAgra Foods, Inc.*, C.A. No. 9:07-80178

### Middle District of Georgia

*Karen Klepsig, et al. v. ConAgra Foods, Inc.*, C.A. No. 1:07-37
*Geoffrey Midler v. ConAgra Foods, Inc.*, C.A. No. 1:07-42

### Northern District of Georgia

*Anne Cease, et al. v. ConAgra Foods, Inc.*, C.A. No. 1:07-425
*John Harper v. ConAgra Foods, Inc.*, C.A. No. 1:07-538
*Grady Ware, et al. v. ConAgra Foods, Inc.*, C.A. No. 4:07-40

### Northern District of Mississippi

*Pamela Gateley, etc. v. ConAgra Foods, Inc.*, C.A. No. 2:07-35

Schedule of Matters for Hearing Session, Section A                    p. 12
Las Vegas, Nevada

MDL-1845 (Continued)

### Western District of Missouri

*Brian Cox, et al. v. ConAgra Foods, Inc.*, C.A. No. 5:07-6027

### Western District of New York

*Mark Avalone, et al. v. ConAgra Foods, Inc.*, C.A. No. 6:07-6084

### Eastern District of Oklahoma

*Irene Clandord v. ConAgra Foods, Inc.*, C.A. No. 6:07-56

### Eastern District of Pennsylvania

*Lucille A. Knight v. ConAgra Foods, Inc.*, C.A. No. 2:07-818

### Middle District of Pennsylvania

*Kathleen Nieves, et al. v. ConAgra Foods, Inc.*, C.A. No. 3:07-327

### District of South Carolina

*Annie Blackwell v. ConAgra Foods, Inc.*, C.A. No. 0:07-529
*Thomas B. Price v. ConAgra Foods, Inc.*, C.A. No. 3:07-536
*Jerry Shawn Medford v. ConAgra Foods, Inc.*, C.A. No. 3:07-611
*Jamie S. Jeffords v. ConAgra Foods, Inc.*, C.A. No. 4:07-530
*Jennifer Ann Hoey, et al. v. ConAgra Foods, Inc.*, C.A. No. 7:07-544

### Eastern District of Tennessee

*Cynthia Woodlee, et al. v. ConAgra Foods, Inc.*, C.A. No. 4:07-15

### Western District of Washington

*James Winston Daniels, II, et al. v. ConAgra, Inc.*, C.A. No. 2:07-259

Schedule of Matters for Hearing Session, Section A                     p. 13
Las Vegas, Nevada


MDL-1846 -- In re Trade Partners, Inc., Investors Litigation

Motion of defendants Macatawa Bank Corp. and Macatawa Bank for centralization of the following actions in the United States District Court for the Western District of Michigan or, in the alternative, the United States District Court for the Western District of Oklahoma:

Central District of California

*James Lee, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 2:06-8009

Western District of Michigan

*Forrest W. Jenkins, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 1:03-321

Western District of Oklahoma

*Steven M. Adamson, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 5:06-1267
*Eddie Elkins, et al. v. Macatawa Bank Corp.*, C.A. No. 5:07-109

Northern District of Texas

*Frank V. Bailey, et al. v. Macatawa Bank Corp.*, C.A. No. 3:06-2193


MDL-1847 -- In re Tayssoun Transportation, Inc., and Dallas & Mavis Specialized Carrier Co., LLC, Contract Litigation

Motion of plaintiff Tayssoun Transportation, Inc., for centralization of the following actions in the United States District Court for the Southern District of Texas:

Northern District of Texas

*Dallas & Mavis Specialized Carrier Co., LLC v. Pacific Motor Transport Co., et al.*, C.A. No. 3:06-1922

Southern District of Texas

*Tayssoun Transportation, Inc. v. Dallas & Mavis Specialized Carrier Co., LLC*, C.A. No. 4:06-3463

Schedule of Matters for Hearing Session, Section A                    p. 14
Las Vegas, Nevada


MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

        Motion of defendant CoxCom, Inc., for centralization of the following actions in the
United States District Court for the District of Delaware:

        District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

        Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
    Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

        Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507


MDL-1849 -- In re C.H. Robinson Worldwide, Inc., Overtime Pay Litigation

        Motion of plaintiffs for centralization of the following actions in the United States
District Court for the Northern District of Illinois or, in the alternative, the United States District
Court for the District of Minnesota:

        Northern District of Alabama

*Donna Eddy, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:06-4926

Schedule of Matters for Hearing Session, Section A                    p. 15
Las Vegas, Nevada


MDL-1849 (Continued)


      Central District of California

   *Mimi Vuong v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-1428
   *Nancy Austin, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 8:07-301

      Eastern District of California

   *Gladys Garcia, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:07-157

      Northern District of California

   *Kimberly Elam, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-475

      Northern District of Georgia

   *Terri Kuvach, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:07-328

      Northern District of Illinois

   *Evelyn Sparks, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6461
   *Cheryl D. Braithwaite, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6462
   *Lynn A. Amorose, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6463
   *Angela L. Jacobson v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6465
   *Scott D. Hyder, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6503
   *Anne K. Ciaglia, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6507
   *Joann M. McGill, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6510
   *Richard Cahn, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6512
   *Jason K. Bergquist, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6515
   *Craig Bowen, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6516
   *Christopher L. Sims, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6520
   *Shannon D. Anderson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6527
   *Nora Hageman, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6530
   *Brenda Mitchell, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6538
   *Lynette DiNova, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6545
   *Joanna Elke, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6552

Schedule of Matters for Hearing Session, Section A                    p. 16
Las Vegas, Nevada


MDL-1849 (Continued)


    <u>Northern District of Illinois</u> (Continued)

*Roy Rogenic, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6553
*LaToya R. McCants, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6556
*Michael Blackburn v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6563
*Sharon K. Dodson-McDonald, et al. v. C.H. Robinson Worldwide, Inc.*,
  C.A. No. 1:06-6564
*Patricia A. Parrish, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6568
*Brendan M. Clarke, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6581
*Amber Vandersommen, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6582
*Leslie Nemelka, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6623
*Kari S. Johnson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6629
*Ariel B. Crotty, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6630
*Wendy L. Ferger, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6632
*Laura J. Jeneault, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6634
*Heidi Michelle Poepsel v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6664


    <u>Southern District of Indiana</u>

*Catherine A. Wilcox v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:06-197


    <u>District of Kansas</u>

*Kimberly K. Bethel, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-2129
*Lisa M. Quigley, et al v. C.H. Robinson Worldwide, Inc.*, C.A. No. 6:07-1063


    <u>Eastern District of Louisiana</u>

*Morgan J. Wood, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-1269


    <u>Eastern District of Michigan</u>

*Carla M. Strugala v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-10767

Schedule of Matters for Hearing Session, Section A                    p. 17
Las Vegas, Nevada


MDL-1849 (Continued)


<u>District of Minnesota</u>

*Jamie L. Benner, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4640
*Justin Accola, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4643
*Jeffrey Cichosz, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4644
*William F. Holmberg, Jr. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4645
*Elizabeth Marianne Buck, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4646
*Penny M. Cantazaro, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4647
*Kathy Cota, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4648
*Jill K. East, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4649
*Kathleen L. Hambleton, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4650
*Elizabeth Hopp v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4651
*Joann F. Larson v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4652
*Kelley S. Lyons, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4653
*Kimberly M. Martineau, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4654
*Sandra Steinmetz, et al. v.C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4655
*John Gino Giovannoni v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4960
*Sally J. Dowden, et al., C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-89
*Amelia M. Alfaro, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-90
*Jennifer L. Alfano, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-251
*Claudia Alicia Martinez, et al. v.C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-542
*Jennifer N. Mcinnis v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-544
*Beth Shaw, et al v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-595
*Shannon Davis v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-1119
*Esther Nevarez, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-1563


<u>Eastern District of Missouri</u>

*Heather Lee Markle, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-428


<u>Northern District of Ohio</u>

*Julie Gallagher, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-846

Schedule of Matters for Hearing Session, Section A                    p. 18
Las Vegas, Nevada


MDL-1849 (Continued)


      <u>Western District of Oklahoma</u>

*Timothy J. Bumgarner, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-278

      <u>District of Oregon</u>

*Allison M. Cassie, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-333

      <u>District of South Carolina</u>

*Rodney Brewer, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:06-3595

      <u>District of South Dakota</u>

*Angela K. Smoot v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-4038

      <u>Eastern District of Tennessee</u>

*Carolyn Baker Hall, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-46

      <u>Eastern District of Texas</u>

*Aaron Smith, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-1

      <u>Northern District of Texas</u>

*Stephanie Smith, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-409

      <u>Western District of Texas</u>

*Adelita Dickson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-186

      <u>Eastern District of Wisconsin</u>

*Kelly K. Hoell v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-267

Schedule of Matters for Hearing Session, Section A                    p. 19
Las Vegas, Nevada


MDL-1850 -- In re Pet Food Products Liability Litigation

     Motion of plaintiff Shirley Sexton for centralization of certain of the following actions in the United States District Court for the Central District of California; motion of plaintiff Christina Troiano for centralization of certain of the following actions in the United States District Court for the Southern District of Florida; and motion of plaintiffs Tom Whaley; Stacey Heller, et al.; Audrey Kornelius, et al.; Suzanne E. Johnson, et al.; and Michele Suggett, et al., for centralization of the following actions in the United States District Court for the Western District of Washington:

     Western District of Arkansas

*Charles Ray Sims, et al. v. Menu Foods Income Fund, et al.*, C.A. No. 5:07-5053
*Richard Scott Widen, et al. v. Menu Foods, Inc., et al.*, C.A. No. 5:07-5055

     Central District of California

*Shirley Sexton v. Menu Foods Income Fund, et al.*, C.A. No. 2:07-1958

     District of Connecticut

*Lauri A. Osborne v. Menu Foods, Inc.*, C.A. No. 3:07-469

     Southern District of Florida

*Christina Troiano v. Menu Foods, Inc., et al.*, C.A. No. 0:07-60428

     Northern District of Illinois

*Dawn Majerczyk v. Menu Foods, Inc.*, C.A. No. 1:07-1543

     District of New Jersey

*Jared Workman, et al. v. Menu Foods Ltd., et al.*, C.A. No. 1:07-1338

     Eastern District of Tennessee

*Lizajean Holt v. Menu Foods, Inc.*, C.A. No. 3:07-94

Schedule of Matters for Hearing Session, Section A                    p. 20
Las Vegas, Nevada


MDL-1850 (Continued)


### Western District of Washington

*Tom Whaley v. Menu Foods, Inc., et al.*, C.A. No. 2:07-411
*Stacey Heller, et al. v. Menu Foods*, C.A. No. 2:07-453
*Audrey Kornelius, et al. v. Menu Foods*, C.A. No. 2:07-454
*Suzanne E. Johnson, et al. v. Menu Foods*, C.A. No. 2:07-455
*Michele Suggett, et al. v. Menu Foods, et al.*, C.A. No. 2:07-457

Schedule of Matters for Hearing Session, Section B                              p. 21
Las Vegas, Nevada

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

<u>MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)</u>

 Oppositions of plaintiffs and defendant Rowan Companies, Inc., to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

<u>Western District of Arkansas</u>

*Eddie Joe Wooten, et al. v. CertainTeed Corp., et al.*, C.A. No. 2:07-2004

<u>Northern District of California</u>

*Carla Groce, et al. v. Todd Shipyards Corp., et al.*, C.A. No. 3:07-241
*Geraldine Burton, et al. v. A.W. Chesterton Co., et al.*, C.A. No. 3:07-702

<u>Southern District of Illinois</u>

*Jack Franklin v. CSX Transportation, Inc.*, C.A. No. 3:06-1058

<u>Eastern District of Louisiana</u>

*Melvin Raymond v. Borden, Inc., et al.*, C.A. No. 2:06-11140

<u>Middle District of Louisiana</u>

*Teressa Bell, etc. v. Rowan Companies, Inc., et al.*, C.A. No. 3:06-785
*Aurelie Breau Waguespack, et al. v. Anco Insulations, Inc., et al.*, C.A. No. 3:06-965

<u>Western District of Louisiana</u>

*Daniel Jarrell v. Franks Petroleum, Inc., et al.*, C.A. No. 6:06-2190

Schedule of Matters for Hearing Session, Section B                    p. 22
Las Vegas, Nevada


MDL-875 (Continued)


       District of Maryland

    *Linda Hudson, et al. v. Rapid-American Corp., et al.*, C.A. No. 1:06-3319

       Southern District of New York

    *Talbot P. Frawley, et al. v. General Electric Co., et al.*, C.A. No. 1:06-15395


MDL-1335 -- In re Tyco International, Ltd., Securities, Derivative & "ERISA" Litigation

    Opposition of plaintiffs Scott Davis, et al., to transfer of the following action to the United States District Court for the District of New Hampshire:

       Northern District of Illinois

    *Scott Davis, et al. v. Dennis Kozlowski, et al.*, C.A. No. 1:07-227


MDL-1373 -- In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation

    Opposition of plaintiff Leonie Moise, etc., to transfer of the following action to the United States District Court for the Southern District of Indiana:

       Middle District of Florida

    *Leonie Moise, etc. v. Bridgestone/Firestone North American Tire, LLC*,
      C.A. No. 2:06-675

Schedule of Matters for Hearing Session, Section B                                p. 23
Las Vegas, Nevada


MDL-1373 (Continued)


Oppositions of defendants Bridgestone Firestone North American Tire, LLC and Ford Motor Company to remand, under 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Western District of Arkansas:

Southern District of Indiana

*Susan Janssen, etc. v. Bridgestone/Firestone North American Tire, LLC, et al.,* C.A. No. 1:04-5811 (W.D. Arkansas, C.A. No. 2:04-2164)


MDL-1409 -- In re Currency Conversion Fee Antitrust Litigation

Opposition of plaintiff Kyle Sandera to transfer of the following action to the United States District Court for the Southern District of New York:

Northern District of California

*Kyle Sandera v. Bank of America Corp., et al.,* C.A. No. 3:07-34


MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation

Opposition of plaintiff The State of Idaho to transfer of the following action to the United States District Court for the District of Massachusetts:

District of Idaho

*State of Idaho v. Abbott Laboratories,* C.A. No. 1:07-93

Schedule of Matters for Hearing Session, Section B                          p. 24
Las Vegas, Nevada


MDL-1566 -- In re Western States Wholesale Natural Gas Antitrust Litigation

   Motion of defendant Reliant Energy Services, Inc., to transfer the following action to the
United States District Court for the District of Nevada:

         Western District of Wisconsin

   *Arandell Corp., et al. v. Xcel Energy, Inc., et al.*, C.A. No. 3:07-76


MDL-1596 -- In re Zyprexa Products Liability Litigation

   Motions of defendant Eli Lilly & Company to transfer the following actions to the United
States District Court for the Eastern District of New York:

         District of South Carolina

   *Samuel Davis v. Eli Lilly & Co.*, C.A. No. 3:06-2312
   *Kimberly J. Johnson, et al. v. Ricardo Jose Fermo, M.D., et al.*, C.A. No. 4:06-2994


MDL-1604 -- In re Ocwen Federal Bank FSB Mortgage Servicing Litigation

   Oppositions of plaintiffs Mary Brown; Linda Fleshman; David Waters, Sr., et al.; Donald
Moden, et al.; Annette Miranda; and Stanley C. Beardslee, et al., to transfer of their respective
following actions to the United States District Court for the Northern District of Illinois:

         Eastern District of Texas

   *Mary Brown v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 1:07-92

         Northern District of Texas

   *Linda Fleshman v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 4:07-108

         Western District of Texas

   *David Waters, Sr., et al. v. Ocwen Financial Corp., et al.*, C.A. No. 1:07-61
   *Donald Moden, et al. v. Ocwen Financial Corp., et al.*, C.A. No. 1:07-62

Schedule of Matters for Hearing Session, Section B                          p. 25
Las Vegas, Nevada


MDL-1604 (Continued)


### Western District of Texas (Continued)

*Annette Miranda v. Ocwen Financial Corp., et al.*, C.A. No. 5:07-34
*Stanley C. Beardslee, et al. v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 5:07-137


## MDL-1626 -- In re Accutane Products Liability Litigation

Opposition of defendant Hoffman-La Roche, Inc., to transfer of the following action to the United States District Court for the Middle District of Florida:

### Eastern District of Pennsylvania

*Darrell W. Borum, Jr. v. Hoffmann-La Roche, Inc., et al.*, C.A. No. 2:07-94


## MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Eastern District of Louisiana:

### Central District of California

*Ruby Lois Moore Estate, etc. v. Merck & Co., Inc.*, C.A. No. 2:06-7548

### Eastern District of California

*Mosetta Bernstine v. Merck & Co., Inc., et al.*, C.A. No. 2:07-34
*Katherine Harrison v. Merck & Co., Inc., et al.*, C.A. No. 2:07-42
*James Daniels, Jr. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-48
*Barbara Ford-Daniels v. Merck & Co., Inc., et al.*, C.A. No. 2:07-51
*Lynn Franklin v. Merck & Co., Inc., et al.*, C.A. No. 2:07-57
*Irma Franklin v. Merck & Co., Inc., et al.*, C.A. No. 2:07-58
*Carolyn Lee Wilson v. Merck & Co., Inc., et al.*, C.A. No. 2:07-61
*Mary Ann Harris v. Merck & Co., Inc., et al.*, C.A. No. 2:07-67
*John Wilson v. Merck & Co., Inc., et al.*, C.A. No. 2:07-68

Schedule of Matters for Hearing Session, Section B                    p. 26
Las Vegas, Nevada


MDL-1657 (Continued)


     Eastern District of California (Continued)

    *Ishmael Haqq v. Merck & Co., Inc., et al.*, C.A. No. 2:07-73
    *David Tenn, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-75
    *Estate of Juanita Battle v. Merck & Co., Inc., et al.*, C.A. No. 2:07-77
    *Denise Denison v. Merck & Co., Inc., et al.*, C.A. No. 2:07-79

     Northern District of California

    *Dorothy Shanks v. Merck & Co., Inc., et al.*, C.A. No. 3:07-65
    *Stanford Johnson v. Merck & Co., Inc., et al.*, C.A. No. 3:07-67
    *Estate of Robert Badke, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:07-69
    *Fred Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:07-75
    *Jeffrey Nielsen v. Merck & Co., Inc., et al.*, C.A. No. 3:07-76
    *Juliana Nielsen v. Merck & Co., Inc., et al.*, C.A. No. 3:07-77
    *Jacquelyn Johnson v. Merck & Co., Inc., et al.*, C.A. No. 3:07-78
    *Arthur Shanks v. Merck & Co., Inc., et al.*, C.A. No. 4:07-68
    *Earnestine Hardin v. Merck & Co., Inc., et al.*, C.A. No. 4:07-70
    *Shahla Jaferian v. Merck & Co., Inc., et al.*, C.A. No. 5:07-66
    *Estate of Sandra Ellis v. Merck & Co., Inc.*, C.A. No. 5:07-74
    *Nader Jaferian v. Merck & Co., Inc., et al.*, C.A. No. 5:07-79
    *Randolph Dossett v. Merck & Co., Inc., et al.*, C.A. No. 5:07-80
    *Suzanne Dante v. Merck & Co., Inc., et al.*, C.A. No. 5:07-81

     Southern District of California

    *Genevieve Tadman v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2151
    *Del Rorer v. Merck & Co., Inc., et al.*, C.A. No. 3:07-10
    *Carol Krepp v. Merck & Co., Inc., et al.*, C.A. No. 3:07-11
    *Charles Krepp v. Merck & Co., Inc., et al.*, C.A. No. 3:07-12
    *Teresa Rorer v. Merck & Co., Inc., et al.*, C.A. No. 3:07-14
    *Arlene Purvis v. Merck & Co., Inc., et al.*, C.A. No. 3:07-15

     Northern District of West Virginia

    *Helen Jean Anderson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:06-151

Schedule of Matters for Hearing Session, Section B                                    p. 27
Las Vegas, Nevada


MDL-1657 (Continued)


     Southern District of West Virginia

     *Paul Noe, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1004
     *Leota Faye Dickens v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1005
     *Madonna Armentrout, etc. v. Rite Aid of West Virginia, Inc.*, C.A. No. 3:06-1058


MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation
MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability
     Litigation

     Oppositions of plaintiffs to transfer of their respective following actions to the United
States District Court for the Eastern District of Louisiana in MDL-1657 and to the United States
District Court for the Northern District of California in MDL-1699:

     Northern District of Alabama

     *William D. McCluskey, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-232

     Eastern District of California

     *Carol Ann Davies, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2768
     *Lois Hornsby, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2776
     *Bertha Townsend, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2780
     *Arthur Bluett, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2787
     *Lisa Mathews, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2807
     *Geneva Styles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2812
     *Ali Muhilddine, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2814
     *Elizabeth A. Cochran v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2817
     *Kevin L. Chaney v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2826
     *Wendel Vantine, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2851
     *Barry Dohner, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2853
     *Jerry Strange v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2875

     Southern District of Illinois

     *Robert J. Smith, Jr., etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-964
     *Wilburn Williamson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1023

Schedule of Matters for Hearing Session, Section B                    p. 28
Las Vegas, Nevada


MDL-1700 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation
          (No. II)

    Opposition of plaintiff Carlos Quintin Gonzalez to transfer of the following action to the
United States District Court for the Northern District of Indiana:

        Southern District of Florida

    *Carlos Quintin Gonzalez v. FedEx Home Delivery, et al.*, C.A. No. 1:06-22964


MDL-1708 -- In re Guidant Corp. Implantable Defibrillators Products Liability Litigation

    Oppositions of plaintiffs Mary Alice Miller, etc., and Estefana Silva, et al., to transfer of
their respective following actions to the United States District Court for the District of
Minnesota:

        Middle District of Florida

    *Mary Alice Miller, etc. v. Guidant Corp., et al.*, C.A. No. 3:07-41

        Southern District of Texas

    *Estefana Silva, et al. v. Guidant Corp., et al.*, C.A. No. 7:07-2


MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

    Oppositions of plaintiffs Rodney S. Means and David L. Murphy, et al., and defendants
Dream House Mortgage Corp., Northwest Title & Escrow Corp., and Litton Loan Servicing LP
to transfer of their respective following actions to the United States District Court for the
Northern District of Illinois:

        Northern District of Indiana

    *Rodney S. Means v. Ameriquest Mortgage Co., et al.*, C.A. No. 2:06-409

        District of Massachusetts

    *Kelly Ann I. Graham, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 4:06-40195

Schedule of Matters for Hearing Session, Section B                    p. 29
Las Vegas, Nevada


MDL-1715 (Continued)


       Eastern District of Missouri

    *Paul W. Derda, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 4:06-1649

       Eastern District of Texas

    *David L. Murphy, et al. v. Argent Mortgage Co., LLC*, C.A. No. 1:06-781


MDL-1718 -- In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation

    Oppositions of plaintiffs Florida Farm Bureau Casualty Insurance Company, etc.; David Giorgini, et al.; and Oscar Reyes, et al., to transfer of their respective following actions to the United States District Court for the Eastern District of Michigan:

       Middle District of Florida

    *Florida Farm Bureau Casualty Insurance Co., etc. v. Ford Motor Co., Inc.*, C.A. No. 8:06-2307

       Eastern District of Pennsylvania

    *David Giorgini, et al. v. Ford Motor Co.*, C.A. No. 2:06-968

       Southern District of Texas

    *Oscar Reyes, et al. v. Ford Motor Co., et al.*, C.A. No. 4:07-165

Schedule of Matters for Hearing Session, Section B                    p. 30
Las Vegas, Nevada


## MDL-1726 -- In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation

Oppositions of plaintiff Patricia Kavalir and defendant Medtronic, Inc., to transfer of their respective following actions to the United States District Court for the District of Minnesota:

### Middle District of Florida

*Hazel E. Ricciotti, etc. v. Medtronic, Inc.*, C.A. No. 8:07-233

### Northern District of Georgia

*Claudeena Watt-Austin, et al. v. Boston Scientific Corp., et al.*, C.A. No. 1:07-293

### Northern District of Illinois

*Patricia Kavalir v. Medtronic, Inc.*, C.A. No. 1:07-835


## MDL-1742 -- In re Ortho Evra Products Liability Litigation

Opposition of plaintiffs Jacci Morrison, et al., to transfer of the following action to the United States District Court for the Northern District of Ohio:

### Northern District of California

*Jacci Morrison, et al. v. Ortho-McNeil Corp., et al.*, C.A. No. 3:07-8


## MDL-1760 -- In re Aredia and Zometa Products Liability Litigation

Oppositions of plaintiffs Joan LeCompte, et al., and Beatrice Rios to transfer of their respective following actions to the United States District Court for the Middle District of Tennessee:

### District of New Jersey

*Joan LeCompte, et al. v. Novartis Pharmaceuticals Corp.*, C.A. No. 2:07-357

### Southern District of Texas

*Beatrice Rios v. Novartis Pharmaceuticals Corp., et al.*, C.A. No. 6:07-2

Schedule of Matters for Hearing Session, Section B                          p. 31
Las Vegas, Nevada

MDL-1763 -- In re Human Tissue Products Liability Litigation

Opposition of plaintiff Sherryl Jean Thornton to transfer of the following action to the
United States District Court for the District of New Jersey:

Northern District of Alabama

*Sherryl Jean Thornton v. Michael Mastromarino, et al.*, C.A. No. 1:06-4899

MDL-1781 -- In re Cintas Corp. Overtime Pay Arbitration Litigation

Opposition of respondents in all actions to remand, under 28 U.S.C. § 1407(a), of the
following actions to their respective transferor courts:

Northern District of California

*Cintas Corp. v. Randall M. Cornelius, et al.*, C.A. No. 4:06-5078 (M.D. Alabama,
   C.A. No. 2:06-227)
*Cintas Corp. v. Darren Mitchell Anderson, et al.*, C.A. No. 4:06-5079 (N.D. Alabama,
   C.A. No. 2:06-492)
*Cintas Corp. v. Ramon J. Baudier, Jr., et al.*, C.A. No. 4:06-5080 (S.D. Alabama,
   C.A. No. 1:06-148)
*Cintas Corp. v. Robert J. Abel, et al.*, C.A. No. 4:06-5081 (D. Arizona,
   C.A. No. 2:06-693)
*Cintas Corp. v. Roberto Carlos Alegria, et al.*, C.A. No. 4:06-5082 (C.D. California,
   C.A. No. 2:06-1750)
*Cintas Corp. v. Ronald Arvizu, et al.*, C.A. No. 4:06-5083 (E.D. California,
   C.A. No. 2:06-611)
*Cintas Corp. v. Daniel E. Ainsworth, et al.*, C.A. No. 4:06-5084 (S.D. California,
   C.A. No. 3:06-632)
*Cintas Corp. v. John D. Bickham, et al.*, C.A. No. 4:06-5085 (D. Colorado,
   C.A. No. 1:06-427)
*Cintas Corp. v. Eugene Christensen, et al.*, C.A. No. 4:06-5086 (D. Connecticut,
   C.A. No. 3:06-360)
*Cintas Corp. v. Charles Leroy Gray, et al.*, C.A. No. 4:06-5087 (D. Delaware,
   C.A. No. 1:06-162)
*Cintas Corp. v. Alice Allen, et al.*, C.A. No. 4:06-5088 (M.D. Florida, C.A. No. 8:06-400)
*Cintas Corp. v. Joseph Frazier, et al.*, C.A. No. 4:06-5089 (N.D. Florida,
   C.A. No. 3:06-103)

Schedule of Matters for Hearing Session, Section B                    p. 32
Las Vegas, Nevada

MDL-1781 (Continued)

### Northern District of California (Continued)

*Cintas Corp. v. David J. Abrahamsen, et al.*, C.A. No. 4:06-5090 (S.D. Florida,
C.A. No. 0:06-60310)

*Cintas Corp. v. Matthew J. DeFelix, et al.*, C.A. No. 4:06-5091 (M.D. Georgia,
C.A. No. 1:06-38)

*Cintas Corp. v. Jeffrey Aybar, et al.*, C.A. No. 4:06-5092 (N.D. Georgia,
C.A. No. 1:06-569)

*Cintas Corp. v. Joe L. Banks, et al.*, C.A. No. 4:06-5093 (S.D. Georgia,
C.A. No. 1:06-35)

*Cintas Corp. v. David DeBilzan, et al.*, C.A. No. 4:06-5094 (D. Idaho,
C.A. No. 1:06-104)

*Cintas Corp. v. James Allen Burress, et al.*, C.A. No. 4:06-5095 (C.D. Illinois,
C.A. No. 1:06-1068)

*Cintas Corp. v. Vince Agozzino, et al.*, C.A. No. 4:06-5096 (N.D. Illinois,
C.A. No. 1:06-1343)

*Cintas Corp. v. James Atkins, et al.*, C.A. No. 4:06-5097 (N.D. Indiana,
C.A. No. 2:06-85)

*Cintas Corp. v. Ryan Albright, et al.*, C.A. No. 4:06-5098 (S.D. Indiana,
C.A. No. 1:06-401)

*Cintas Corp. v. Donald Allen Griffin, et al.*, C.A. No. 4:06-5099 (S.D. Iowa,
C.A. No. 4:06-91)

*Cintas Corp. v. Matthew L. Blackman, et al.*, C.A. No. 4:06-5100 (D. Kansas,
C.A. No. 2:06-2091)

*Cintas Corp. v. Danny L. Brown, et al.*, C.A. No. 4:06-5101 (E.D. Kentucky,
C.A. No. 2:06-52)

*Cintas Corp. v. Jason Agostini, et al.*, C.A. No. 4:06-5102 (W.D. Kentucky,
C.A. No. 3:06-131)

*Cintas Corp. v. Jack Addison, et al.*, C.A. No. 4:06-5103 (E.D. Louisiana,
C.A. No. 2:06-1247)

*Cintas Corp. v. Gustave Fontenot, Jr., et al.*, C.A. No. 4:06-5104 (M.D. Louisiana,
C.A. No. 3:06-188)

*Cintas Corp. v. Ivan Edward Avery, et al.*, C.A. No. 4:06-5105 (W.D. Louisiana,
C.A. No. 6:06-391)

*Cintas Corp. v. Randall Bowles, et al.*, C.A. No. 4:06-5106 (D. Maine, C.A. No. 2:06-55)

Schedule of Matters for Hearing Session, Section B                    p. 33
Las Vegas, Nevada


MDL-1781 (Continued)


### Northern District of California (Continued)

*Cintas Corp. v. Joe Andrews, et al.*, C.A. No. 4:06-5107 (D. Maryland,
   C.A. No. 8:06-641)
*Cintas Corp. v. Philip Daniel Blaisdell, et al.*, C.A. No. 4:06-5108 (D. Massachusetts,
   C.A. No. 1:06-10442)
*Cintas Corp. v. Brandon Alioto, et al.*, C.A. No. 4:06-5109 (E.D. Michigan,
   C.A. No. 2:06-11043)
*Cintas Corp. v. Travis M. Ault, et al.*, C.A. No. 4:06-5110 (W.D. Michigan,
   C.A. No. 1:06-180)
*Cintas Corp. v. John Callahan, et al.*, C.A. No. 4:06-5111 (D. Minnesota,
   C.A. No. 0:06-1012)
*Cintas Corp. v. Gregory Cole Bigbee, et al.*, C.A. No. 4:06-5112 (S.D. Mississippi,
   C.A. No. 3:06-137)
*Cintas Corp. v. Relton Barnes, et al.*, C.A. No. 4:06-5113 (E.D. Missouri,
   C.A. No. 4:06-450)
*Cintas Corp. v. Randall Adams, et al.*, C.A. No. 4:06-5114 (W.D. Missouri,
   C.A. No. 4:06-208)
*Cintas Corp. v. Jeffrey Anderson, et al.*, C.A. No. 4:06-5115 (D. Nebraska,
   C.A. No. 8:06-262)
*Cintas Corp. v. Anthony Dean Hamby, et al.*, C.A. No. 4:06-5116 (D. Nevada,
   C.A. No. 2:06-300)
*Cintas Corp. v. Joseph Allen, et al.*, C.A. No. 4:06-5117 (D. New Jersey,
   C.A. No. 2:06-1164)
*Cintas Corp. v. Tony L. Bostick, et al.*, C.A. No. 4:06-5119 (D. New Mexico,
   C.A. No. 1:06-185)
*Cintas Corp. v. Troy Amott, et al.*, C.A. No. 4:06-5120 (E.D. New York,
   C.A. No. 1:06-1105)
*Cintas Corp. v. Hugh J. Kingsley, et al.*, C.A. No. 4:06-5121 (N.D. New York,
   C.A. No. 5:06-311)
*Cintas Corp. v. Louis Alves, et al.*, C.A. No. 4:06-5122 (S.D. New York,
   C.A. No. 1:06-1933)
*Cintas Corp. v. Robert F. Bowles, Jr., et al.*, C.A. No. 4:06-5123 (W.D. New York,
   C.A. No. 6:06-6147)
*Cintas Corp. v. Matthew Anderson, et al.*, C.A. No. 4:06-5124 (E.D. North Carolina,
   C.A. No. 5:06-113)

Schedule of Matters for Hearing Session, Section B                          p. 34
Las Vegas, Nevada


MDL-1781 (Continued)


### Northern District of California (Continued)

*Cintas Corp. v. Gus Aranegui, et al.*, C.A. No. 4:06-5126 (M.D. North Carolina,
  C.A. No. 1:06-225)
*Cintas Corp. v. Jonathan Allred, et al.*, C.A. No. 4:06-5127 (W.D. North Carolina,
  C.A. No. 3:06-114)
*Cintas Corp. v. Bradley Agler, et al.*, C.A. No. 4:06-5128 (N.D. Ohio,
  C.A. No. 3:06-7083)
*Cintas Corp. v. Donald Adkins, et al.*, C.A. No. 4:06-5129 (S.D. Ohio,
  C.A. No. 1:06-126)
*Cintas Corp. v. Robert Hall, et al.*, C.A. No. 4:06-5130 (E.D. Oklahoma,
  C.A. No. 6:06-97)
*Cintas Corp. v. Brent Berna, et al.*, C.A. No. 4:06-5131 (N.D. Oklahoma,
  C.A. No. 4:06-148)
*Cintas Corp. v. Raymond Mac Harris, Jr., et al.*, C.A. No. 4:06-5132 (W.D. Oklahoma,
  C.A. No. 5:06-247)
*Cintas Corp. v. Dennis Bassett, et al.*,  C.A. No. 4:06-5133 (D. Oregon,
  C.A. No. 6:06-335)
*Cintas Corp v. Kenneth W. Baptist, et al.*,  C.A. No. 4:06-5134 (E.D. Pennsylvania,
  C.A. No. 2:06-1053)
*Cintas Corp. v. Brian Ash, et al.*,  C.A. No. 4:06-5135 (M.D. Pennsylvania,
  C.A. No. 3:06-517)
*Cintas Corp. v. Christopher Derenzo, et al.*, C.A. No. 4:06-5136 (W.D. Pennsylvania,
  C.A. No. 2:06-324)
*Cintas Corp. v. Joseph E. Edwards, et al.*, C.A. No. 4:06-5137 (D. Rhode Island,
  C.A. No. 1:06-112)
*Cintas Corp. v. Thomas Eugene Alert, et al.*, C.A. No. 4:06-5138 (D. South Carolina,
  C.A. No. 3:06-762)
*Cintas Corp. v. Stephen Barlow, et al.*, C.A. No. 4:06-5139 (E.D. Texas,
  C.A. No. 1:06-137)
*Cintas Corp. v. Bryan Armstrong, et al.*, C.A. No. 4:06-5140 (N.D. Texas,
  C.A. No. 3:06-432)
*Cintas Corp. v. Judd Allen, et al.*, C.A. No. 4:06-5141 (S.D. Texas, C.A. No. 4:06-824)
*Cintas Corp. v. Issac Anaya, et al.*, C.A. No. 4:06-5142 (W.D. Texas, C.A. No. 5:06-216)
*Cintas Corp. v. Wade Bell, et al.*, C.A. No. 4:06-5143 (D. Utah, C.A. No. 2:06-205)

Schedule of Matters for Hearing Session, Section B                           p. 35
Las Vegas, Nevada


MDL-1781 (Continued)


        <u>Northern District of California</u> (Continued)

*Cintas Corp. v. John O. Ansink, Jr., et al.*, C.A. No. 4:06-5144 (E.D. Virginia,
    C.A. No. 1:06-267)
*Cintas Corp. v. Nelson Carter, Jr.*, C.A. No. 4:06-5145 (W.D. Virginia,
    C.A. No. 5:06-23)
*Cintas Corp. v. Scott Burgess, et al.*, C.A. No. 4:06-5146 (E.D. Washington,
    C.A. No. 2:06-3023)
*Cintas Corp. v. Michael Anderson, et al.*, C.A. No. 4:06-5147 (W.D. Washington,
    C.A. No. 2:06-332)
*Cintas Corp. v. Nathan J. Andree, et al.*, C.A. No. 4:06-5148 (E.D. Wisconsin,
    C.A. No. 2:06-303)
*Cintas Corp. v. Chris Brown, et al.*, C.A. No. 4:06-5149 (W.D. Wisconsin,
    C.A. No. 3:06-133)


<u>MDL-1789 -- In re Fosamax Products Liability Litigation</u>

        Opposition of plaintiff Mary Ellen Potgieter to transfer of the following action to the
United States District Court for the Southern District of New York:

        <u>District of New Jersey</u>

*Mary Ellen Potgieter v. Merck & Co., Inc.*, C.A. No. 2:07-2

## PROCEDURES FOR ORAL ARGUMENT BEFORE THE
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

All oral argument is governed by the provisions of Rule 16.1 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u> (effective April 2, 2001). Rule 16.1(g) allows a maximum of twenty minutes for oral argument in each matter. In most cases, however, less time is necessary for the expression of all views and the Panel reserves the prerogative of reducing the time requested by counsel. Accordingly, counsel should be careful not to overstate the time requested for oral argument.

The Panel insists that counsel limit all oral argument to the appropriate criteria. <u>See generally</u> <u>In re "East of the Rockies"</u> <u>Concrete Pipe Antitrust Cases</u>, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969) (concurring opinion) (discussion concerning criteria for transfer).

Rule 16.1 is duplicated in its entirety hereafter for your convenience.

RULE 16.1:    HEARING SESSIONS AND ORAL ARGUMENT

(a)    Hearing sessions of the Panel for the presentation of oral argument and consideration of matters taken under submission without oral argument shall be held as ordered by the Panel. The Panel shall convene whenever and wherever desirable or necessary in the judgment of the Chairman. The Chairman shall determine which matters shall be considered at each hearing session and the Clerk of the Panel shall give notice to counsel for all parties involved in the litigation to be so considered of the time, place and subject matter of such hearing session.

(b)    Each party filing a motion or a response to a motion or order of the Panel under Rules 7.2, 7.3, 7.4 or 7.6 of these Rules may file simultaneously therewith a separate statement limited to one page setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard," and shall be filed and served in conformity with Rules 5.12 and 5.2 of these Rules.

(c)    No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party timely opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument except that the Panel may dispense with oral argument if it determines that:
    (i)    the dispositive issue(s) have been authoritatively decided; or
    (ii)    the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.
Unless otherwise ordered by the Panel, all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(d)    In those matters in which oral argument is not scheduled by the Panel, counsel shall be promptly advised. If oral argument is scheduled in a matter the Clerk of the Panel may require counsel for all parties who wish to make or to waive oral argument to file and serve notice to that effect within a stated time in conformity with Rules 5.12 and 5.2 of these Rules. Failure to do so shall be deemed a waiver of oral argument by that party. If oral argument is scheduled but not attended by a party, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed.

(e)    Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(f)    Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the oral argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(g)    Unless otherwise ordered by the Panel, a maximum of twenty minutes shall be allotted for oral argument in each matter. The time shall be divided equally among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.

- 2 -

(h)    So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided.  Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it.

(i)    After an action or group of actions has been set for a hearing session, consideration of such action(s) may be continued only by order of the Panel on good cause shown.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**ORDER**
**REGARDING**
**THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION**

At the Scheduling Conference in the above five captioned cases, the Parties informed the Court that they were continuing to discuss the form of protective order to be entered in all five cases as well as the form of production for documents produced electronically and requested additional time to reach agreement or inform the Court of their disagreements. Pursuant to the Parties request, the Court hereby grants the Parties twenty-one (21) days from the date of Scheduling Conference, which is until Tuesday, April 24, 2007, to:

1.  file an agreed upon Protective Order with the Court or inform the Court of the provisions in a proposed Protective Order on which the Parties cannot reach agreement and

2.  inform the Court that the Parties have reached agreement on the form of production for documents produced electronically or inform the Court of the Parties' disagreements regarding electronic production.

SIGNED this 19th day of April, 2007.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| ET AL. | § | |

## DOCKET CONTROL ORDER

| | |
|---|---|
| **Monday, August 4, 2008** | Jury Selection - 9:00 a.m. in **Marshall, Texas** for the initial case to be tried. |
| **July 24, 2008** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **July 21, 2008** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **July 21, 2008** | **Motions in Limine (due three days before final Pre-Trial Conference).** Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, **903/935-2295**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. **The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the cause, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s).** |
| **July 14, 2008** | Response to Dispositive Motions (including *Daubert* motions) |
| **July 7, 2008** | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| **June 27, 2008** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |

2

| | |
|---|---|
| **May 28, 2008** | Defendants to Identify Trial Witnesses |
| **May 14, 2008** | Plaintiff to Identify Trial Witnesses |
| **May 14, 2008** | Discovery Deadline |
| **April 15, 2008** | Conference to determine the case that will be tried August 4, 2008, the order in which the remainder of the cases will be tried and, if possible, a trial setting for the remaining cases. |
| **April 7, 2008** | or **30** Days after the claim construction ruling, whichever occurs later, Designate Rebuttal Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| **April 3, 2008** | Status Report to Court in lieu of mediation |
| _____ | **15** Days after claim construction ruling Comply with P.R. 3-8. |
| **March 24, 2008** | or **15** Days after claim construction ruling, whichever occurs later, Party with the burden of proof to designate Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| **February 13 and 14, 2008** | Claim construction hearing or hearings 9:00 a.m., **Marshall, Texas**. |
| **February 1, 2008** | Parties submit technology tutorials to the Court. |

3

**January 21, 2008**                Comply with P.R. 4-5(c).

**January 11, 2008**                Comply with P.R. 4-5(b).

**December 24, 2007**               Comply with P.R. 4-5(a).

**December 7, 2007**                Discovery deadline-claims construction issues

**November 30, 2007**               Respond to Amended Pleadings

**November 16, 2007**               Amend Pleadings
                                    **(It is not necessary to file a Motion for Leave to Amend
                                    before the deadline to amend pleadings except to the
                                    extent the amendment seeks to add a new patent in suit.
                                    It is necessary to file a Motion for Leave to Amend after
                                    November 16, 2007).**

**November 16, 2007**               Comply with P.R. 4-3.

**October 16, 2007**                Comply with P.R. 4-2.

**September 26, 2007**              Comply with P.R. 4-1.

**August 3, 2007**                  Letter to the Court stating that there are no
                                    disputes as to claims of privileged documents.

**June 11, 2007**                   Comply with Paragraph 3(b) of the Discovery Order

**June 4, 2007**                    Privilege Logs to be exchanged by parties

**June 11, 2007**                   Comply with P.R. 3-3.

4

**May 3, 2007**                    Join Additional Parties

**April 28, 2007**                 Comply with P.R. 3-1

**April 3, 2007**                  Scheduling Conference (All attorneys are directed to Local
                                   Rule CV-16 for scope of the Scheduling Conference).


      The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e)**, in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.


**OTHER LIMITATIONS**

1.     All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.     The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. <u>See</u> Eastern District of Texas Local Rule CV-7(h).

3.     The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a)    The fact that there are motions for summary judgment or motions to dismiss pending;

    (b)    The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c)    The failure to complete discovery prior to trial, unless the parties can

5

demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 19th day of April, 2007.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## NOTICE REGARDING THE PROTECTIVE ORDER

At the Scheduling Conference, the Parties requested an additional three weeks to work on

reaching an agreement with respect to a Protective Order in this case.  In its April 19, 2007 Order

Regarding Protective Order and Document Production (Doc. No. 68), the Court gave the parties

three weeks to reach agreement on a Protective Order or inform the Court of any remaining disputes regarding the Protective Order.  The Parties have reached agreement on a Protective Order and respectfully request that the Court enter the agreed upon Protective Order, which is attached hereto as Attachment A.

DATED: April 24, 2007                                Respectfully submitted,


                                                     /s/ Sam Baxter
                                                     Sam Baxter
                                                     State Bar No. 01938000
                                                     **McKOOL SMITH, P.C.**
                                                     505 E. Travis, Suite 105
                                                     Marshall, Texas  75670
                                                     Telephone:  (903) 927-2111
                                                     Telecopier:  (903) 927-2622
                                                     sbaxter@mckoolsmith.com

                                                     Jeffrey A. Carter
                                                     State Bar No. 03919400
                                                     **McKOOL SMITH, P.C.**
                                                     300 Crescent Court, Suite 1500
                                                     Dallas, Texas  75201
                                                     Telephone:  (214) 978-4006
                                                     Telecopier:  (214) 978-4044
                                                     jcarter@mckoolsmith.com

                                                     Travis Gordon White
                                                     State Bar No. 21333000
                                                     **McKOOL SMITH, P.C.**
                                                     300 W. 6th Street, Suite 1700
                                                     Austin, Texas  78701
                                                     Telephone:  (512) 692-8700
                                                     Telecopier:  (512) 692-8744
                                                     gwhite@mckoolsmith.com

/s/ Brooke A. M. Taylor
Max L. Tribble, Jr.
State Bar No. 20213950
Tibor L. Nagy
State Bar 24041562
Email: mtribble@susmangodfrey.com
Email: tnagy@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: 713-651-9366
Fax: 713-654-6666

**OF COUNSEL:**
Edgar Sargent
WA State Bar No. 28283
Email: esargent@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

<u>/s/ Michael E. Jones</u>
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

/s/ Sam Baxter
Sam Baxter

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.


/s/  Brooke A.M. Taylor
Brooke A.M. Taylor

# Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Dallas 236804v1

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

**WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively referred to herein as the "parties;" and

**WHEREAS,** the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party")[1] to any other party ("Receiving Party") in the course of this civil action:

1.     The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties.  Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3.      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)     Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual

receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this

paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless

notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of

said period, the entire transcript shall be deemed non-confidential.

        (b)      Confidential Information or Highly Confidential Information contained in

any affidavits, briefs, memoranda or other papers filed with the Court in this action may be

designated as Confidential Information or Highly Confidential Information by indicating on the

face of such documents that one or more parties considers them to contain such information.

        4.      The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES

ONLY any materials that qualify for protection under the standards developed under Fed. R.

Civ. P. 26(c), but not including those materials which qualify for the designation

"CONFIDENTIAL" under paragraph 5.  Subject to the provisions of paragraphs 6 and 7 herein,

material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY, and any

summary, description or report of the information contained in such materials, may be disclosed

only to the following persons:

        (a)      the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

        (b)      technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

4

(c)    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)    source code escrow agents, photocopy, document imaging and database services, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)    John Meli, Executive Vice President and General Counsel of Rembrandt, and one in-house counsel for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each in-house counsel to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) paralegals and/or clerical employees assisting each of the identified in-house counsel; and

(f)    the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any such information may not discuss the information with anyone involved in patent prosecution for the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Dallas 236804v1

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP

1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Charter in the 223 and 507 cases:**

Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357

Potter Minton, PC
1100 North College
500 Plaza Tower
Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

> Kilpatrick Stockton LLP
> 1100 Peachtree Street NE, Suite 2800
> Atlanta, Georgia 30309-4530
>
> Potter Minton, PC
> 1100 North College
> 500 Plaza Tower
> Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

> Kaye Scholer
> 425 Park Avenue
> New York, New York 10022
>
> Potter Minton, PC
> 1100 North College
> 500 Plaza Tower
> Tyler, Texas 75702

**For Comcast in the 506 case:**

> Keker & Van Nest, LLP
> 710 Sansome Street
> San Francisco, California 94111-1704
>
> Halton & Doan, LLP
> 6500 N. Summerhill Road, Suite 1A
> P.O. Box 6227
> Texarkana, Texas 75505-6277

5.   The parties may designate as CONFIDENTIAL any materials of a financial or accounting nature that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

8

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt, one in-house counsel and one other employee for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each in-house counsel and each other employee to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

(f)     the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

6.     (a)     A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(f) and 5(b)-(f) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking, Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information.  If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a

consulting expert will not be a waiver of any privilege or right to withhold from production that

applies to communications or work product.  Furthermore, the parties agree that by stipulating to

the entry of this Protective Order; the parties do not intend to modify in any way the normal

discovery rules applicable to consulting experts, or other agreements reached between the parties

regarding such discovery.

7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the

disclosure of Confidential Information or Highly Confidential Information, information or

materials that contain, embody, or otherwise reflect source code of a party or a third party

subpoenaed for such source code in one or more of the above captioned cases shall be provided

the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies,

shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian

("Source Code Custodian").  The source code shall initially be deposited at a facility in the Los

Angeles metropolitan region.  After 45 days, the source code shall be transferred to a facility in

the Dallas metropolitan region.  Where source code is deposited by a third party, this

subparagraph may be modified by written agreement of the parties and the third party depositing

source code; in all other cases, this subparagraph may be modified by written agreement of the

parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in

electronic form shall be stored and viewed only at the offices of the Source Code Custodian and

shall be maintained in a secured, locked area.  No electronic copies of source code shall be

made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a

11

computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)     the Court;

(iii)     the site where any deposition relating to the source code is taken;

(iv)     any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)     For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. Excessive reproduction of source code should be avoided.

12

(e)     Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)     To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8.     Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The

attorneys of record for the parties shall exercise best efforts to ensure that the information and

documents governed by this Protective order are (i) used only for the purposes set forth herein,

and (ii) disclosed only to authorized persons.  Moreover, any person in possession of

Confidential Information or Highly Confidential Information shall exercise reasonably

appropriate care with regard to the storage, custody or use of such Confidential Information or

Highly Confidential Information in order to ensure that the confidential or restricted nature of

the same is maintained.

9.      It is the intention of this Protective Order that the following categories of

information shall not be and should therefore not be designated as Confidential Information or

Highly Confidential Information: (a) any information that at the time of its disclosure in this

action is part of the public domain by reason of publication or otherwise; (b) any information

that after its disclosure in this action has become part of the public domain by reason of

publication or otherwise though no act, omission or fault of the Receiving Party; (c) any

information that at the time of its disclosure in this action is rightfully in the possession of the

Receiving Party, its trial counsel or any expert retained by or, for the Receiving Party under no

obligations of confidence to any third party with respect to that information; or (d) any

information that after its disclosure in this action is rightfully received by the Receiving Party, its

trial counsel or any expert retained by or for the Receiving Party under no obligations of

confidence or otherwise from any third party having the right to make such disclosure.  During

the pendency of this action, any disputes as to whether information is confidential under the

terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.      If a party disagrees with any Confidential Information or Highly Confidential

Information designation, such party shall first make its objection known to the Producing Party

and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11. During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12. At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as

Confidential only if the document was authored by or received by that third party or former

employee.

13.     Any person receiving Confidential Information or Highly Confidential

Information shall not disclose such information to any person who is not entitled to receive such

information under this Order.  If Confidential Information or Highly Confidential Information is

disclosed to any person not entitled to receive disclosure of such information under this Order,

the person responsible for the disclosure will inform counsel for the Producing Party and,

without prejudice to other rights and remedies of any party, make a reasonable good faith effort

to receive such material and to prevent further disclosure by the person who received such

information.

14.     Written material constituting or revealing Confidential Information or Highly

Confidential Information, when filed with the Court in this action for any reason, shall be filed in

sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of

this action, an indication of the nature of the contents of such sealed envelope or other container,

a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in

the following form:

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
FILED UNDER SEAL PURSUANT TO COURT ORDER
Civil Action No. [appropriate case number][TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance

with this Order any such pleading or other document filed with or delivered to this Court

pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party

producing Confidential Information or Highly Confidential Information consents in writing to

16

such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

23.     (a)     Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final

judgment or mandate.  If any Receiving Party destroys any such Confidential Information or

Highly Confidential Information, that party shall inform the Producing Party in writing.

        (b)     Notwithstanding the foregoing, one designated outside counsel of record

for each party may maintain in its files one copy of each affidavit, affirmation, certification,

declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a

deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request,

stipulation, correspondence between counsel for the parties, written response to a discovery

request or any other document filed with the Court and the court transcript, consisting of or

containing Confidential Information or Highly Confidential Information. The Receiving Party

shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled

to retain copies of any expert report containing any Confidential Information or Highly

Confidential Information of the Producing Party, which is not in the public docket file. All such

material shall remain subject to the terms of this Order.

       24.     This Order may be amended with leave of the Court by the agreement of counsel

for the parties in the form of a stipulation that shall be filed in this action.

       25.     This Order shall remain in full force and effect until modified, superseded, or

terminated on the record by agreement of the parties or by an Order of the Court.

       26.     At the conclusion of the present action, the Court shall retain jurisdiction to

enforce the terms of this Order.

       SO ORDERED this _____ day of _____, 2007.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

I, _____, hereby declare that:

1.    I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

1

2.  I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3.  Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4.  I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on:  _____          _____
                                                [signature]


                                                _____
                                                [print or type name]


                                                Title:


:                                               Business Affiliation


                                                Address:


                                                Phone:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP §<br>§<br>V. §<br>§<br>CHARTER COMMUNICATIONS, INC., ET AL. § | CIVIL NO. 2:06-CV-223(TJW) |
| REMBRANDT TECHNOLOGIES, LP §<br>§<br>V. §<br>§<br>TIME WARNER CABLE, INC. § | CIVIL NO. 2:06-CV-224(TJW) |
| REMBRANDT TECHNOLOGIES, LP §<br>§<br>V. §<br>§<br>TIME WARNER CABLE, INC. § | CIVIL NO. 2:06-CV-369(TJW) |
| REMBRANDT TECHNOLOGIES, LP §<br>§<br>V. §<br>§<br>COMCAST CORPORATION, ET AL. § | CIVIL NO. 2:06-CV-506(TJW) |
| REMBRANDT TECHNOLOGIES, LP §<br>§<br>V. §<br>§<br>CHARTER COMMUNICATIONS, INC., ET AL. § | CIVIL NO. 2:06-CV-507(TJW) |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Dallas 236804v1

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership

(collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation,

Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in

the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their

respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or

dissemination of confidential information; and

  **WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively

referred to herein as the "parties;" and

  **WHEREAS,** the parties recognize that confidential information is being produced for

use in this civil action;

  IT IS HEREBY ORDERED that the following provisions of this Order shall govern the

treatment of confidential information produced by a party ("Producing Party")[1] to any other

party ("Receiving Party") in the course of this civil action:

  1. The term "Confidential Information" as used in this Order includes all

information and tangible things that constitute or disclose trade secrets or other confidential or

proprietary information of one of the parties.  Confidential Information may be contained in

discovery information or materials produced or obtained in this action by or through any means

and by or through any person or entity. The Confidential Information contained therein and all

copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or

otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual

receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this

paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless

notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of

said period, the entire transcript shall be deemed non-confidential.

        (b)     Confidential Information or Highly Confidential Information contained in

any affidavits, briefs, memoranda or other papers filed with the Court in this action may be

designated as Confidential Information or Highly Confidential Information by indicating on the

face of such documents that one or more parties considers them to contain such information.

        4.     The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES

ONLY any materials that qualify for protection under the standards developed under Fed. R.

Civ. P. 26(c) and which comprises (a) technical information that the producing party reasonably

deems highly confidential, including but not limited to proprietary technical information and

trade secrets; or (b) business or financial information that the producing party reasonably deems

highly confidential, such as, for example, business plans or forecasts, cost or pricing

information, sales volume or revenue information, profit margin information, marketing plans or

strategy, the identity of current or potential customers or suppliers, accounting information not of

public record, information subject to a confidentiality agreement with a third party, or the like.

The foregoing categories are by way of example only and shall not limit the categories of

information a party may designate HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY

under this order; provided, however, that any such designation must be made by the producing

party in good faith and with reasonable justification.  Subject to the provisions of paragraphs 6

and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY,

and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

      (a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

      (b)    technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

      (c)    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

      (d)    source code escrow agents, photocopy, document imaging and database services, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

      (e)    John Meli, Executive Vice President and General Counsel of Rembrandt, Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado, Esq. of CoxCom and David Marcus, Esq. of Comcast; and two (2) paralegals and/or clerical employees assisting each of the identified in-house counsel; and

      (f)    the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any

such information may not discuss the information with anyone involved in patent prosecution for

the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

>McKool Smith P.C.
>300 Crescent Court, Suite 1500
>Dallas, Texas 75201
>
>Parker & Bunt
>100 E. Ferguson, Suite 1114
>Tyler, Texas 75702
>
>Jones & Jones, Inc., P.C.
>201 West Houston St., Drawer 1249
>Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

>McKool Smith P.C.
>300 Crescent Court, Suite 1500
>Dallas, Texas 75201
>
>Parker & Bunt
>100 E. Ferguson, Suite 1114
>Tyler, Texas 75702
>
>Ireland, Carroll & Kelly, P.C.
>61101 S. Broadway, Suite 500
>Tyler, Texas 75703
>
>Brown McCarroll LLP
>1127 Judson Road, Suite 220
>P.O. Box 3999 (75606-3999)
>Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

>Susman Godfrey LLP
>1000 Louisiana Street, Suite 5100
>Houston, TX  77002-5096
>
>Parker & Bunt
>100 E. Ferguson, Suite 1114
>Tyler, Texas 75702

6

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Dallas 236804v1

**For Charter in the 223 and 507 cases:**

>   Marshall, Gerstein & Borun LLP
>   6300 Sears Tower
>   233 South Wacker Drive
>   Chicago, Illinois 60606-6357

>   Potter Minton, PC
>   1100 North College
>   500 Plaza Tower
>   Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

>   Kilpatrick Stockton LLP
>   1100 Peachtree Street NE, Suite 2800
>   Atlanta, Georgia 30309-4530

>   Potter Minton, PC
>   1100 North College
>   500 Plaza Tower
>   Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

>   Kaye Scholer LLP
>   425 Park Avenue
>   New York, New York 10022

>   Potter Minton, PC
>   1100 North College
>   500 Plaza Tower
>   Tyler, Texas 75702

**For Comcast in the 506 case:**

>   Keker & Van Nest, LLP
>   710 Sansome Street
>   San Francisco, California 94111-1704

>   Halton & Doan, LLP
>   6500 N. Summerhill Road, Suite 1A
>   P.O. Box 6227
>   Texarkana, Texas 75505-6277

Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX  75670


5**.**	The parties may designate as CONFIDENTIAL any materials that qualify for

protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions

of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary,

description or report of the information contained in such materials, may be disclosed only to the

following persons:

	(a)	the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

	(b)	technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

	(c)	graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

	(d)	photocopy, document imaging and database services and consultants

retained by counsel to set up**,** maintain and/or operate computer systems, litigation databases or

to convert data for inclusion in such databases;

	(e)	John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt,

Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,

Esq. of CoxCom and David Marcus, Esq. of Comcast and one other employee for each of

Charter, CoxCom, Time Warner, and Comcast (following identification of each other employee

to each of the other parties and approval by the other parties, such approval not to be
unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel
and other employee; and

(f)     the parties' outside counsel of record in this action and any other counsel
for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and
clerical employees who are assisting in the prosecution, defense and/or appeal of this action

6.     (a)     A party may exclude from a deposition any person who is not entitled to
view Confidential Information or Highly Confidential Information when such information is the
subject of examination.

(b)     No Confidential Information or Highly Confidential Information shall be
revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in
subparagraphs 4(b)-(e) and 5(b)-(e) until that individual has been given a copy of this Order and
has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the
original of which shall be retained, until the conclusion of this action including all appeals, by
counsel for each party who intends to or does disclose to such individual any Confidential
Information or Highly Confidential Information.

(c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to
Confidential Information or Highly Confidential Information, the Receiving Party must submit
to the Producing Party the individual's signed undertaking as well as the individual's curriculum
vitae setting forth his or her name, address, qualifications and relevant work experience,
including, but not limited to, the identity of any company in the telecommunications industry for
whom said individual has consulted or worked during the last five (5) years.  If the Producing
Party does not object in writing, within five (5) business days from receipt of the undertaking,

10

Confidential Information or Highly Confidential Information may then be disclosed to the
retained consultant or former employee. If timely objection is made, the parties shall attempt in
good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party
has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained
consultant or former employee from viewing the Producing Party's Confidential Information or
Highly Confidential Information.  If the Producing Party does not bring such a timely motion,
Confidential Information or Highly Confidential Information may be disclosed to the retained
consultant or former employee.

      (d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a
consulting expert will not be a waiver of any privilege or right to withhold from production that
applies to communications or work product.  Furthermore, the parties agree that by stipulating to
the entry of this Protective Order; the parties do not intend to modify in any way the normal
discovery rules applicable to consulting experts, or other agreements reached between the parties
regarding such discovery.

      7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the
disclosure of Confidential Information or Highly Confidential Information, information or
materials that contain, embody, or otherwise reflect source code of a party or a third party
subpoenaed for such source code in one or more of the above captioned cases shall be provided
the following further protections:

      (a)     Any and all such source code, except for hard (non-electronic) copies,
shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian
("Source Code Custodian").  The source code shall initially be deposited at a facility in the Los
Angeles metropolitan region.  After 45 days, the source code shall be transferred to a facility in

Dallas 236804v1

the Dallas metropolitan region. Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)     the Court;

12

(iii)     the site where any deposition relating to the source code is taken;

(iv)     any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)     For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.  Excessive reproduction of source code should be avoided.

(e)     Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)     To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

13

8.     Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9.     It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise though no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its

14

trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.     If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has

15

produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

> HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
> FILED UNDER SEAL PURSUANT TO COURT ORDER

Civil Action No. <u>[appropriate case number]</u>[TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

23.    (a)    Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

(b)    Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, expert report, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.

24.    This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.    At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

I, _____, hereby declare that:

1.      I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

1

2.      I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3.      Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party.  If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4.      I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

Dallas 236804v1

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on: _____          _____

                                                                        [signature]


                                                                        _____

                                                                        [print or type name]


                                                                        Title:


                                                                        Business Affiliation

:

                                                                        Address:


                                                                        Phone:

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## NOTICE REGARDING ELECTRONIC PRODUCTION

At the Scheduling Conference, the Parties requested an additional three weeks to reach an

agreement on the form of production for documents produced electronically.  In its April 19,

2007 Order Regarding Protective Order and Document Production (Doc. No. 68), the Court gave

the parties three weeks to reach agreement on the form of electronic production or inform the

1

Court of any remaining disputes. The Parties have reached agreement on how they will produce documents electronically.

DATED: April 24, 2007                    Respectfully submitted,


                                         /s/ Brooke A.M. Taylor
                                         Max L. Tribble, Jr.
                                         State Bar No. 20213950
                                         Tibor L. Nagy
                                         State Bar 24041562
                                         Email: mtribble@susmangodfrey.com
                                         Email: tnagy@susmangodfrey.com
                                         **SUSMAN GODFREY L.L.P.**
                                         1000 Louisiana Street, Suite 5100
                                         Houston, TX 77002
                                         Tel: 713-651-9366
                                         Fax: 713-654-6666

                                         **OF COUNSEL:**
                                         Edgar Sargent
                                         WA State Bar No. 28283
                                         Email: esargent@susmangodfrey.com
                                         **SUSMAN GODFREY L.L.P.**
                                         1201 Third Avenue, Suite 3800
                                         Seattle, WA 98101-3000
                                         Tel: 206-516-3880
                                         Fax: 206-516-3883

                                         Brooke A.M. Taylor
                                         WA State Bar No. 33190
                                         Email: btaylor@susmangodfrey.com
                                         **SUSMAN GODFREY L.L.P.**
                                         1201 Third Avenue, Suite 3800
                                         Seattle, WA 98101-3000
                                         Tel: 206-516-3880
                                         Fax: 206-516-3883

Dallas 237132v1

/s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

3

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

4

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

5

<u>/s/ Jennifer Haltom Doan</u>
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

Dallas 237132v1

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

7

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**


## CERTIFICATE OF SERVICE

        The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.


/s/ Brooke A.M. Taylor
Brooke A.M. Taylor

Dallas 237132v1

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

<u>/s/ Sam Baxter</u>
Sam Baxter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL  DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL ., | § | |
| | | |
| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL ., | § | |
| | | |
| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL ., | § | |
| | | |
| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL ., | § | |

REMBRANDT TECHNOLOGIES, L.P.    §
                                §
                                §
V.                              §        CIVIL NO. 2:06-CV-507(TJW)
                                §
CHARTER COMMUNICATIONS,         §
ET AL.,                         §

---

## Status Conference Minutes
### April 3, 2007

OPEN:    1:50 pm                              ADJOURN:    2:15 pm

---

ATTORNEYS FOR PLAINTIFF:        (See attached sign-in sheet)

ATTORNEYS FOR DEFENDANT:        (See attached sign-in sheet)

LAW CLERK:                      Mike Benefield

COURTROOM DEPUTY:               Debbie Latham


Court opened.  The attorneys announced ready.

The proposed dates and consolidation of the cases were discussed.

Court Adjourned.

# SIGN IN – Please Print

CASE NO. 2:06cv223

STYLE: Rembrandt v. Charter

| Name of party | Name of attorney |
| --- | --- |
| Charter | Mike Jones |
| " | Diane DeVasto |
| " | Allen Gardner |
| " | Bradford Lyerla |
| Rembrandt | Sam Baxter – 223, 224 |
| " | Jeff Carter " " |
| " | Brooke Taylor 369, 506, 507 |
| " | Max Tribble 369, 506, 507 |
| " | Franklin Jones 223, 224 369, 506, 507 |
| " | Charley Ainsworth |
| | GORDON WHITE – 223, 224 |
| | |
| | |
| | |
| | |
| | |
| | |

# SIGN IN – Please Print

CASE NO. 2:06cv224

STYLE: Rembrandt v. Time Warner

| Name of party | Name of attorney |
|---|---|
| Time Warner, Inc | Mike Jones |
| " | Diane DeVasto |
| " | Allen Gardner |
| " | David Benyacar |
| Rembrandt | GORDON WHITE – 223-224 |
| " | FRANKLIN JONES – 223-224-369-506-507 |
| " | Sam Baxter |
| " | Jeff Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# SIGN IN – Please Print

CASE NO. 2:06 cv 369

STYLE: Rembrandt v. Time Warner

| Name of party | Name of attorney |
|---|---|
| Time Warner | Mike Jones |
| '' | Diane DeVasto |
| '' | Allen Gardner |
| '' | David Benyacar |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

SIGN IN

CASE NO  2:06-CV-506

Style  Rembrandt v. Comcast Corporation

| Name of Party | Name of Attorney |
| --- | --- |
| Comcast Corp. entities | Jennifer Doan } (Haltom + Doan) <br> John Perkins |
| " | Gil Gilham — Gilham + Smith |
| Rembrandt | Max Tribble — Susman Godfrey <br> Brooke Taylor — " " |

2.06 CV - 507

Name of Party

Rembrandt

Brooks Taylor
(Susman)

Charter Comm.

Brad ~~Kab~~ Lyerla

Mike Jones

Drain DeVasto

Allen Gardner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | CIVIL NO. 2:06-CV-507 (TJW) |
| v. | § | |
| | § | MAGISTRATE JUDGE EVERINGHAM |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## DEFENDANTS CHARTER COMMUNICATIONS, INC.'S AND CHARTER COMMUNICATIONS OPERATING LLC'S NOTICE OF DISCLOSURES

Defendants Charter Communications, Inc. and Charter Communications Operating, LLC hereby give notice that their initial disclosures were served on all counsel of record on May 3, 2007.

Defendants Charter Communications, Inc. and Charter Communications Operating, LLC respectfully reserve their right to amend, modify, or supplement the disclosures to the extent permitted by the Local Rules and the FEDERAL RULES OF CIVIL PROCEDURE.

Dated:  May 3, 2007                              Respectfully Submitted,


                                              /s/ Allen F. Gardner
                                              Bradford P. Lyerla, Attorney in Charge
                                              blyerla@marshallip.com
                                              Kevin D. Hogg
                                              khogg@marshallip.com
                                              Charles E. Juister
                                              cjuister@marshallip.com
                                              MARSHALL, GERSTEIN & BORUN LLP
                                              6300 Sears Tower
                                              233 South Wacker Drive
                                              Chicago, IL 60606-6357
                                              Tel: 312-474-6300
                                              Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, PC
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846

ATTORNEY FOR DEFENDANTS CHARTER
COMMUNICATIONS, INC. and CHARTER
COMMUNICATIONS OPERATING, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3RD day of May, 2007. Any other counsel of record will be served by First Class U.S. Mail on this same date.

*/s/ Allen F. Gardner*
Allen F. Gardner

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP,<br><br>          Plaintiff,<br><br>     v.<br><br>CHARTER COMMUNICATIONS, INC.,<br>*ET. AL.*,<br><br>          Defendants. | CASE NO. 2-06-CV-223-TJW |
| REMBRANDT TECHNOLOGIES, LP,<br><br>          Plaintiff,<br><br>     v.<br><br>CHARTER COMMUNICATIONS, INC.,<br>CHARTER COMMUNICATIONS<br>OPERATING, LLC, and COXCOM,<br>INC.<br>          Defendants. | CASE NO. 2-06-CV-507-TJW |

## <u>NOTICE OF SERVICE</u>

Defendant CoxCom, Inc., hereby notifies the Court that it has served its Initial

Disclosures under Rule 26(c) of the Local Rules for the Eastern District of Texas via

electronic mail and U.S. Mail, correct postage prepaid, on May 3, 2007, as follows:

Jeffrey A. Carter, Esq.
McKool Smith- Dallas
300 Crescent Court, Suite 1500
Dallas, TX  75201
jcarter@mckoolsmith.com

*Attorneys for Plaintiff Rembrandt*
*Technologies, LP*

Respectfully submitted,

*/s/ Mitchell G. Stockwell*
Mitchell G. Stockwell
Georgia Bar No. 692912
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta, Georgia 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555
MStockwell@kilpatrickstockton.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75710-0359
Tel: 903-597-8311
Fax: 903-593-0846

*Attorneys for CoxCom, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record, who are deemed to have consented to electronic service are being served this 4th day of May, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CD 5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Mitchell G. Stockwell

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

1

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

**WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively referred to herein as the "parties;" and

**WHEREAS,** the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party")[1] to any other party ("Receiving Party") in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties.  Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

Dallas 236804v1

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual

receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this

paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless

notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of

said period, the entire transcript shall be deemed non-confidential.

(b)    Confidential Information or Highly Confidential Information contained in

any affidavits, briefs, memoranda or other papers filed with the Court in this action may be

designated as Confidential Information or Highly Confidential Information by indicating on the

face of such documents that one or more parties considers them to contain such information.

4.    The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES

ONLY any materials that qualify for protection under the standards developed under Fed. R.

Civ. P. 26(c) and which comprises (a) technical information that the producing party reasonably

deems highly confidential, including but not limited to proprietary technical information and

trade secrets; or (b) business or financial information that the producing party reasonably deems

highly confidential, such as, for example, business plans or forecasts, cost or pricing

information, sales volume or revenue information, profit margin information, marketing plans or

strategy, the identity of current or potential customers or suppliers, accounting information not of

public record, information subject to a confidentiality agreement with a third party, or the like.

The foregoing categories are by way of example only and shall not limit the categories of

information a party may designate HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY

under this order; provided, however, that any such designation must be made by the producing

party in good faith and with reasonable justification.  Subject to the provisions of paragraphs 6

and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY,

4

and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

      (a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

      (b)    technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

      (c)    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

      (d)    source code escrow agents, photocopy, document imaging and database services, and consultants retained by counsel to set up**,** maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

      (e)    John Meli, Executive Vice President and General Counsel of Rembrandt, Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado, Esq. of CoxCom and David Marcus, Esq. of Comcast; and two (2) paralegals and/or clerical employees assisting each of the identified in-house counsel; and

      (f)    the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any

5

such information may not discuss the information with anyone involved in patent prosecution for

the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

>McKool Smith P.C.
>300 Crescent Court, Suite 1500
>Dallas, Texas 75201
>
>Parker & Bunt
>100 E. Ferguson, Suite 1114
>Tyler, Texas 75702
>
>Jones & Jones, Inc., P.C.
>201 West Houston St., Drawer 1249
>Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

>McKool Smith P.C.
>300 Crescent Court, Suite 1500
>Dallas, Texas 75201
>
>Parker & Bunt
>100 E. Ferguson, Suite 1114
>Tyler, Texas 75702
>
>Ireland, Carroll & Kelly, P.C.
>61101 S. Broadway, Suite 500
>Tyler, Texas 75703
>
>Brown McCarroll LLP
>1127 Judson Road, Suite 220
>P.O. Box 3999 (75606-3999)
>Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

>Susman Godfrey LLP
>1000 Louisiana Street, Suite 5100
>Houston, TX  77002-5096
>
>Parker & Bunt
>100 E. Ferguson, Suite 1114
>Tyler, Texas 75702

6

Dallas 236804v1

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

7

Dallas 236804v1

**For Charter in the 223 and 507 cases:**

      Marshall, Gerstein & Borun LLP
      6300 Sears Tower
      233 South Wacker Drive
      Chicago, Illinois 60606-6357

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

      Kilpatrick Stockton LLP
      1100 Peachtree Street NE, Suite 2800
      Atlanta, Georgia 30309-4530

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

      Kaye Scholer LLP
      425 Park Avenue
      New York, New York 10022

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Comcast in the 506 case:**

      Keker & Van Nest, LLP
      710 Sansome Street
      San Francisco, California 94111-1704

      Halton & Doan, LLP
      6500 N. Summerhill Road, Suite 1A
      P.O. Box 6227
      Texarkana, Texas 75505-6277

Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX  75670


5**.**     The parties may designate as CONFIDENTIAL any materials that qualify for

protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions

of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary,

description or report of the information contained in such materials, may be disclosed only to the

following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

(d)     photocopy, document imaging and database services and consultants

retained by counsel to set up**,** maintain and/or operate computer systems, litigation databases or

to convert data for inclusion in such databases;

(e)     John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt,

Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,

Esq. of CoxCom and David Marcus, Esq. of Comcast and one other employee for each of

Charter, CoxCom, Time Warner, and Comcast (following identification of each other employee

9

to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

        (f)     the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

      6.     (a)     A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

        (b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(e) and 5(b)-(e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

        (c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years. If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking,

Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information.  If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

      (d)    Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

      7.    In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

      (a)    Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian").  The source code shall initially be deposited at a facility in the Los Angeles metropolitan region.  After 45 days, the source code shall be transferred to a facility in

11

the Dallas metropolitan region. Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)    Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)    Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)    a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)    the Court;

12

(iii)     the site where any deposition relating to the source code is taken;

(iv)     any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)     For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.  Excessive reproduction of source code should be avoided.

(e)     Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)     To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

13

8.      Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9.      It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise though no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its

14

trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.    If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.    During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has

15

produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

> HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
> FILED UNDER SEAL PURSUANT TO COURT ORDER

16

Civil Action No. [appropriate case number][TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

23.     (a)     Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

        (b)     Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, expert report, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.

24.     This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.     This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.     At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

        SIGNED this 4th day of May, 2007.


                                        _____
                                        CHARLES EVERINGHAM IV
                                        UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

I, _____, hereby declare that:

1.      I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

2. I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3. Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4. I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on: _____          _____
                                                   [signature]


                                                   _____
                                                   [print or type name]


                                                   Title:


                                                   Business Affiliation
:


                                                   Address:


                                                   Phone:

3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-369-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| TIME WARNER CABLE, INC., ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| ————————————————— | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-506-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| ————————————————— | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-507-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| ————————————————— | ) | |

## PLAINTIFF'S NOTICE OF DISCLOSURES

Plaintiff Rembrandt Technologies, L.P. ("Rembrandt") hereby gives notice that it served Local Rules P.R. 3-1, P.R. 3-2,  and Initial Disclosures on counsel for Defendants in the above-captioned matters pursuant to the deadlines set forth in the Docket Control Order (Docket Nos. 33 (*Time Warner Cable, Inc., et al.*), 31 (*Comcast Corp., et al.*), and 67 (*Charter Communications, Inc., et al.*)).

Rembrandt respectfully reserves its right to amend, modify, or supplement the disclosures to the extent permitted by the Local Rules and the Federal Rules of Civil Procedure.


Dated:  May 7, 2007                                 Respectfully Submitted,


                                                    /s/  Matthew R. Berry
                                                    Max L. Tribble, Jr.
                                                    Lead Attorney
                                                    State Bar No. 20213950
                                                    1000 Louisiana Street, Suite 5100
                                                    Houston, Texas 77002-5096
                                                    Telephone:  (713) 651-9366
                                                    Fax:  (713) 654-6666
                                                    E-mail: mtribbble@susmangodfrey.com

                                                    Brooke A.M. Taylor
                                                    State Bar No. 33190 (Washington)
                                                    E-mail:  btaylor@susmangodfrey.com
                                                    Edgar Sargent
                                                    State Bar No. 28283 (Washington)
                                                    E-mail:  esargent@susmangodfrey.com
                                                    Matthew R. Berry
                                                    State Bar No. 37364 (Washington)
                                                    E-mail:  mberry@susmangodfrey.com
                                                    SUSMAN GODFREY L.L.P.
                                                    1201 Third Avenue, Suite 3800
                                                    Seattle, Washington  98101-3000
                                                    Telephone:  (206) 516-3880
                                                    Fax:  (206) 516-3883

                                                    Tibor L. Nagy
                                                    State Bar No. 24041562

E-mail:  tnagy@susmangodfrey.com
SUSMAN GODFREY L.L.P.
590 Madison Avenue
New York, NY  10022-8521
Telephone:  (212) 336-8330
Fax:  (212) 516-3883

Charles Ainsworth
charley@pbatyler.com
Robert Christopher Bunt
rcbunt@pbatyler.com
Robert M Parker
rmparker@pbatyler.com
PARKER BUNT & AINSWORTH
100 E Ferguson, Suite 1114
Tyler, TX 75702
Telephone (903) 531-3535
Facsimile (903) 533-9687

Sidney Calvin Capshaw, III
ccapshaw@mailbmc.com
Elizabeth L DeRieux
ederieux@mailbmc.com
Andrew Wesley Spangler
aspangler@mailbmc.com
BROWN MCCARROLL- Longview
1127 Judson Rd., Ste 220
PO Box 3999
Longview, TX 75606-3999
Telephone (903) 236-9800
Facsimile (903) 236-8787

Otis W Carroll, Jr
Fedserv@icklaw.com
James Patrick Kelley
patkelley@icklaw.com
Collin Michael Maloney
fedserv@icklaw.com
IRELAND CARROLL & KELLEY
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone (903) 561-1600
Facsimile (903) 581-1071

Franklin Jones, Jr
JONES & JONES - Marshall
201 W Houston St
PO Drawer 1249

Marshall, TX 75670
903/938-4395
9039383360 (fax)
maizieh@millerfirm.com
Fax:  (212) 516-3883

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 7th day of May, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile and/or first class mail on this same date.

/s/   Matthew R. Berry
Matthew R. Berry

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-369-TJW-CE |
| | ) | |
| TIME WARNER CABLE INC., TIME | ) | |
| WARNER CABLE LLC, TIME | ) | |
| WARNER NEW YORK CABLE LLC, TIME | ) | |
| WARNER ENTERTAINMENT | ) | |
| COMPANY, LP, and TIME WARNER | ) | |
| ENTERTAINMENT-ADVANCE/NEWHOUSE | ) | |
| PARTNERSHIP | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————————— | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-506-TJW-CE |
| | ) | |
| COMCAST CORPORATION, COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC | ) | |
| COMCAST OF PLANO, LP | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————————— | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-507-TJW |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COXCOM INC., CSC | ) | |
| HOLDINGS, INC., and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————————— | ) | |

758386v1/9758

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURE**

Plaintiff Rembrandt Technologies, LP hereby files this Notice to inform the Court that on May 18, 2007, Rembrandt served its Disclosure pursuant to Paragraph 3(c) of the Discovery Order on counsel for Defendants in the above-captioned cases.

Dated: May 23, 2007

Respectfully submitted,

/s/ Brooke A. M. Taylor
Max L. Tribble, Jr.
Lead Attorney
State Bar No. 20213950
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
E-mail: mtribbble@susmangodfrey.com

Brooke A.M. Taylor
State Bar No. 33190 (Washington)
E-mail: btaylor@susmangodfrey.com
Edgar Sargent
State Bar No. 28283 (Washington)
E-mail: esargent@susmangodfrey.com
Matthew R. Berry
State Bar No. 37364 (Washington)
E-mail: mberry@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883

Tibor L. Nagy
State Bar No. 24041562
E-mail: tnagy@susmangodfrey.com
SUSMAN GODFREY L.L.P.
590 Madison Avenue
New York, NY 10022-8521
Telephone: (212) 336-8330
Fax: (212) 516-3883

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 23, 2007, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

<u>/s/ Brooke A. M. Taylor</u>
Brooke A. M. Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The Docket Control Order in each of the above styled cases is the same. Currently, the

Docket Control Orders require that the parties exchange privilege logs on June 4, 2007, but not

produce documents until June 11, 2007. The parties in each case jointly move the Court to

1

amend the Docket Control Order in each case to move the date for exchanging privilege logs from June 4 to July 10, 2007. Moving the date for the parties to exchange privilege logs will not affect the Markman hearing dates or the initial trial setting.

DATED: June 4, 2007                Respectfully submitted,

                                      /s/ Brooke A.M. Taylor
                                      Max L. Tribble, Jr.
State Bar No. 20213950
Tibor L. Nagy
State Bar 24041562
Email: mtribble@susmangodfrey.com
Email: tnagy@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: 713-651-9366
Fax: 713-654-6666

**OF COUNSEL:**
Edgar Sargent
WA State Bar No. 28283
Email: esargent@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

2

Robert M. Parker
State Bar No. 15498000
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Telecopier: (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Telecopier: (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX 75670
Telephone: 903-938-4395
Telecopier: 903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

759965v1/9758

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

4

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferrall
Leo Lam
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

6

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

759965v1/9758

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 4th day of June, 2007.

/s/ Brooke A.M. Taylor
Brooke A.M. Taylor

759965v1/9758

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**ORDER GRANTING JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The parties in each of the above styled cases have moved the Court to amend the Docket

Control Order in each case and change the date for exchanging privilege logs from June 4, 2007

1

759967v1/9758

to July 10, 2007.  The Court finds good cause for amending the Docket Control Order in this respect.  The Court, therefore,

     **ORDERS** that the Docket Control Order in each case be and is hereby amended to move the date for the parties to exchange privilege logs from the current date of June 4, 2007 to July 10, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**ORDER GRANTING JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The parties in each of the above styled cases have moved the Court to amend the Docket

Control Order in each case and change the date for exchanging privilege logs from June 4, 2007

1

to July 10, 2007.  The Court finds good cause for amending the Docket Control Order in this respect.  The Court, therefore,

**ORDERS** that the Docket Control Order in each case be and is hereby amended to move the date for the parties to exchange privilege logs from the current date of June 4, 2007 to July 10, 2007.

SIGNED this 5th day of June, 2007.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

2

759967v1/9758

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-369-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| TIME WARNER CABLE, INC., ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| —————————————————— | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-506-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| —————————————————— | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-507-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| —————————————————— | ) | |

## PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURE

Plaintiff Rembrandt Technologies, L.P. hereby files this Notice to inform the Court that on June 11, 2007, it complied with Paragraph 3(b) of the Discovery Order with respect to Defendants in the above-captioned cases.


Dated:  June 12, 2007                         Respectfully Submitted,


                                              /s/  Matthew R. Berry_____
                                              Max L. Tribble, Jr.
                                              Lead Attorney
                                              State Bar No. 20213950
                                              1000 Louisiana Street, Suite 5100
                                              Houston, Texas 77002-5096
                                              Telephone:  (713) 651-9366
                                              Fax:  (713) 654-6666
                                              E-mail: mtribbble@susmangodfrey.com

                                              Brooke A.M. Taylor
                                              State Bar No. 33190 (Washington)
                                              E-mail:  btaylor@susmangodfrey.com
                                              Edgar Sargent
                                              State Bar No. 28283 (Washington)
                                              E-mail:  esargent@susmangodfrey.com
                                              Matthew R. Berry
                                              State Bar No. 37364 (Washington)
                                              E-mail:  mberry@susmangodfrey.com
                                              SUSMAN GODFREY L.L.P.
                                              1201 Third Avenue, Suite 3800
                                              Seattle, Washington  98101-3000
                                              Telephone:  (206) 516-3880
                                              Fax:  (206) 516-3883

                                              Tibor L. Nagy
                                              State Bar No. 24041562
                                              E-mail:  tnagy@susmangodfrey.com
                                              SUSMAN GODFREY L.L.P.
                                              590 Madison Avenue
                                              New York, NY  10022-8521
                                              Telephone:  (212) 336-8330
                                              Fax:  (212) 516-3883

                                              Charles Ainsworth

2

charley@pbatyler.com
Robert Christopher Bunt
rcbunt@pbatyler.com
Robert M Parker
rmparker@pbatyler.com
PARKER BUNT & AINSWORTH
100 E Ferguson, Suite 1114
Tyler, TX 75702
Telephone (903) 531-3535
Facsimile (903) 533-9687

Sidney Calvin Capshaw, III
ccapshaw@mailbmc.com
Elizabeth L DeRieux
ederieux@mailbmc.com
Andrew Wesley Spangler
aspangler@mailbmc.com
BROWN MCCARROLL- Longview
1127 Judson Rd., Ste 220
PO Box 3999
Longview, TX 75606-3999
Telephone (903) 236-9800
Facsimile (903) 236-8787

Otis W Carroll, Jr
Fedserv@icklaw.com
James Patrick Kelley
patkelley@icklaw.com
Collin Michael Maloney
fedserv@icklaw.com
IRELAND CARROLL & KELLEY
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone (903) 561-1600
Facsimile (903) 581-1071

Franklin Jones, Jr
JONES & JONES - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
9039383360 (fax)
maizieh@millerfirm.com
Fax:  (212) 516-3883

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 12th day of June, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile and/or first class mail on this same date.

/s/   Matthew R. Berry

Matthew R. Berry

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, L.P. | | |
| Plaintiff, | | |
| v. | CASE NO. 2:06-CV-507 | |
| CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, and COXCOM, INC. | (TJW/CE) | |
| Defendants. | | |

## <u>DEFENDANT COXCOM, INC.'S NOTICE OF DISCLOSURES</u>

Defendant Coxcom, Inc. notifies the Court and all counsel herein that pursuant to P.R. 3-3, P.R. 3-4 and the Court's Docket Control Order dated April 19, 2007, their Invalidity Contentions and accompanying documents were served on June 11, 2007. Defendants also notify the Court and all counsel herein that they provided applicable information as previously discussed between the parties and as outlined in Paragraph 2 of the Court's Discovery order on June 11, 2007.

Dated:  June 13, 2007

Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA  30309-4530
Telephone:  404-815-6214
Facsimile:    404-815-6555
mstockwell@KilpatrickStockton.com

Respectfully Submitted,

*/s/ Mitchell G. Stockwell*
*(w/permission by Allen F. Gardner)*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
PO Box 359
Tyler, Texas  75710
Telephone:  903-597-8311
Facsimile:  903-593-0846
***Attorneys for Defendants Coxcom, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and contemporaneously served upon all counsel who have consented to electronic service on this the 13th day of June 2007.  Other counsel shall be served by first U.S. class mail.

*/s/Allen F. Gardner*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | CIVIL NO. 2:06-CV-507 (TJW) |
| v. | § | |
| | § | MAGISTRATE JUDGE EVERINGHAM |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## **DEFENDANTS CHARTER COMMUNICATIONS, INC.'S AND CHARTER COMMUNICATIONS OPERATING LLC'S NOTICE OF DISCLOSURES**

Defendants Charter Communications, Inc. and Charter Communications Operating, LLC notify the Court and all counsel herein that pursuant to P.R. 3-3, P.R. 3-4 and the Court's Docket Control Order dated April 19, 2007, their Invalidity Contentions and accompanying documents were served on June 11, 2007. Defendants also notify the Court and all counsel herein that on June 11, 2007 they provided applicable information as previously discussed between the parties[1] and as outlined in Paragraph 3 of the Court's Discovery Order.

Dated:  June 14, 2007

Respectfully Submitted,

*/s/ Bradford P. Lyerla*
*(w/ permission by Allen F. Gardner)*
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
Charles E. Juister
cjuister@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

---

[1] The parties are continuing to work together to reach an agreement in the Rembrandt II matter regarding certain aspects of production.

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, PC
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846

ATTORNEY FOR DEFENDANTS CHARTER
COMMUNICATIONS, INC. and CHARTER
COMMUNICATIONS OPERATING, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 14th day of June, 2007. Any other counsel of record will be served by First Class U.S. Mail on this same date.

*/s/ Allen F. Gardner*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, L.P. | |
| Plaintiff, | |
| v. | CASE NO. 2:06-CV-507 |
| CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, and COXCOM, INC. | (TJW/CE) |
| Defendants. | |

## <u>DEFENDANT COXCOM, INC.'S NOTICE OF DISCLOSURES</u>

Defendant Coxcom, Inc. notifies the Court and all counsel herein that pursuant to P.R. 3-3, P.R. 3-4 and the Court's Docket Control Order dated April 19, 2007, their Invalidity Contentions and accompanying documents were served on June 11, 2007. Defendants also notify the Court and all counsel herein that on June 11, 2007 they provided applicable information as previously discussed between the parties[1] and as outlined in Paragraph 3 of the Court's Discovery Order.

---

[1] The parties are continuing to work together to reach an agreement in the Rembrandt II matter regarding certain aspects of production.

Dated:  June 14, 2007

Respectfully Submitted,

/s/ Mitchell G. Stockwell
(w/permission by Allen F. Gardner)

Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA  30309-4530
Telephone:  404-815-6214
Facsimile:   404-815-6555
mstockwell@KilpatrickStockton.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
PO Box 359
Tyler, Texas  75710
Telephone:  903-597-8311
Facsimile:  903-593-0846
**Attorneys for Defendants Coxcom, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and contemporaneously served upon all counsel who have consented to electronic service on this the 14th day of June 2007.  Other counsel shall be served by first U.S. class mail.

/s/Allen F. Gardner

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-223 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC. ET AL., | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-224 (TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-369 (TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-506 (TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-507 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## NOTICE OF MULTI-DISTRICT LITIGATION DEVELOPMENTS PURSUANT TO LOCAL RULE CV-42

All Defendants in the above-referenced actions respectfully provide this notice of developments in related cases, specifically of action by the Judicial Panel on MultiDistrict Litigation.

Please see the attached Transfer Order issued by the Judicial Panel on MultiDistrict

Litigation (Exhibit A). Please be advised that the Judicial Panel on MultiDistrict Litigation has transferred the above referenced actions to the District of Delaware, and with the consent of that Court, assigned such actions to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings (Exhibit A).

Please also see the attached file-stamped copy indicating that the Transfer Order has been filed in the United States District Court for the District of Delaware (Exhibit A).

 Dated: June 21, 2007                         Respectfully submitted,


                                              /s/ Allen F. Gardner
                                              Michael E. Jones
                                              Texas State Bar No. 10929400
                                              mikejones@potterminton.com
                                              Diane V. DeVasto
                                              Texas State Bar No. 05784100
                                              dianedevasto@potterminton.com
                                              Allen F. Gardner
                                              Texas State Bar No. 24043679
                                              allengardner@potterminton.com
                                              POTTER MINTON, P.C.
                                              110 North College
                                              500 Plaza Tower
                                              Tyler, Texas 75702
                                              Telephone: (903) 597-8311
                                              Facsimile: (903) 593-0846

                                              **ATTORNEYS FOR CHARTER
                                              COMMUNICATIONS, INC., LLP,
                                              CHARTER COMMUNICATIONS
                                              OPERATING, LLC, COXCOM, INC.,
                                              AND TIME WARNER CABLE INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 21, 2007. Any other counsel of record will be served by first class on this same date.

*/s/ Allen F. Gardner*

A CERTIFIED TRUE COPY

JUN 2 0 2007

ATTEST _(signature)_ Steve
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

07-md-1848

*DOCKET NO. 1848*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION

# BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee for a – the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

[*] Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED

JUN 21 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

A CERTIFIED TRUE COPY

JUN 7 2006

- 2 -

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comcast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
  Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED:  6|21|07
AS A TRUE COPY:
    ATTEST:
    PETER T. DALLEO, CLERK
BY   Beth Dunn
    Deputy Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 25 2007

JUN 18 2007

FILED
CLERK'S OFFICE

JUN 2 0 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*
BY
DEPUTY
*DOCKET NO. 1848*

07-md-1848

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee fora — the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

* Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED
JUN 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE



- 2 -

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting -- respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard -- infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comacast I*) are somewhat further advanced than those in the other actions. It may well be that *Comacast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED: 6/21/07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

OFFICE OF THE CLERK
## UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

June 21, 2007

David Maland
Clerk, U.S. District Court
United States District Court
211 West Ferguson Street
Room 106
Tyler, TX 75702

RE:    **In Re Rembrandt Technologies LP Patent Litigation- MDL 1848**
CA 07-404 GMS (D/DE)
CA 2:06-507 (ED/TX)

Dear Mr. Maland:

In accordance with 28 U.S.C. §1407, enclosed is a certified copy of the *Order of Transfer* issued by the Judicial Panel on Multidistrict Litigation which references the above-captioned case in your District. Kindly forward the complete original file, together with a certified copy of the docket sheet, to the District of Delaware at the following address:

Clerk, U.S. District Court
Federal Building, Lockbox 18
844 N. King Street
Wilmington, DE 19801

If your case file is maintained in electronic format in CM/ECF, please contact Elizabeth Dinan at 302-573-4539.

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 25 2007

DAVID J. MALAND, CLERK

Sincerely,

Peter T. Dalleo, Clerk

By: _Elizabeth Dinan_
Elizabeth Dinan
Deputy Clerk

Enc.
cc:    Jeffrey N. Luthi, Clerk of the Panel