IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARTER COMMUNICATIONS, INC., ) <br> CHARTER COMMUNICATIONS ) <br> OPERATING, LLC, and COXCOM, INC., ) <br> ) <br> Defendants. ) | Case No. 2:06-CV-507 <br><br> Judge Leonard E. Davis |

### DEFENDANTS CHARTER COMMUNICATIONS, INC.'S AND CHARTER COMMUNICATIONS OPERATING LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Charter Communications, Inc. and Charter Communications Operating LLC (collectively "Charter"), answer Rembrandt Technologies, LP's ("Rembrandt") FIRST AMENDED COMPLAINT as follows:

### The Parties

1. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Charter admits the allegations of paragraph 2 for purposes of this litigation only.

3. Charter admits the allegations of paragraph 3 for purposes of this litigation only.

4. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

1

**Jurisdiction and Venue**

5.     Charter admits that this action invokes the United States patent laws and further admits that this Court has subject matter jurisdiction over patent law claims.  Charter denies the remaining allegations of paragraph 5.

6.     Charter admits that this Court has personal jurisdiction over them and that they have conducted and do conduct business within the State of Texas for purposes of this litigation only.  Charter denies the remaining allegations of paragraph 6.  Charter is not infringing, and has not in the past infringed, any of the patents identified in Plaintiff's FIRST AMENDED COMPLAINT.

7.     Charter admits the allegations of paragraph 7 for purposes of this litigation only.

**Count I – Infringement of U.S. Patent No. 5,008,903**

8.     Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-7.

9.     Charter admits that a copy of U.S. Patent No. 5,008,903 ("the '903 patent"), entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum," is attached to Plaintiff's FIRST AMENDED COMPLAINT as Exhibit A.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and demands strict proof thereof.

10.    Charter admits that the United States Patent and Trademark Office ("USPTO") issued the '903 patent on April 16, 1991.  Charter lacks knowledge or information sufficient to form a belief as to the truth of whether the '903 patent was "duly and legally issued" because these terms are not defined.  Charter denies the remaining allegations of paragraph 10.

11.    Charter denies the allegations of paragraph 11.

12.    Charter denies the allegations of paragraph 12.

## Count II – Infringement of U.S. Patent No. 5,710,761

13. Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-7.

14. Charter admits that a copy of U.S. Patent No. 5,710,761 ("the '761 patent"), entitled "Error Control Negotiation Based on Modulation," is attached to Plaintiff's FIRST AMENDED COMPLAINT as Exhibit B. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and demands strict proof thereof.

15. Charter admits that the USPTO issued the '761 patent on January 20, 1998. Charter lacks knowledge or information sufficient to form a belief as to the truth of whether the '761 patent was "duly and legally issued" because these terms are not defined. Charter denies the remaining allegations of paragraph 15.

16. Charter denies the allegations of paragraph 16.

17. Charter denies the allegations of paragraph 17.

## Count III – Infringement of U.S. Patent No. 5,778,234

18. Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-7.

19. Charter admits that a copy of U.S. Patent No. 5,778,234 ("the '234 patent"), entitled "Method for Downloading Programs," is attached to Plaintiff's FIRST AMENDED COMPLAINT as Exhibit C. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and demands strict proof thereof.

20. Charter admits that the USPTO issued the '234 patent on July 7, 1998. Charter lacks knowledge or information sufficient to form a belief as to the truth of whether the '234 patent was "duly and legally issued" because these terms are not defined. Charter denies the remaining allegations of paragraph 20.

21. Charter denies the allegations of paragraph 21.

22. Charter denies the allegations of paragraph 22.

### Count IV – Infringement of U.S. Patent No. 6,131,159

23. Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-7.

24. Charter admits that a copy of U.S. Patent No. 6,131,159 ("the '159 patent"), entitled "System for Downloading Programs," is attached to Plaintiff's FIRST AMENDED COMPLAINT as Exhibit D. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and demands strict proof thereof.

25. Charter admits that the USPTO issued the '159 patent on October 10, 2000. Charter lacks knowledge or information sufficient to form a belief as to the truth of whether the '159 patent was "duly and legally issued" because these terms are not defined. Charter denies the remaining allegations of paragraph 25.

26. Charter denies the allegations of paragraph 26.

27. Charter denies the allegations of paragraph 27.

### Count V – Infringement of U.S. Patent No. 6,950,444

28. Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-7.

29. Charter admits that a copy of U.S. Patent No. 6,950,444 ("the '444 patent"), entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver," is attached to Plaintiff's FIRST AMENDED COMPLAINT as Exhibit E. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and demands strict proof thereof.

30.     Charter admits that the USPTO issued the '444 patent on September 27, 2005. Charter lacks knowledge or information sufficient to form a belief as to the truth of whether the '444 patent was "duly and legally issued" because these terms are not defined. Charter denies the remaining allegations of paragraph 30.

31.     Charter denies the allegations of paragraph 31.

32.     Charter denies the allegations of paragraph 32.

## AFFIRMATIVE DEFENSES

Further answering the First Amended Complaint, Charter asserts the following defenses. Charter reserves the right to amend its Answer with additional defenses as further information is obtained.

1.     The claims of the '903 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

2.     The claims of the '761 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

3.     The claims of the '234 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

4.     The claims of the '159 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

5.     The claims of the '444 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

6.     The claims are barred, in whole or in part, by the doctrines of laches or estoppel.

## COUNTERCLAIMS

Charter, for its Counterclaims against Rembrandt, states as follows:

### Jurisdiction

1. These Counterclaims arise under the United States patent laws and the declaratory judgment statute. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 1367, 1400, 2201 and 2202.

### Factual Background

2. In its Complaint, Rembrandt asserts that Charter has infringed and does infringe the '903, '761, '234, '159, and '444 patents, directly and/or indirectly.

3. The '903, '761, '234, '159, and '444 patents are invalid, and have not been and are not infringed by Charter, either directly or indirectly.

4. Consequently, there is an actual case or controversy between the parties over the infringement, validity, and/or enforceability of the '903, '761, '234, '159, and '444 patents.

### First Counterclaim

5. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

6. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '903 patent.

7. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Second Counterclaim

8. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

9. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '761 patent.

10. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Third Counterclaim

11. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

12. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '234 patent.

13. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Fourth Counterclaim

14. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

15. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '159 patent.

16. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Fifth Counterclaim

17. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

18. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the of the '444 patent.

19. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Sixth Counterclaim

20. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

21. The claims of the '903 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

22. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Seventh Counterclaim

23. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

24. The claims of the '761 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

25. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Eighth Counterclaim

26. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

27. The claims of the '234 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

28. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Ninth Counterclaim

29. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

30. The claims of the '159 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

31. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### Tenth Counterclaim

32. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

33. The claims of the '444 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

34. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its FIRST AMENDED COMPLAINT with knowledge of the facts stated in this Counterclaim.

### PRAYER FOR RELIEF

WHEREFORE, Charter respectfully requests that this Court order judgment in its favor on each and every Counterclaim set forth above, and award it relief including, but not limited to, the following:

(a) Dismissal of all of Rembrandt's claims against Charter with prejudice;

(b) Entry of judgment declaring that the claims of the '903, '761, '234, '159, and '444 patents are not infringed by Charter;

(c) Entry of judgment declaring that the claims of the '903, '761, '234, '159, and '444 patents are invalid;

(d) An injunction permanently enjoining Rembrandt and its officers, agents, servants, attorneys, and all persons in active concert or participation with them, from

        bringing or threatening to bring any suit or charge against Charter relating to alleged infringement of the '903, '761, '234, '159, and '444 patents;

(e)    A declaration that this action is an exceptional case under 35 U.S.C. § 285 and an award to Charter of its attorneys' fees incurred in defending this action; and

(f)    Such other and further relief as this Court may deem just and proper under the circumstances.

Dated: January 23, 2007

Respectfully submitted,

CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS OPERATING, LLC


By: */s/ Michael E. Jones*
Bradford P. Lyerla, *Attorney in Charge*
Email: blyerla@marshallip.com
Kevin D. Hogg
Email: khogg@marshallip.com
William J. Kramer
Email: wkramer@marshallip.com
Charles E. Juister
Email: cjuister@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Michael E. Jones
State Bar No. 10929400
POTTER MINTON, PC
110 North College
500 Plaza Tower
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
Email: mikejones@potterminton.com

Attorneys for Defendants,
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS OPERATING, LLC

10

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via the Court's CM/ECF Filing System or via first class mail to each attorney/party of record on January 23, 2007.

                                                          */s/ Michael E. Jones*