IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP    )<br>)<br>*Plaintiff*       )<br>)<br>v.                             )<br>)<br>)<br>CHARTER COMMUNICATIONS, INC.,  )<br>CHARTER COMMUNICATIONS         )<br>OPERATING, LLC and COXCOM, INC. )<br>)<br>*Defendants*      ) | Case No. 2:06CV-507-TJW<br><br>**JURY TRIAL REQUESTED** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION
TO COXCOM, INC.'S MOTION TO DISMISS**

I.  **Federal Circuit Law Does Not Support CoxCom's Strained Interpretation of the First-To-File Rule**

The parties agree that Federal Circuit law controls whether the first-to-file rule applies to this case. Furthermore, Rembrandt agrees that the question of whether the first-to-file rule applies only when the same parties and the same patents are involved was not presented in *Laboratory Corporation*. That case, like every other case in which the Federal Circuit has held the first-to-file rule applied, and unlike this case, in fact involved the same parties and ***the same patents***.[1] The only court to squarely address the question presented here, where the two cases do *not* involve the same patents, has held that, under Federal Circuit law, the first-to-file rule does not apply.

In that case, *Thales Airborne Systems S.A. v. Universal Avionics Systems Corp.*, Thales Airborne Systems S.A. and Thales Avionics S.A. (collectively, "Thales") sued Universal Avionics Systems Corporation ("Universal") in the District of Delaware on December 12, 2005.[2] Thales alleged infringement of two of its patents relating to its terrain awareness and warning systems ("TAWS"). An hour later on that same day Universal sued Thales in the District of New Jersey, seeking a declaratory judgment of invalidity and non-infringement of these same two patents and of two additional patents that related to the TAWS technology but that "arguably involve different aspects of this broad category of technology than do the" two patents that Thales asserted.[3] The Delaware court granted-in-part and denied-in-part Thales's motion to enjoin the New Jersey action: the court enjoined Universal's proceeding with the New Jersey action as to the same two patents Thales had asserted but refused to enjoin Universal's proceeding as to the other two

---

[1] *Laboratory Corporation of America Holdings v. Chiron Corp.,* 384 F.3d 1326, 1328 (Fed. Cir. 2004).

[2] 2006 WL 1749399 (D. Del.) (slip).

[3] *Id.* at *4.

patents. In its analysis concerning Thales's motion for an injunction, the court stated the following:

> The parties spend much of their briefs arguing over whether the first-filed rule applies to actions filed within hours of one another, while comparatively little argument is made over **whether the first-filed rule applies when the second action involves additional patents**....Plaintiffs cite several cases for the proposition that only the same general subject matter between the two actions is needed if additional claims are raised in a subsequently-filed action. None of the cases cited are Federal Circuit patent cases, however, and while the Federal Circuit has a strong preference for adhering to the first-filed rule, its application seems **limited to actions "involving the same patents."** *Laboratory Corporation,* 384 F.3d at 1328.[4]

*Thales* was decided by the District of Delaware and is the prevailing law in that district on this point. *See also APV North America, Inc. v. Sig Simonazzi North America, Inc.,* 295 F.Supp.2d 393, 398 (D. Del. 2002) (holding, where first-filed action involved five patents and second-filed action involved same five patents and, in addition, claims relating to four other patents involving related technology, that the two actions were "not the same" and that therefore "the first-filed rule is inapplicable to this case"). In other words, *even the Delaware court which CoxCom wants to hear this case does not consider the Delaware Action to be the "first-filed" case.* Despite Rembrandt's emphasizing this point in its opposition, CoxCom's reply brief simply ignores this issue and does not address *Thales* at all.

## II. This Action And The Delaware Action Do Not Substantially Overlap

Even if this Court disagrees with the *Thales* court's interpretation of *Laboratory Corporation*, this action and the Delaware Action do not substantially overlap. The lawsuit Rembrandt filed in this Court on November 30, 2006 asserted that CoxCom and two other companies infringed four of Rembrandt's patents. The lawsuit CoxCom filed against Rembrandt four hours earlier involved only a fifth patent, the '903 patent, that was not originally asserted in

---

[4] *Id.* (emphasis added).

this action and that Rembrandt voluntarily added to this suit the next day. The '903 patent has different inventors, a different specification, and expressly teaches different technology:

| Patent / Inventors | Title | Filed / Issued | Abstract |
|---|---|---|---|
| 5,008,903<br><br>• William Betts<br>• James DesRosiers | Adaptive transmit pre-emphasis for digital modem computed from noise spectrum | May 25, 1989<br>April 16, 1991 | An apparatus and method calculates pre-emphasis coefficients for a transmitting modem based upon the noise spectrum as it is received at the receiving modem…. |
| 5,710,761<br><br>• Robert Scott | Error Control negotiation based on modulation | May 31, 1995<br>Jan. 20, 1998 | A modem dynamically selects the type of error-control negotiation sequence as a function of a negotiated parameter of the physical layer. In one embodiment of the invention, a modem selects between error-control negotiation sequences as a function of the type of modulation negotiated in the physical layer…. |
| 5,778,234<br><br>• Gideon Hecht<br>• Kurt Holmquist<br>• Donald Snoll | Method for downloading programs | July 24, 1997<br>July 7, 1998 | A modified version of the operating communication program of a stored program controlled apparatus is downloaded by first downloading a segment of the new package of programs which contains the essential portion of the new programs…. |
| 6,131,159<br><br>• Gideon Hecht<br>• Kurt Holmquist<br>• Donald Snoll | System for downloading programs | May 8, 1992<br>Oct. 10, 2000 | A modified version of the operating communication program of a stored program controlled apparatus is installed with the aid of a downloadable start address specification means, optionally realized with an EEPROM memory…. |
| 6,950,444<br><br>• Kurt Holmquist<br>• Joseph Chapman | System and method for a robust preamble and transmission delimiting in a switched-carrier transceiver | Aug. 11, 2000<br>Sep. 27, 2005 | A method and system for robust delimiting of transmitted messages in switched-carrier operation in which a preamble precedes each communication message with the preamble comprising symbols transmitted at a rate lower than that of the following data…. |

737774v1/9750                    3

The only relationship between the '903 patent and the four patents that Rembrandt originally decided to include in this lawsuit is that, as CoxCom put it, they all involve "the same accused activity (providing high-speed internet services)."[5] The mere fact that the '903 patent and the four patents that motivated this lawsuit all relate to "high-speed internet services" is insufficient to establish "substantial overlap."[6]

Indeed, CoxCom's argument to the contrary is self-defeating. If such an attenuated link were sufficient to establish substantial overlap, then Civil Action No. 06CV223-TJW (hereinafter the "06cv223 action"), which Rembrandt filed against CoxCom and others in this district on June 1, 2006, is the "first-filed" action to both this case and the Delaware Action. The 06cv223 case involves three patents that are infringed by "high-speed internet services."[7] Under CoxCom's strained interpretation of "substantial overlap," which no court has ever adopted, the 06cv223 case is "first-filed."

## III. Judicial Economy Will Be *Dis*served By The Dismissal Of This Action

With respect to the first-to-file rule, the Federal Circuit has expressly "cautioned ***against*** rigid mechanical solutions to questions of forum, stressing the importance of conservation of judicial resources and the comprehensive disposition of litigation."[8] Instead, it has stated the general rule as follows:

---

[5] Reply at 4.

[6] *See, e.g.*, *APV North America, Inc. v. Sig Simonazzi North America, Inc.*, 295 F.Supp.2d 393, 397 (D. Del. 2002) ("In this case, however, the addition of the APV patents not only involves claims not asserted in Texas, but it also involves facts not involved in the Texas action. Specifically, the additional APV patents involve the entire structure of a bakery conveyor, while the Sig Simonazzi patents deal more specifically with the magnetic grids for holding the baking pans to the conveyor. Thus, while the inventions are not entirely unrelated, they do involve different technologies and thus, different facts.").

[7] 06cv223 Complaint at 23, 29 and 35.

[8] *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) (internal citations and quotations omitted and emphasis added).

> The general rule favors the forum of the first-filed action, whether or not it is a declaratory action. *Exceptions*, however, *are not rare*, and are made when justice or expediency requires, as in any issue of choice of forum.[9]

That same emphasis on substance over form is what motivated Judge Folsom's opinion in *Visto*. Although two of Visto's six other cases had been pending in this district for two years when the case before Judge Folsom was filed, that fact is not what drove Judge Folsom's decision—indeed, *none* of those other six cases were pending before Judge Folsom. Instead, *Visto* stands for precisely the point that Rembrandt is making in this case: if one accepts CoxCom's strained interpretation of the first-to-file rule, then CoxCom has not and cannot show that this action "substantially overlaps" with the Delaware Action any more than it overlaps with the other, earlier-filed actions involving Rembrandt in this district:

> Here, however, Visto has filed several actions. The Court finds that this fact makes the arguments associated with the "first-to-file" rule far less persuasive, if not inapplicable, in this case. ***The primary reason for this conclusion is that the Eastern District of Texas has a number of cases pending which involve both Visto and at least some of the patents in this case.*** Microsoft, however, makes no argument that all of these cases were filed after the *Visto v. Sproqit* action in California. In fact, two of the Eastern District of Texas cases, *Visto v. Seven Networks* and *Visto v. Infowave*, were filed well in advance of *Visto v. Sproqit*. The former involves two of the same three patents before the Court in this action. Thus, <u>**Microsoft has not adequately demonstrated that the current action "substantially overlaps" with the California case any more than the other actions involving Visto in this district.**</u> Consequently, the "first-to-file" rule and any possible overlap carry little weight in the current case and certainly do not mandate transfer.[10]

*Visto* is thus directly on point. Indeed, the facts in this case are even more compelling in Rembrandt's favor: *all* of Rembrandt's other cases in this district are pending before this same Court and not another judge. Dismissing this case and forcing Rembrandt to refile in Delaware— where *none* of the four patents that motivated this action are in suit—will needlessly require that

---

[9] *Id.* at 937 (emphasis added).

[10] *Visto v. Microsoft*, No. 2:05CV546-DF at *5-6 (E.D. Tex. Sept. 27, 2006) (emphasis added).

court to replicate exactly the same work which this Court will already be doing in the 06cv369 case, which was filed over two months before the Delaware Action and which involves *the same five patents*. That is the opposite of judicial economy.

IV. *Laboratory Corporation* **Did Not Hold That The First-Filed Rule Necessarily Applies When Two Actions Are Filed On The Same Day**

CoxCom implies that *Laboratory Corporation* addressed the question of whether the first-filed rule applies when two actions are filed on the same day. It did not. *Laboratory Corporation* involved a declaratory judgment action filed in Delaware and a patent infringement action involving the *same* patents filed four hours later in California. The Delaware court denied the defendant's motion to dismiss, stay or transfer and granted the plaintiff's motion to enjoin the California action. The defendant appealed the order granting the injunction but "did not appeal the denial of its motion to dismiss, stay or transfer the Delaware action."[11]

The Federal Circuit affirmed the district court's order granting the injunction. In doing so, it apparently agreed with the appellant's argument that it "need not reach th[e] issue" of whether the district court should have departed from the first-filed rule because that issue was "not appealable."[12] Accordingly, nothing in the Federal Circuit's decision deals with the issue of whether the first-filed rule applies when two actions are filed on the same day. Instead, the Federal Circuit simply affirmed the injunction because the appellant failed to identify any abuse of discretion in the district court's decision to grant it:

> Chiron fails to point out a clear error of judgment, error of law, or clearly erroneous factual finding underlying the district court's decision to enjoin the California action . . . . ***District courts are granted broad latitude in managing the cases before them.*** We decline to find an abuse of discretion when the district court

---

[11] *Laboratory Corporation*, 384 F.3d at 1332.

[12] Appellee's Brief, 2003 WL 24305495 (Fed. Cir.) at *21.

737774v1/9750

6

made an informed determination as to how it would manage the litigation pending before it based on sound reasoning and identified facts.[13]

*Laboratory Corporation* does not stand for the proposition that a district court must rigidly follow the first-to-file rule, as CoxCom suggests, even when the two cases are filed the same day. On the contrary, the Federal Circuit's decision emphasized the *broad latitude* that district courts are afforded in managing the cases before them. What is more, CoxCom's assertion that "[e]ach of the cases cited by Rembrandt precede *Lab. Corp. of Am. Holdings*" is simply false: two of the district court opinions Rembrandt cited were decided after *Laboratory Corporation*.[14] And at least one of the cases cited by CoxCom itself, *800-FLOWERS, Inc. v. Intercontinental Florist, Inc.*, expressly espouses the same principle that Rembrandt urges here:

> It is well established that district courts need not slavishly adhere to the first filed rule, and that where circumstances dictate, great significance should not be placed upon the dates the actions were filed. As the eminent Judge Weinfeld noted, "the courts should be concerned with what the interests of justice require and not with who won the race."[15]

The Federal Circuit has never adopted the "rigid" view of the first-to-file rule espoused by CoxCom, either in *Laboratory Corporation* or in any other case. The principles discussed in the cases Rembrandt cited—and in *800-FLOWERS*—are more consistent with the "broad latitude" the Federal Circuit has expressly stated district courts have to manage their dockets. Although, for the reasons previously discussed, Rembrandt believes the first-to-file rule does not apply to this action

---

[13] *Laboratory Corporation*, 384 F.3d at 1332-33 (emphasis added).

[14] *See F.D.I.C. v. Bank of New York*, --- F.Supp.2d ----, 2007 WL 273481 at *10 (D.D.C.) ("the interests of justice...clearly militate against application of the first-filed rule when, as here, the time period between the filing of the two suits is only a matter of hours"); *Lockheed Martin Corp. v. L-3 Communications Corp.*, 405 F.Supp.2d 1381, 1383 (N.D. Ga. 2005) ("This court recognizes that the first-filed rule should not be mechanically applied, especially in light of the fact that the two actions at issue here were filed on the same date, merely hours apart. Thus, it would be appropriate to depart from the general rule if there is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action.").

[15] *800-FLOWERS, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 , 133 (S.D.N.Y. 1994) (internal citations omitted), cited by CoxCom at MTD 8.

at all, this Court should follow the *Ontel* line of cases[16] and disregard the first-to-file rule here, where there were virtually simultaneous filings.

V.  **CoxCom Has Made No Showing That Venue Is Inappropriate In This District**

CoxCom bears the burden of establishing that Rembrandt's choice of venue should be disturbed.[17] The private and public factors that are weighed in making this determination are well known and include, *inter alia*, the "relative ease of access to sources of proof," the "availability of the compulsory process to secure witnesses' attendance," the "willing witnesses' cost of attendance," and "the forum's familiarity with the governing law."[18] While CoxCom has mentioned transfer as an alternative to the dismissal it seeks under the first-to-file rule, it has failed to demonstrate or even discuss the balance of the relevant private and public factors with respect to venue—instead, it has focused exclusively on its argument that this case should be dismissed under the "first-to-file" rule.

Plaintiffs have a "well-established" right to choose a forum, which choice should not be disturbed "unless the balance is strongly in favor of the defendant."[19] Here, CoxCom has failed to make any showing at all, and so it certainly has failed to show that the balance is strongly in its favor. CoxCom's summary request to transfer this case must be denied.

---

[16] *Ontel Products, Inv. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1153 (S.D.N.Y. 1995) (noting that the first-to-file rule "is usually disregarded where the competing suits were filed merely days apart" and holding that, where "the lawsuits were both filed on the *same* day, the first-filed rule is inapplicable") (*citing Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir.1978) (emphasis in original).

[17] *Symbol Technologies, Inc. v. Metrologic Instruments, Inc.*, 450 F.Supp.2d 676, 678 (E.D. Tex. 2006).

[18] *FCI USA, Inc. v. Tyco Electronics Corp.*, 2006 WL 2062426 at *1 (E.D. Tex.).

[19] *Paltalk Holdings, Inc. v. Microsoft Corporation*, 2:06-cv-367-DF, Order of Feb. 5, 2007 at 3, *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

## VI. There Is No "Business Decision" Exception To Personal Jurisdiction

In claiming that this court has no jurisdiction over it, CoxCom simply ignores that there is no dispute that it committed acts in Texas that Rembrandt alleges infringed its patents. As even CoxCom admits, "CoxCom historically provided internet service in Texas."[20] Rembrandt's opposition emphasized that CoxCom cannot simply walk away from personal jurisdiction in Texas because it made a "business decision." Specifically, the law is clear that "one cannot defeat personal jurisdiction by a move away from the state in which the underlying events took place."[21] ***CoxCom has failed to cite any authority to the contrary***—its reply simply ignores this point and blindly asserts that "CoxCom's actions in Texas…have been <u>intentionally discontinued</u>."[22] But that assertion is irrelevant: under the uncontested precedent CoxCom cannot defeat personal jurisdiction by simply moving away from the site of its prior infringing activities. To hold otherwise is to hold that a party can commit any tort in Texas, but avoid being sued here simply by making a decision never to thereafter return to Texas. That clearly is not the law.

Finally, in its opposition Rembrandt noted that the *USA Video* case is distinguishable because in that case Cox represented that ***neither it nor any of its affiliates had ever offered video-on-demand services in Texas***, the basis for the alleged patent infringement.[23] Notably, Cox admitted that "using the accused video-on-demand services within Texas could show that Cox purposefully directed its actions toward Texas residents."[24] Here, in contrast, CoxCom ***admits***

---

[20] Mot. at 9.

[21] *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987).

[22] Reply at 6 (emphasis in original).

[23] USA Video Motion at 9, Nagy Aff. ¶11, Exh. J.

[24] *Id.*

that it "provided internet service in Texas."[25] But CoxCom's reply simply ignores this glaring distinction between *USA Video* and this case. Instead, CoxCom limits its reply on this issue to a discussion of why its Dallas POP node is insufficient to establish specific personal jurisdiction. But that argument is a straw man: Rembrandt has never relied on the POP node to establish specific personal jurisdiction. Instead, Rembrandt consistently has relied on the contacts CoxCom has chosen to ignore in its personal jurisdiction briefing: the undisputed fact that "CoxCom historically provided internet service in Texas,"[26] the alleged acts of infringement in this lawsuit. CoxCom has failed to cite any authority to support its suggestion that its having "intentionally discontinued" this infringing activity somehow makes it immune from personal jurisdiction in Texas. Rembrandt's contention that its allegations are more than sufficient to establish specific personal jurisdiction therefore stand uncontroverted.[27]

## VII. Conclusion

CoxCom has failed to identify a single authority that supports its strained application of the first-to-file rule to this case. Similarly, CoxCom's reply leaves Rembrandt's assertion that there is no "business decision" exception to personal jurisdiction uncontroverted, so that CoxCom's admittedly having "historically provided internet service in Texas"[28] definitively establishes specific personal jurisdiction in this matter. The motion to dismiss should be denied.

---

[25] Mot. at 9.

[26] *Id.*

[27] *Beverly Hills Fan Co.,* 21 F.3d at 1565, *citing Burger King,* 471 U.S. at 472-73.

[28] Mot. at 9.

Dated: March 8, 2007.                    Respectfully submitted,

                By: /s/ Tibor L. Nagy
                Max L. Tribble, Jr., Lead Attorney
                State Bar No. 20213950
                Email: mtribble@susmangodfrey.com
                Tibor L. Nagy
                State Bar 24041562
                Email: tnagy@susmangodfrey.com
                Edgar Sargent
                WA State Bar No. 28283
                Email: esargent@susmangodfrey.com
                Brooke A.M. Taylor
                WA State Bar No. 33190
                Email: btaylor@susmangodfrey.com
            **SUSMAN GODFREY L.L.P.**
            1000 Louisiana Street, Suite 5100
            Houston, TX 77002
            Telephone: (713) 651-9366
            Facsimile: (713) 654-6666

            Charles Ainsworth
            charley@pbatyler.com
            Robert Christopher Bunt
            rcbunt@pbatyler.com
            Robert M Parker
            rmparker@pbatyler.com
            **PARKER BUNT & AINSWORTH**
            100 E Ferguson, Suite 1114
            Tyler, TX 75702
            Telephone (903) 531-3535
            Facsimile (903) 533-9687

            Sidney Calvin Capshaw, III
            ccapshaw@mailbmc.com
            Elizabeth L DeRieux
            ederieux@mailbmc.com
            Andrew Wesley Spangler
            aspangler@mailbmc.com
            **BROWN MCCARROLL - LONGVIEW**
            1127 Judson Rd., Ste 220
            PO Box 3999
            Longview, TX 75606-3999
            Telephone (903) 236-9800

Facsimile (903) 236-8787

Otis W Carroll, Jr
Fedserv@icklaw.com
James Patrick Kelley
patkelley@icklaw.com
Collin Michael Maloney
fedserv@icklaw.com
**IRELAND CARROLL & KELLEY**
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone (903) 561-1600
Facsimile (903) 581-1071

Franklin Jones, Jr
**JONES & JONES - MARSHALL**
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
9039383360 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. *See* Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(b) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by e-mail on this the 8th day of March, 2007.

/s/ Tibor L. Nagy
Tibor L. Nagy